℀JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Melinda Ellis

**DEFENDANTS**

Alessi & Koenig

**(b)** County of Residence of First Listed Plaintiff    Washoe
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Clark
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Curtis B. Coulter Esq.
403 Hill Street Reno NV 89501

Attorneys (If Known)

Alessi & Bayard
20955 Pathfinder Road #100 Diamond Bar CA 91765

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☒ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☒ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1331

Brief description of cause:
FDCPA

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE

DOCKET NUMBER

DATE
8/3/09

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

1   Thomas J. Bayard (CA SBN 226247)
    Email: tjb@alessibayard.com
2   Michael Fostakowsky (CA SBN 258649)
3   Email: mrf@alessibayard.com
    **Attorneys will comply with L-R IA 10-2 within 30 days from filing**
4   ALESSI & BAYARD
    20955 Pathfinder Road, Suite 100
5   Diamond Bar, California 91765
6   Phone: (909) 843-6590 / Fax: (877) 877-6530
    Attorney for Defendants
7
8   Robert A. Koenig (NV SBN 3203)
    ALESSI & KOENIG
9   9500 W. Flamingo, Suite 100
    Las Vegas, Nevada 89147
10  Phone: (702) 222-4033
11  Fax:    (702) 254-9044
    Attorney for Defendants

12

13

UNITED STATES FEDERAL DISTRICT COURT

FOR THE DISTRICT OF NEVADA - NORTHERN DIVISION

14

| | |
|---|---|
| 15  MELINDA ELLIS, individually and on behalf of all others similarly situated | WASHOE COUNTY CASE NO: CV08-01320 |
| 16 | |
| 17           Plaintiff, | |
| 18  vs. | |
| 19  ALESSI TRUSTEE CORPORATION; DAVID ANTHONY ALESSI; and ALESSI & KOENIG, | **NOTICE OF REMOVAL** |
| 20  LLC.; and DOES I through XX, | |
| 21           Defendant(s). | |
| 22  ARROWCREEK HOMEOWNERS ASSOCIATION; ASSOCIATED MANAGEMENT, | |
| 23  INC.;ALESSI TRUSTEE CORPORATION; ALESSI & KOENIG, LLC, | |
| 24 | |
| 25           Counterclaimants, | |
| 26  vs. | |
| 27  MELINDA ELLIS, and DOES I through XX, | |
| 28           Counter-Defendant(s). | |

## NOTICE OF REMOVAL

COME NOW, Defendant ALESSI & KOENIG, LLC by its attorneys Alessi & Bayard and hereby removes this case to the United States District Court for the District of Nevada, Northern Division. The grounds for removal are as follows:

### I.

### Procedural Statement

1.     Plaintiff Melinda Ellis,("Plaintiff") commenced a civil action, *Ellis v. Arrowcreek, et. al.*, Case No. CV08-01320,in the District Court for the State of Nevada, Washoe County, on May 21, 2008 ("State Court Action").

2.     Removing Defendant, Alessi & Koenig, LLC, ("AK") was not named as a Defendant in this first complaint filed in the State Court Action.

3.     On or about July 14, 2009, Plaintiff filed a First Amended Complaint ("FAC"), naming Removing Defendant, Alessi & Koenig for the first time.  Plaintiff's FAC asserts, *inter alia*, claims for alleged violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §1692 and also is seeking class certification based on these and other alleged violations.

//

//

//

//

//

2

4.      Defendant AK has attached to this Notice as **Exhibit "1"** a true and correct copy of the Summons and First Amended Complaint for the State Court Action. A stamp indicating the date and time of filing is present on the first page of the First Amended Complaint. This FAC was served on the Removing Defendant on or about July 15, 2009.   Defendant has received no other process, order, or pleading.

5.      As of the date of this removal, Defendant has not responded to the Complaint.

6.      Venue lies in the Northern Division of the Nevada  District pursuant to 28 U.S.C. § 1441(a), because that District and Division includes Washoe county, Nevada.

7.      Thirty days have not expired from the date Removing Defendant received service of the Summons and First Amended Complaint in the State Court Action. All other named Defendants are filing consent to this removal concurrently herewith.

8.      Removing Defendant is filing a copy of this Notice of Removal with the clerk of the Washoe County Court and serving a copy on Plaintiff, as required by 28 U.S.C. § 1446(d).

**II.**

**Original Jurisdiction Based on Federal Question Jurisdiction**

9.      This Court has original jurisdiction over the subject matter of the State Court Action under 28 U.S.C. § 1331, as the First Amended Complaint presents a federal question.

3

10.     In particular, in Count II of the First Amended Complaint, Plaintiff alleges a claim under 15 U.S.C. § 1692, *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"). See FAC Complaint ¶¶ 53-74. Such a claim is subject to removal. *See generally*, *Philbin v. Trans Union Corp.*, 101 F.3d 957 (3d Cir.1996); *Lockard v. Equifax, Inc.*, 163 F.3d 1259 (11th Cir.1998); *Barnhill v. Bank of America, N.A.*, 378 F.Supp.2d 696 (D.S.C.2005)

11.     Removal is also proper under the Class Action Fairness Act of 2005,  28 USC §1453.

WHEREFORE, Defendant requests that the State Court Action be removed from the Washoe County  Court and into this Court.

Dated this 2nd day of August, 2009.


                              **ALESSI & BAYARD,**

                              Thomas J. Bayard
                              Attorneys for Defendant

4

1

## **AFFIRMATION**

2

The below signed hereby affirms pursuant to NRS 239B.030, that the above document does not

3

contain the social security number of any person.

4

5

DATED this 2nd day of August, 2009.

6

7

**ALESSI & BAYARD,**

8

9

Thomas J. Bayard
Attorney for Defendant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

# EXHIBIT 1

CODE: 1090
Curtis B. Coulter, Esq.
Nevada State Bar No. 3034
Law Offices of Curtis B. Coulter, P.C.
403 Hill Street
Reno, Nevada, 89501
P: 775 324 3380
F: 775 324 3381

Matthew L. Sharp, Esq.
Nevada State Bar No. 4746
Matthew L. Sharp, Ltd.
419 Flint Street
Reno, Nevada 89501
P: 775 324 1500
F: 775 323 6249

*Attorneys for Plaintiff*

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

MELINDA ELLIS, Individually and On Behalf of
Herself and All Others Similarly Situated,

        Plaintiff,

        v.

ALESSI TRUSTEE CORPORATION, DAVID ANTHONY ALESSI, and ALESSI & KOENIG, LLC., and DOES I through XX,

        Defendants.

Case No.:  CV08 01320

Dept. No.: B6

## **FIRST AMENDED COMPLAINT-CLASS ACTION**

COMES NOW Melinda Ellis and All Others Similarly Situated by and through

her counsel, The Law Offices of Curtis B. Coulter, P.C., and Matthew L. Sharp, Ltd.

and alleges and complain as follows:

Law Offices of
Curtis B. Coulter
403 Hill Street
Reno, NV 89501
(775) 324-3380
FAX (775) 324-3381

- 1 -

# I.

## BREACH OF FIDUCIARY DUTY

1.  Melinda Ellis at all relevant times is a resident of Washoe County.

2.  At all relevant times Alessi Trustee Corporation ("ATC") is believed to be a domestic corporation.

3.  Defendant, David Anthony Alessi ("Alessi") is believed to be a resident of the State of Nevada.

4.  Alessi & Koenig, LLC. ("A&K") is domestic Limited-Liability Company, the principal purpose of business is the collection of debt.

5.  A&K operates a debt collection agency from its principal place of business in Nevada and regularly collects or attempts to collect debts allegedly owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

6.  A&K is the successor entity to ATC.

7.  Defendant, Alessi is the alter ego of A&K and ATC.

8.  The Defendants and each of them are agents of the others for the acts alleged herein.

9.  The Defendants and each of them have ratified the acts of the others as alleged therein.

10. Defendant, Alessi is the agent of Defendant ATC.

11. Defendant, Alessi is the agent of A&K.

12. At all relevant times Defendant Alessi acted individually and as the agent of the remaining Defendants and was acting within the course and scope of his agency.

13. Melinda Ellis ("Ellis") owns certain real property located in the Arrowcreek

Law Offices of
Curtis B. Coulter
403 Hill Street
Reno, NV 89501
(775) 324-3380
FAX (775) 324-3381

subdivision, Washoe County Nevada.  Said property includes, but is not limited to, a residence located at 1200 Broken Feather Court, APN 152-451-05.  Ellis became delinquent in owing association dues to her Homeowner's Association, Arrowcreek Homeowner's Association ("AHOA").  Said dues accrued during calendar years 2007 and 2008.

14. At all relevant times, ATC is not a licensed debt collector or debt collection agency in the State of Nevada.

15. Defendants and each of them, individually or on behalf of any other Defendants engaged in activity to collect debt for a Homeowner's Association located in Washoe County, Nevada.

16. ATC and Alessi created a kickback scheme in which Community Managers for Homeowner's Association were paid for assigning debt collections to ATC.  The kickback was allowed under Chapter 116 of the Nevada Revised Statutes.

17. The above kickback scheme continues to this date.

18. Pursuant to NRS 116.31185, Defendants and each of them, provide money as consideration for collection matters to be referred to one or more of the Defendants.

19. The Defendants and each of them claim that the "kickback", which is disguised as an "audit fee" and that it is due by the Plaintiff and others similarly situated.

20. NRS 116.31185 prohibits a kickback or gratuity to exceed the sum of $100.00 per year.

21. The Defendants and each of them know that the "kickback" or audit fee is not a debt owed by the Plaintiff or others similarly situated.

Law Offices of
Curtis B. Coulter
403 Hill Street
Reno, NV 89501
(775) 324-3380
FAX (775) 324-3381

– 3 –

22.    The Defendants and each of them have violated the provisions of NRS 116.31185, those violations include, but are not limited to, soliciting or accepting compensation, gratuity or other re-numeration that improperly influences to appear to a reasonable person to improperly influence the decisions made by a Community Manager or would result or would appear to a reasonable person to result in a conflict of interest.

23.    The kickback scam existed at all times relevant to this action and continues to be used by Alessi and A&K as an incentive to Community Managers to refer collection matters to A&K. A&K then includes the kickback as an expense in debt collection actions against the property owner.

24.    Alessi owes Plaintiff a fiduciary duty in collecting debt allegedly due Homeowner's Association.

25.    ATC owes Plaintiff a fiduciary duty in collecting debt from the Plaintiff and others similarly situated, where said debt purportedly originates from dues or fees owed by Plaintiff and putative's class to their Homeowner's Association.

26.    The excessive charges from ATC and A&K include, but are not limited to, the kickback fee described above but also include, other unreasonable and excessive charges for preparation of form documents, letters, periodic payment, charges, etc.

27.    The Defendants and each of them have breached their fiduciary duty to the Plaintiff and putative class whom all have suffered damages as a result of the kickback scheme described above.

28.    The Plaintiff is representative of other members of the Class who have incurred charges from Alessi, ATC and/or A&K which include, but are not

Law Offices of
Curtis B. Coulter
403 Hill Street
Reno, NV 89501
(775) 324-3380
FAX (775) 324-3381

limited to, the kickback scam described above and other charges that are unreasonable, excessive and/or illegal as described herein.

29.   The conduct of the Defendants and each of them has occurred within the State of Nevada.

30.   The Defendants charge unreasonable, unnecessary and/or illegal charges as part of their debt collection activities to the Plaintiff and others similarly situated. Those charges include, but are not limited to, charges for form documents, audit fees, and "payment plan" charges.

31.   The Defendants knew or should have known that monthly assessment fees for periodic payments under a "payment plan" are not authorized pursuant to Nevada law, Chapter 616 of the Nevada Revised Statutes.

32.   Defendants and each of them have breached their fiduciary duty to the Plaintiff and others similarly situated by not protecting the Plaintiff and others similarly situated from the excessive charges and, wrongful conduct alleged herein.

33.   The Defendants and each of them have repetitively engaged in the same or similar conduct and/or ratified the same or similar conduct of asserting liens and/or demands for debt payment in excess of the amount due as alleged herein.

34.   As part of the plan and practice on the part of the Defendants and each of them, Plaintiff and others similarly situated have made payments above and beyond the sum due their Homeowner's Association.

35.   As a direct and proximate result of the conduct of the Defendants', Plaintiff has incurred attorney's fees and costs.

36.   The Defendants' conduct and each of them has occurred with a wanton

Law Offices of
Curtis B. Coulter
403 Hill Street
Reno, NV 89501
(775) 324-3380
FAX (775) 324-3381

and willful disregard of the Plaintiff's rights and the rights of other similarly situated, said conduct is sufficient to justify the imposition of punitive damages pursuant to Nevada law against the Defendants and each of them.

37.  The conduct of the Defendants and each of them constitutes fraud, malice and oppression as defined by Nevada law.

38.  Defendant, Alessi is the individual that directed the conduct of the entities identified and described herein.

39.  ATC is a "collection agency" as defined by NRS 649.020(3).

40.  Defendant, A&K is a "collection agency" as defined by NRS 649.020(3).

41.  Defendant, ATC is not and has not, at any relevant time been a licensed "collection agency" within the State of Nevada.

42.  Defendant, A&K is not and has not, at any relevant time been a licensed "collection agency" within the State of Nevada.

43.  Defendant, Alessi is not and has not, at any relevant time been an attorney licensed to practice law in the State of Nevada.

44.  Defendant, ATC is not and has not, at any relevant time been a law firm licensed to practice law in the State of Nevada.

45.  Defendant, Alessi has at relevant times and/or is performing acts associated with the foreclosure of a lien on real property belonging to Plaintiff and others similarly situated.

46.  Defendant, Alessi is practicing law in the State of Nevada in violation of NRS 7.045.

47.  Defendant, ATC has charged Plaintiff and others similarly situated with "attorney's fees" as part of its debt collection activities.

Law Offices of
Curtis B. Coulter
403 Hill Street
Reno, NV 89501
(775) 324-3380
FAX (775) 324-3381

- 6 -

48.   Defendant, ATC has at relevant times performed acts associated with the foreclosure of liens on real property located within the State of Nevada including, the property belonging to Plaintiff in Washoe County and property belonging to others similarly situated.

49.   Defendant, ATC, at relevant times has routinely attempted to collect debt or payment of sums allegedly due or owing to Homeowner's Associations located in Washoe County, Nevada.  Those debts include debts allegedly due by Plaintiff and others similarly situated.

50.   In attempting to collect debt, ATC knowingly violated and A&K knowingly violates an alleged debt NRS 649.020, whenever, directly or indirectly at attempt was made to collect the payment asserted to be owed to a Homeowner's Association.

51.   As a direct and proximate result of the conduct of the Defendants' and each of them, Plaintiff and others similarly situated have suffered damages in an amount to be proved at trial but in excess of $10,000.

52.   The Defendants and each of them know that an additional fine is charged by ATC and A&K on collection matters where a "payment plan" is implemented.  The additional sum constitutes a fine which is prohibited pursuant to NRS 116A.   The additional sum is disguised as an "administrative fee", and has been charged to Plaintiff and others similarly situated.

## II.
## SECOND CAUSE OF ACTION
### (Unfair Debt Collection Practices)

53.   Plaintiff hereby reincorporates the previous and following allegations set forth in this Complaint as though set forth in full in this Cause of

Law Offices of
Curtis B. Coulter
403 Hill Street
Reno, NV 89501
(775) 324-3380
FAX (775) 324-3381

Action.

54. Defendants, ATC, A&K and Alessi at all relevant times acted as a debt collection agency and/or a debt collector on behalf of the remaining Defendants.

55. In acting as a debt collection agency Defendants did not make the disclosure required in 15 U.S.C. § 1692, in an attempt to collect a debt from the Plaintiff and others similarly situated.

56. Defendants and each of them attempted to collect a debt from the Plaintiff and others similarly situated.

57. One or more of the Defendants have made a demand for payment from the Plaintiff and others similarly situated in a manner substantively similar to **Exhibit 1**.

58. Defendants' letter, **Exhibit 1**, threatened additional debt collection activity if Plaintiff failed to satisfy Defendants' demand on or before a specified date.

59. Defendants' demand necessarily required Plaintiff to forego her statutory right to challenge the debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692(g). *Terain v. Kaplan*, 109 F.3d 1428, 1434 (9th Cir. 1997).

60. **Exhibit 1**, violates FDCPA, 15 U.S.C. 1692(g)(a)(4) in that it fails to advise the consumer (Plaintiff and others similarly situated) that she/they must dispute the debt in writing in order to preserve their rights. *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 742-44 (N. D. Ill. 2003).

Law Offices of
Curtis B. Coulter
403 Hill Street
Reno, NV 89501
(775) 324-3380
FAX (775) 324-3381

- 8 -

61.  **Exhibit 1**, also reflects unexplained debt balances in violation of FDCPA, 15 U.S.C. § 1692(g)(a)(1).  *Miller v. McCalla, Raymer, Pedrick, Cobb, Nichols and Andy Clark, LLC.*, 214 F.3d 872, (7th Cir. 2000).

62.  The efforts by Defendants individually and/or as agents of the others to collect a debt from the Plaintiff and others similarly situated violated the Fair Debt Collection Practices Act, State and Federal by failing to disclose that it was attempting to collect a debt and that any information obtained would be used for that purpose.

63.  The above described acts and omissions of the Defendants were undertaken by them indiscriminately and persistently, as part of their regular and routine debt collection efforts, and without regard to and/or consideration of the identity or rights of the Plaintiff or others similarly situated.

64.  Plaintiff is entitled to damages including, but not limited to, attorney's fees as a result of the Defendants' conduct of unfair debt collection.

65.  As a direct and proximate result of the Defendants' acts and omissions as set forth above and in order to punish the Defendants for their outrageous and malicious conduct and to deter them from committing the same or similar acts in the future as part of their illegal debt collection efforts, Plaintiff and others similarly situated are entitled to recover punitive damages in the amount to be proven at trial.

66.  As a direct and proximate result of Defendants' violation of 15 U.S.C. § 1692 the Defendants and each of them, are subject to civil damages pursuant to 15 U.S.C. § 1692(k).

Law Offices of
Curtis B. Coulter
403 Hill Street
Reno, NV 89501
(775) 324-3380
FAX (775) 324-3381

- 9 -

67. The Defendants civilly are liable to the Plaintiff and the putative class as set forth under 15 U.S.C. § 1692(k).

68. The Defendants' conduct as alleged herein continues as of the date of the filing of this Amended Complaint.

69. As a matter of routine and practice, Defendants and each of them, sent directly or as an agent of a remaining Defendants communications, intending to collect a debt to the Plaintiff and/or others similarly situated without complying with 15 U.S.C. § 1692.

70. Plaintiff and others similarly situated are entitled to damages against the Defendants and each of them for their violation of 15 U.S.C. § 1692, as alleged herein.

71. The Defendants' conduct as alleged herein constitutes violations of the Fair Debt Collection Practices Act, including, but not limited to, 15 U.S.C. § 1692(d), 15 U.S.C. § 1692(e), 15 U.S.C. § 1692(f), and 15 U.S.C. § 1692(g).

72. Plaintiff and others similarly situated are entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs as a result of Defendants' conduct.

73. The above described acts and omissions constitute unreasonable debt collection practices in violation of the doctrine of Invasion of Privacy. *Kuhn v. Account Control Technology, Inc.*, 865 F. Supp. 1443, 1448-49 (D. Nev. 1994); *Pittman v. J. J. MacIntyre Co. of Nevada, Inc.*, 969 F. Supp. 609, 613-14 (D. Nev. 1997).

74. Plaintiff and others similarly situated are entitled to recover actual damages as well as punitive damages in an amount to be proved at trial.

Law Offices of
Curtis B. Coulter
403 Hill Street
Reno, NV 89501
(775) 324-3380
FAX (775) 324-3381

-10-

# III.
## THIRD CAUSE OF ACTION
### (Racketeering)

75.   Plaintiff hereby reincorporates the previous and following allegations set forth in this Complaint as though set forth in full in this Cause of Action.

76.   Defendants, have engaged in racketeering by attempting to commit or acting in the conspiracy with remaining Defendants to commit the taking of property from another under circumstances not amounting to robbery and by obtaining possession of money or property valued at $250.00 or more as set forth in NRS 207.360.

77.   Defendants and each of them have engaged in racketeering activity by committing the above crimes or other crimes with a similar pattern, intent, result or accomplices including, but not limited to, the named Defendants in this action.   The victims include the Plaintiff and others similarly situated who are members of the Homeowner's Association located within the State of Nevada and who are further as described as follows:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of (A) inconsistent or varying of adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (B) adjudications with respect to individual members of the class which would as practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impaired or impede their ability to protect their interests; or (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or

Law Offices of
Curtis B. Coulter
403 Hill Street
Reno, NV 89501
(775) 324-3380
FAX (775) 324-3381

-11-

1   undesirability of concentrating the litigation of the claims in the particular
2   forum; (D) the difficulties likely to be encountered in the management of a
class action.  NRCP 23.

3   78.   Plaintiff and others similarly situated are entitled to damages as a result of
4         Defendants' racketeering conduct.

5   79.   Plaintiff requests Class certification of this action against the Defendants.
6   80.   The putative Class is defined as:

7   **Any owner of Nevada property who received a debt collection**
8   **and/or lien notice from Alessi Trustee Corporation and/or Alessi**
9   **& Koenig, LLC and who paid Alessi Trustee Corporation or Alessi**
    **& Koenig, LLC any collection charges or legal fees.**

10  81.   To be excluded from the Class, (a) are all directors, officers, agents and
11        employees of Alessi Trustee Corporation or Alessi & Koenig, LLC; (b)
12        Plaintiffs' counsel; and (c) the Judge of the Court to which this case is
13        assigned.

14  82.   Individuals similarly situated to the Plaintiff, exceed 86 individuals.  The
15        Cease and Desist Order, **Exhibit 2**, states that ATC "filed over 80-6 (86)
16        documents related to liens on real property as part of the foreclosure
17        process."

18  83.   Plaintiff claims are typical of the claims of the putative Class and Plaintiff
19        does not have interest adverse to the interest of any other Member of the
20        Class.

21  84.   A Class Action will promote an orderly and expeditious administration and
22        adjudication of the claims of the Plaintiff and the Class Members.

23  85.   ATC and its successor, A&K maintain amounts owed and collected in
24        electronic ledgers as those amounts pertain to Plaintiff and the putative
25        Class.

Law Offices of
Curtis B. Coulter
403 Hill Street
Reno, NV 89501
(775) 324-3380
FAX (775) 324-3381

-12-

Wherefore, Plaintiff prays:

1. That the Court will grant her certification to proceed against the Defendants as a Class Action;

2. That damages be imposed against the Defendants and each of them in an amount necessary to punish them and deter the Defendants from engaging in the same or similar conduct in the future;

3. For prejudgment interest; and

4. For other amounts and or relief deemed just and proper under the circumstances.

The undersigned hereby affirms that the above document does not contain the Social Security Number of any person, pursuant to NRS 239B.030. *

Dated: this _____15ᵀᴴ_____ of July, 2009.

\* Curtis B. Coulter, Esq.
Nevada State Bar No. 3034
Law Offices of Curtis B. Coulter, P.C.
403 Hill Street
Reno, Nevada, 89501
P: 775 324 3380
F: 775 324 3381

Matthew L. Sharp, Esq.
Nevada State Bar No. 4746
Matthew L. Sharp, Ltd.
419 Flint Street
Reno, Nevada 89501
P: 775 324 1500
F: 775 323 6249

Law Offices of
Curtis B. Coulter
403 Hill Street
Reno, NV 89501
(775) 324-3380
FAX (775) 324-3381

-13-

# CERTIFICATE OF SERVICE

Pursuant to NRCP 5 (b), I hereby certify that I am an employee of Law Offices of Curtis B. Coulter, P.C., and that I served a true and correct copy of the foregoing document by:

_____ Mail on all parties in said action, by placing a true copy thereof enclosed in a sealed envelope with first-class postage affixed thereto, deposited in the United States Mail, at Reno, Nevada.

_____ Personal delivery by causing a true copy thereof to be hand-delivered to the address or addresses set forth below.

_____ Facsimile on the parties in said action by causing a true copy thereof to be telecopied to the number indicated after the address or addresses noted below.

_____ Federal Express or other overnight delivery.

_____ Hand-delivery by Reno/Carson Messenger Service.

Addressed as follows:

Charles Geisendorf, Esq.
Alessi & Koenig, LLC
9500 W. Flamingo, Suite 100
Las Vegas, NV 89147

Dated: __7.15.09__

_____
Employee of Curtis B. Coulter, Esq.

Law Offices of
Curtis B. Coulter
403 Hill Street
Reno, NV 89501
(775) 324-3380
FAX (775) 324-3381

-14-

# INDEX OF EXHIBITS

| Exhibit #: | Description: | No. of Pages: |
|---|---|---|
| **Exhibit 1** | Facsimile Cover Letter dated April 16, 2008 and Letter dated March 27, 2006 | 2 |
| **Exhibit 2** | Order to Cease and Desist Activities | 8 |

Law Offices of
Curtis B. Coulter
403 Hill Street
Reno, NV 89501
(775) 324-3380
FAX (775) 324-3381

# EXHIBIT 1

# EXHIBIT 1



David Anthony Alessi, Esq.
(Owner)
Licensed in California

Thomas Bayard, Esq.
(General Counsel – California)
Licensed in California

Amanda Lawser, Qualified Manager
Licensed Nevada Collection Manager

Robert A. Koenig, Esq.
(General Counsel – Nevada and Colorado)
Licensed in Nevada, California and Colorado

Trevor M. Quirk, Esq.
(General Counsel – Nevada)
Licensed in Nevada and California

Trustee Corporation
A Division of the Law Offices of Alessi & Koenig, LLP

## FACSIMILE COVER LETTER

| To: | Ellis Melinda | Re: | 1200 Broken Feather Ct. |
|-----|---------------|-----|--------------------------|
| From: | Candace Newman | Date: | Wednesday, April 16, 2008 |
| Fax No.: | | Pages: | 1, including cover. |

Dear Ellis:

This cover will serve as an amended demand on behalf of Arrow Creek for the above referenced escrow; property located at 1200 Broken Feather Ct., Reno, NV. The total amount due through October, 30, 2008 is $8,948.33. The breakdown of fees, interest and costs is as follows:

| | |
|---|---|
| Notice of Intent To Lien | $175.00 |
| Notice of Default | $845.00 |
| Payment Plan Letter | $150.00 |
| Pre-NOD | $345.00 |
| Management Company Audit Fee | $100.00 |
| Total | $1,615.00 |

| | |
|---|---|
| 1. Attorney and/or Trustee fees: | $1,615.00 |
| 2. Costs (Notary, Trustee Sales Guarantee, Recording, Interest, Copies, Mailings, Publication and Posting) | $50.00 |
| 3. Fines: | $0.00 |
| 4. Assessments Through October, 30, 2008 @ $239.24 per Monthly | $7,283.33 |
| Total Amount Due: | $8,948.33 |

Please have a check in the amount of $8,948.33 made payable to the Alessi Trustee Corporation and mailed to the below listed NEVADA address. Upon receipt of payment a release of lien will be drafted and recorded. Please contact our office with any questions.

9500 W. Flamingo Road Suite 100
Las Vegas, NV 89147
Phone (702) 222-4033 Fax (702) 254-9044

28914 Roadside Dr. Suite F-4
Agoura Hills, CA 91301
Phone (818) 735-9600 Fax (818) 735-0096

WITH ADDITIONAL OFFICES IN LAKE TAHOE NV AND VENTURA CA
Phone (775) 626-2323 (Reno)
www.alessitrustee.com

12

FROM



David Anthony Alessi, Esq.
*Licensed in California*

Thomas Bayard, Esq. *(Of Counsel)*
*Licensed in California*

**ALESSI**
TRUSTEE CORPORATION
*A Division of the Law Firm of Alessi & Koenig, LLP*

Robert A. Koenig, Esq.
*Licensed in Nevada, California and Colorado*

Trevor M. Quirk, Esq. *(Of Counsel)*
*Licensed in Nevada*

March 27, 2006

*LIEN LETTER*
*VIA REGULAR AND CERTIFIED MAIL*

Brian & Tiffany L Santarossa
1086 Elation Ln., #3
Las Vegas, NV 89015

Regarding:   Paradise Court HOA

Dear Brian & Tiffany L Santarossa:

Please find the enclosed Notice of Delinquent Assessment (Lien), signed and dated on behalf of Paradise Court HOA on March 27, 2006. The total amount due by April 27, 2006 is $623.83. Please note that the total amount due may differ from the amount due shown on the enclosed lien. Please submit payment to our Nevada mailing address listed below. Payment must be in the form of a **cashier's check or money order** and made payable to the Alessi Trustee Corporation.
**\*PLEASE NOTE:  WE DO NOT ACCEPT PARTIAL PAYMENTS.**

If you dispute the validity of this debt, you must contact our office in writing within thirty days after receipt of this notice. Once contacted, the current amount due and/or the name and address of the original creditor will be mailed to you.  If you do not contest the validity of this debt, the Association will assume the debt is valid.

It is extremely important that we receive your payment by the due date listed above.  Failure to submit payment will result in our offices initiating foreclosure proceedings on your property, causing substantial additional costs to you.  Should you fail to bring your delinquent account current, you could lose ownership of your home.

Please contact me with any questions or comments.

Yours very truly,

ALESSI TRUSTEE CORPORATION


Bobby Alessi, Trustee Sale Officer
Enclosure

*6655 W. Sahara Avenue, Suite B-200*
*Las Vegas, NV 89146*
*Phone (702) 222-4033  Fax (702) 254-9044*

*28914 Roadside Dr. Suite F-4*
*Agoura Hills, CA 91301*
*Phone (818) 735-9600  Fax (818) 735-0096*

*www.alessitrustee.com*

# EXHIBIT 2

# EXHIBIT 2



STATE OF NEVADA
DEPARTMENT OF BUSINESS AND INDUSTRY
FINANCIAL INSTITUTIONS DIVISION

In Re:

ALESSI TRUSTEE CORPORATION, A
Nevada Corporation,

Respondent.

ORDER TO CEASE AND DESIST
ACTIVITIES

## ORDER TO CEASE AND DESIST ACTIVITIES

The State of Nevada, Department of Business and Industry, Financial Institutions Division (hereinafter "Division") hereby orders ALESSI TRUSTEE CORPORATION, (hereafter "Respondent") to cease and desist from any and all activities which are covered under Nevada Revised Statutes (NRS) Chapter 649.

## JURISDICTION

1.    The business of collecting claims for others or of soliciting the right to collect or receive payment from another of any claim in the State of Nevada is governed by chapter 649 of the Nevada Revised Statutes (NRS) and chapter 649 of the Nevada Administrative Code (NAC). The Division has primary jurisdiction for the licensing and regulation of persons operating and/or engaging in collection services. NRS 649.026.

2.    Pursuant to the authority vested by NRS Chapter 649, the Division hereby makes the following Findings of Fact, Conclusions of Law, and Order.

///
///
///

-1-

## FINDINGS OF FACT

3. Respondent ALESSI TRUSTEE CORPORATION is not a business registered with the State of Nevada Secretary of State. The resident agent for the corporation is David Alessi located at 9500 West Flamingo Road, Ste. 100, Las Vegas, Nevada 89147.

4. Mr. Alessi is president of Respondent Alessi Trustee Corporation.

5. According to the website for the Nevada State Bar Association, Mr. Alessi is not an attorney in the State of Nevada.

6. Mr. Alessi is a partner in the law firm and limited liability company, Alessi & Koenig, LLC, located at 9500 West Flamingo Road, Ste. 100, Las Vegas, Nevada 89147.

7. The two entities have separate Articles of Organization and separate businesses.

8. The website for Alessi Trustee Corporation states that it is a "division of the Law Offices of Alessi & Koenig." However, the Articles of Incorporation for Respondent were filed on December 31, 2002.

9. The Articles of Organization for Alessi & Koenig, LLC, were filed on February 4, 2005, over two (2) years later.

10. Respondent states in advertising that it does "assessment collections" and will conduct the following services:

> ATC will prepare and record the Notice of Delinquent Assessment and forward copy to the homeowner both regular and certified mail. The lien will not be removed until all delinquent assessments, cost and fees have been paid. The homeowner will be billed for the preparation and recordation of the lien.
>
> ****
>
> The Notice of Default starts the commencement of non-judicial foreclosure. ATC will prepare and have the NOD recorded in the appropriate county. ATC will send both certified and regular mail to appropriate parties in accordance with the appropriate state law. Once the default is filed, Alessi & Koenig LLP will review the file to determine the future foreclosure process to eliminate potential risk to the association.

****

-2-

Upon approval from the association, ATC will prepare and send to all appropriate parties a copy of the Notice of Trustee Sale. Publish a copy in an adjusted newspaper and post all notices as required by State law.

11.   Respondent is engaged in the actions "associated with the foreclosure of a lien pursuant to NRS 116.31162 to 116.31168." NRS 649.020(3)(a).

12.   Pursuant to records of the Clark County Recorder's Office, Respondent has filed over eighty-six (86) documents related to liens on real property as part of the foreclosure process.

13.   Respondent is not now and has never been licensed as a collection agency by the Division.

14.   Respondent claims to be a subsidiary of the law firm of Alessi & Koenig, LLC.

15.   However, the collection and foreclosure actions of Alessi Trustee Corporation are not "clients" claims in the usual course of the practice of the profession of Alessi & Koenig, LLC. NRS 649.020(2)(g).

16.   Respondent is not engaged in the practice of law.

17.   Alessi & Koenig, LLC, is a separate legal entity and conducts its activities in relation to the practice of law under the name of Alessi & Koenig, LLC and not Alessi Trustee Corporation.

18.   Respondent solicited business as a collection agency in the State of Nevada.

19.   Respondent engaged in the business as a collection agent in the State of Nevada without first obtaining a license to do so.

20.   If any Finding of Fact is more properly classified a Conclusion of Law, then it shall be deemed as such.

## CONCLUSIONS OF LAW

21.   NRS 649.075(1) reads as follows:

Except as otherwise provided in this section, a person shall not conduct within this State a collection agency or engage within this

-3-

State in the business of collecting claims for others, or of soliciting the right to collect or receive payment for another of any claim, or advertise, or solicit, either in print, by letter, in person or otherwise, the right to collect or receive payment for another of any claim, or seek to make collection or obtain payment of any claim on behalf of another without having first applied for and obtained a license from the Commissioner.

22.     NRS 649.020 reads as follows:

NRS 649.020  "Collection agency" defined.
     1.  "Collection agency" means all persons engaging, directly or indirectly and as a primary or a secondary object, business or pursuit, in the collection of or in soliciting or obtaining in any manner the payment of a claim owed or due or asserted to be owed or due to another.
     2.  "Collection agency" does not include any of the following unless they are conducting collection agencies:
     (a) Individuals regularly employed on a regular wage or salary, in the capacity of credit men or another similar capacity upon the staff of employees of any person not engaged in the business of a collection agency or making or attempting to make collections as an incident to the usual practices of their primary business or profession.
     (b) Banks.
     (c) Nonprofit cooperative associations.
     (d) Unit-owners' associations and the board members, officers, employees and units' owners of those associations when acting under the authority of and in accordance with chapter 116 or 116B of NRS and the governing documents of the association, except for those community managers included within the term "collection agency" pursuant to subsection 3.
     (e) Abstract companies doing an escrow business.
     (f) Duly licensed real estate brokers, except for those real estate brokers who are community managers included within the term "collection agency" pursuant to subsection 3.
     (g) Attorneys and counselors at law licensed to practice in this State, so long as they are retained by their clients to collect or to solicit or obtain payment of such clients' claims in the usual course of the practice of their profession.

     3.  "Collection agency":
     (a) Includes a community manager while engaged in the management of a common-interest community or the management of an association of a condominium hotel if the community manager, or any employee, agent or affiliate of the community manager, performs or offers to perform any act associated with the foreclosure of a lien pursuant to NRS

116.31162 to 116.31168, inclusive, or 116B.595 to 116B.560, inclusive; and

(6) Does not include any other community manager while engaged in the management of a common interest community or the management of an association of a condominium hotel.

4. As used in this section:

(a) "Community manager" has the meaning ascribed to it in NRS 116.023 or 116B.050.

(b) "Unit-owners' association" has the meaning ascribed to it in NRS 116.011 or 116B.050.

*Id.* (Emphasis added.)

23. Respondent is engaged in the business of a collection agency as defined by NRS 649.020(3)(a). It has solicited for business to conduct foreclosure services on behalf of common interest communities.

24. Respondent also claimed to have a licensed collection manager on staff. However, neither the business nor its manager have been licensed by the State of Nevada.

25. NRS 649.020(4)(a) defines "Community manager" as defined in NRS 116.023, which states, "Community manager" means a person who provides for or otherwise engages in the management of a common-interest community or the management of an association of a condominium hotel."

26. A common interest community is defined as "real estate with respect to which a person, by virtue of his ownership of a unit, is obligated to pay for real estate other than that unit." NRS 116.021.

27. Respondent is a community manager who performs or offers to perform acts associated with the foreclosure of a lien.

28. Because Respondent is engaged in the business practice which would require a license pursuant to NRS Chapter 649 and Respondent does not possess a license as a collection agent, Respondent is in violation of NRS 649.075(1), which reads as follows:

Except as otherwise provided in this section, a person shall not conduct within this State a collection agency or engage within this State in the business of collecting claims for others, or of soliciting the right to collect or receive payment for another of any claim, or advertise, or solicit, either in print, by letter, in person or otherwise, the right to collect or receive payment for another of any claim, or

-5-

seek to make collection or obtain payment of any claim on behalf of another without having first applied for and obtained a license from the Commissioner.

29.   The fact that Respondent is a subsidiary of the law firm and that the officers in Respondent's corporation are attorneys does not exempt them from this requirement.

30.   NRS 649.020(2)(g) excludes as collection agency "Attorneys and counselors at law licensed to practice in this state, so long as they are retained by their clients to collect or to solicit or obtain payment of such clients' claims in the usual course of the practice of their profession."

31.   Mr. Alessi does not meet the initial requirement of NRS 649.020(2)(g) because he is not a licensed attorney in the State of Nevada.

32.   Consequently, Mr. Alessi can not be retained to practice the profession of law in the State of Nevada because he is not licensed to do so.

33.   Respondents are a separate corporate entity from the law firm. The fact that it is a subsidiary does not remove its distinct legal status as a separate corporation.

34.   Respondent is not acting in the capacity as an attorney collecting a claim on behalf of a client, it is acting as a foreclosure agent on behalf of homeowner associations.

35.   NRS 649.395 provides the Commissioner to take disciplinary action for any violation of NRS Chapter 649.

> NRS 649.395  Investigation of verified complaint concerning unlicensed person; order to cease and desist; administrative fines; suit to recover fine; cumulative penalties.
> 1.  The Commissioner shall conduct an investigation if he receives a verified complaint from any person that sets forth reason to believe that an unlicensed person is engaging in an activity for which a license is required pursuant to this chapter.
> 2.  If the Commissioner determines that an unlicensed person is engaging in an activity for which a license is required pursuant to this chapter, the Commissioner shall issue and serve on the person an order to cease and desist from engaging in the activity until such time as the person obtains a license from the Commissioner.
> 3.  If a person upon whom an order to cease and desist is served does not comply with the order within 30 days after service, the Commissioner shall, after notice and opportunity for a hearing:

-6-

(a) Impose upon the person an administrative fine of $10,000; or

(b) Enter into a written consent agreement with the person pursuant to which the person agrees to cease and desist from all unlicensed activity in this state relating to the collection of debts, and impose upon the person an administrative fine of not less than $5,000 and not more than $10,000.
— The imposition of an administrative fine pursuant to this subsection is a final decision for the purposes of judicial review.

4. The Commissioner shall bring suit in the name and on behalf of the State of Nevada against a person upon whom an administrative fine is imposed pursuant to subsection 3 to recover the amount of the administrative fine:

(a) If no petition for judicial review is filed pursuant to NRS 233B.130 and the fine remains unpaid for more than 90 days after notice of the imposition of the fine; or

(b) If a petition for judicial review is filed pursuant to NRS 233B.130 and the fine remains unpaid for more than 90 days after exhaustion of any right of appeal in the courts of this State resulting in a final determination that upholds the imposition of the fine.

5. A person's liability for an administrative fine is in addition to any other penalty provided in this chapter.

36. Pursuant to NRS 649.440, the Commissioner can impose administrative fines of not more than $10,000.00 for any violation of this chapter

In addition to any other remedy or penalty, the Commissioner may impose an administrative fine of not more than $10,000 upon a person who:

1. Without a license or certificate, conducts any business or activity for which a license or certificate is required pursuant to the provisions of this chapter; or

2. Violates any provision of this chapter or any regulation adopted pursuant thereto.

37. Respondent has violated NRS 649.075 by soliciting and collecting payments on behalf of another.

38. Respondent has violated NRS 649.075 by engaging in the business of collecting payments for another in the State of Nevada.

39. Pursuant to NRS 649.395, the Division hereby orders Respondent to cease and desist from engaging in any activity covered under NRS Chapter 649.

-7-

40.   The Division will also assess an administrative fine in the amount of $10,000.00.

41.   If any Conclusion of Law is more properly classified as a Finding of Fact, then it shall be deemed such.

## ORDER

IT IS HEREBY ORDERED that Respondent ALESSI TRUSTEE CORPORATION shall CEASE AND DESIST from or                         engaging in the business of collecting claims for others, or in soliciting the right to collect or receive payment for another of any claim or advertise, or solicit, either in print, by letter, in person or otherwise, the right to collect or receive payment for another of any claim or seek to make collection or obtain payment of any claim on behalf of another, including but not limited to, cease and desist from performing or offering to perform any act associated with the foreclosure of a lien within the State of Nevada unless and until such time Respondent becomes licensed by the Division pursuant to NRS Chapter 649.

IT IS FURTHER ORDERED that Respondent ALESSI TRUSTEE CORPORATION is assessed an administrative fine of $10,000.00.

DATED this 12th day of September, 2008.

STATE OF NEVADA
DEPARTMENT OF BUSINESS AND INDUSTRY
FINANCIAL INSTITUTIONS DIVISION

By

STEVEN KONDRUP
Deputy Commissioner