Thomas J. Bayard (CA SBN 226247)
Michael Fostakowsky (CA SBN 258649)
**Attorneys will comply with L-R IA 10-2 within 30 days from filing**
ALESSI & BAYARD
20955 Pathfinder Road, Suite 100
Diamond Bar, California 91765
Phone: (909) 843-6590
Fax:    (877) 877-6530
Attorney for Defendants

Robert A. Koenig (NV SBN 3203)
ALESSI & KOENIG
9500 W. Flamingo, Suite 100
Las Vegas, Nevada 89147
Phone: (702) 222-4033
Fax:    (702) 254-9044
Attorney for Defendants

UNITED STATES FEDERAL DISTRICT COURT
FOR THE DISTRICT OF NEVADA - NORTHERN DIVISION

| | |
|---|---|
| MELINDA ELLIS, individually and on behalf of all others similarly situated | Case No. 3:09-cv-428 |
| Plaintiff, | |
| vs. | |
| ALESSI TRUSTEE CORPORATION; DAVID ANTHONY ALESSI; and ALESSI & KOENIG, LLC.; and DOES I through XX, | **THIRD PARTY COMPLAINT**<br><br>1. Civil Action For Violation of Right (42 USC 1983)<br><br>2. Declaratory Relief |
| Defendant(s). | |
| ARROWCREEK HOMEOWNERS ASSOCIATION; ASSOCIATED MANAGEMENT, INC.;ALESSI TRUSTEE CORPORATION; ALESSI & KOENIG, LLC, | |
| Counterclaimants, | |
| vs. | |
| MELINDA ELLIS, and DOES I through XX, | |

|  |
|---|
| Counter-Defendant(s). |

|  |
|---|
| DAVID ANTHONY ALESSI, ALESSI & KOENIG, LLC, ALESSI TRUSTEE CORPORATION, |
| Third Party Plaintiffs |
| vs. |
| STEPHEN KONDRUP, Deputy Commissioner State of Nevada Financial Institutions Division, STATE OF NEVADA FINANCIAL INSTITUTIONS DIVISION, , and ROES I through XX, |
| Third Party-Defendant(s). |

## THIRD PARTY COMPLAINT

1. Third Party Plaintiff Alessi Trustee Corporation is, and at all times herein mentioned was, a limited liability company duly organized and existing under and by virtue of the laws of the State of Nevada.

2. Third Party Plaintiff David Alessi is an individual residing in the County of Clark, State of Nevada. .

3. Third Party Plaintiffs are informed and believe, and based thereon allege, that Cross Defendant State of Nevada Department of Business and Industry Financial Institutions Division (hereinafter "FID") is a state agency organized and existing by virtue of the laws of the State of Nevada, with the function of regulating financial institutions through the licensing, examination and enforcement of depository, lending, debt collection and money transmission activities. Third Party Plaintiffs are informed and believe and thereupon allege that Third Party Defendant Stephen

2

Kondrup (hereinafter "Kondrup") is employed as Deputy Commissioner with the FID. At all times referenced herein Kondrup was acting under color of state authority in order to deprive Third Party Plaintiffs of their Constitutional rights.

4.   Third Party Plaintiffs do not know the true names of respondents/defendants sued herein as DOES 1 through 20, inclusive, and therefore sue said respondents/Cross Defendants by those fictitious names. Third Party Plaintiffs will amend this Complaint to allege their true names and capacities when the same have been ascertained. Third Party Plaintiffs are informed and believe, and based thereon allege, that each of these fictitiously named respondents/Cross Defendants is in some manner responsible for the injury and damage to Third Party Plaintiffs alleged in this Complaint.

5.   Third Party Plaintiffs are informed and believe, and based thereon allege, that these fictitiously named respondents were, at all times mentioned in this Complaint, the agents, servants, and employees of their co-respondents and were acting within their authority as such with the consent and permission of their co-respondents.

6.   Alessi Trustee Corporation was formed in 2003. Alessi & Koenig, LLC is a law firm, and a separate legal entity from Alessi Trustee Corporation.

7.   Shortly after the formation of Alessi Trustee Corporation, attorney Robert Koenig, contacted then Commissioner L. Scott Walshaw of FID to inquire whether Alessi Trustee Corporation required a license to perform non-judicial foreclosure work in Nevada, or whether the so-named "attorney exemption" contained in Nevada Revised Statutes section 649 obviated the need for a license. In a letter dated February 20, 2003, Mr. Walshaw confirmed that "conducting non-judicial foreclosures [is not an activity] subject to licensing under NRS 649," and that Alessi Trustee Corporation did not need to obtain a licence to conduct such activity, nor did the company need to conduct such activity

3

through the law firm of Alessi & Koenig. **(A true and correct copy of this letter is attached hereto as Exhibit "A.")**

8. Beginning in 2003, FID maintained on its website a list of Collection Agencies which indicated each company's licensing status. For many years between 2003 and the present, the list indicated that Alessi Trustee Corporation was "exempt" from requiring a collections license. **(A true and correct copy of a printout from the FID website is attached hereto as Exhibit "B.")**

9. In April of 2008, Alessi Trustee Corporation had multiple conversations with Deputy Commissioner Kondrup of FID regarding the Alessi Trustee Corporation and Alessi & Koenig structure. During these conversations, Alessi Trustee Corporation informed Commissioner Kondrup that Amanda Lower has been a licensed collection manager since July 1, 2007, and is an integral part of Alessi Trustee Corporation's non-judicial foreclosure activities. Alessi Trustee Corporation specifically inquired as to whether FID would prefer for the company conduct its collection activities pursuant to Amanda Lower's Collections Manager license, or, as an alternative, for the company to conduct collection activities through the law firm (i.e. through Alessi & Koenig). Deputy Commissioner Kondrup informed Alessi Trustee Corporation that he had spoken with the Attorney General's office and that there was "no problem" with the structure of Alessi Trustee Corporation and Alessi & Koenig with respect to collection activities. This affirmation was consistent with the letter from FID letter of February 20, 2003, and the continuous posting on the FID website of Alessi Trustee Corporation's status as "exempt" from licensing requirements.

10. On September 12, 2008, FID and Kondrup issued an Order to Cease and Desist Activities (hereinafter, the "Order.") The Order required Alessi Trustee Corporation to "Cease and Desist from operating and/or engaging in the business of 'collecting claims for others, or of soliciting the right to

4

1  collect or receive payment for another of any claim, [...] or seek to make collection or obtain

2  payment of any claim on behalf of another,' including but not limited to, cease and desist from

3
4  performing or offering to perform 'any act associated with the foreclosure of a lien' within the State

5  of Nevada unless and until such time Respondent becomes licensed by the Division pursuant to NRS

6  Chapter 649." **(A true and correct copy of this order is attached hereto as Exhibit "C.")**

7  11.     The Order contains multiple material factual errors.  The errors include the allegations that

8
9  (1) "Alessi Trustee Corporation is not a business registered with the State of Nevada Secretary of

10 State," (2) Alessi Trustee Corporation is a "community manager" as defined in NRS 116.023 (which

11 section defines the term as "a person who provides for or otherwise engages in the management of a

12 common-interest community or the management of an association of a condominium hotel"), and (3)

13 Alessi Trustee Corporation does not have a licensed collection manager on staff.

14
15 12.     In reality, Alessi Trustee Corporation (1) has been duly licensed as a Nevada corporation

16 since December of 2002 **(A true and correct copy of this corporate documentation is attached**

17 **hereto as Exhibit "D."),** (2) does not manage any common-interest communities or condominium

18 hotel associations, and (3) employs Amanda Lower, who has been a licensed collection manager

19
20 since July 1, 2007, and who is an integral part of Alessi Trustee Corporation's non-judicial

21 foreclosure activities Amanda Lower's collection manager license was signed by Deputy

22 Commissioner Kondrup of FID on July 1, 2007 **(A true and correct copy of this license is**

23 **attached hereto as Exhibit "E.")**

24
25 13.     The Order alleges (falsely) that since Alessi Trustee Corporation is a "community manager"

26 as defined in NRS 116.023, this fact triggers the licensing requirement of NRS 649.075(a).  Based on

27 this false allegation, the Order concludes that Alessi Trustee Corporation's collection activities were

28

5

unlawful for lack of a collections license.

14.     Alessi Trustee Corporation was established in 2003 and carried on its collection activities in reliance on FID's prior determination, which was clearly correct, that Alessi Trustee Corporation was exempt from NRS 649.075(a)'s licensing requirement. During its years of operation, Alessi Trustee Corporation gained a wealth of experience, garnered the good will of numerous clients, and made significant investments of capital in the business. Alessi Trustee Corporation's right to carry on its business was a vested right protected under the Due Process Clause of the 14th Amendment. See Dent v. West Wirginia, 129 U.S. 114 (1889)

15.     In violation of Third Party Plaintiffs' procedural due process rights, FID and Kondrup issued the Order to Cease and Desist Activities without providing any prior notice or opportunity to be heard regarding the legal and factual determinations made therein.

16.     In violation of Cross Complainants' substantive due process rights, the Order resulted from irrational and arbitrary conduct on the part of FID and Kondrup. In particular, FID had for years informed Third Party Plaintiffs that Alessi Trustee Corporation was exempt from the licensing requirement of NRS 649, then did an abrupt "about face" by issuing the Order of September 12, 2008, in which it made the exact opposite determination.

17.     FID and Kondrup would have known that the Order's material factual determinations were actually false if FID and Kondrup would have conducted even a cursory investigation of the readily available public records. For example, FID would have known that Amanda Lower was, in fact, a licensed collections manager, and that Alessi Trustee Corporation's was, in fact, a licensed Nevada Corporation. Further, had FID conducted even a cursory investigation into Alessi Trustee Corporation's business activities, it would have known that Alessi Trustee Corporation is not a

6

"community manager" as defined in NRS 116.023. FID either issued the Order without conducting any investigation to confirm such factual determinations, or FID issued the Order with knowledge that those factual determinations were actually false. Either way, FID's actions evince at a minimum a cavalier disregard for Third Party Plaintiffs' right to due process, and constitute a deliberate flouting of the law which trammeled Third Party Plaintiffs' right to carry on in their business. At worst, FID's actions evince a malicious attempt to use its position to harm Third Party Plaintiffs.

18. The Order caused significant and foreseeable financial loss and other harm to Third Party Plaintiffs. Predictably, the Order was circulated throughout Nevada's Homeowner Association industry, and was reviewed by all of Alessi Trustee Corporation's clients. Many clients reacted by immediately severing their business relationship with Alessi Trustee Corporation. Many other potential clients have been dissuaded from retaining Alessi Trustee Corporation, who otherwise would have retained the company. Many of the allegations asserted in this lawsuit are directly related to the Order.

19. In response to the Order, Third Party Plaintiffs decided that merging Alessi Trustee Corporation with the law firm of Alessi & Koenig would best minimize the damage that the Order was causing to the business. Alessi & Koenig was able to take over Alessi Trustee Corporation's non-judicial foreclosure activities because Alessi & Koenig is a law firm, and is exempt from the licensing requirement of NRS 649. Third Party Plaintiffs merged the companies shortly after the Order was issued, then spent much effort explaining to clients that Alessi Trustee Corporation's prior collection activity was done in reliance on FID's prior determination that Alessi Trustee Corporation was exempt from the licensing requirement, and that there would not be any further licensing issues because future collection work would be conducted through the law office of Alessi & Koenig.

7

Multiple clients were lost, in spite of Third Party Plaintiffs' efforts. The Order has remained an issue with Alessi & Koenig's clients, and has required explanation to clients on an ongoing basis.

## CAUSE OF ACTION

### (On behalf of ALL Third Party Plaintiffs as against Third Party Defendant-Defendant Stephen Kondrup)

### (Civil Action for Violation of Right)

20. Third Party Plaintiffs repeat and re-alleges paragraphs 1-19 as though fully set forth herein.

21. This is an action brought under 42 U.S.C. section 1983 against Cross Defendant for violation of Third Party Plaintiffs' right to substantive and procedural due process.

22. Alessi Trustee Corporation, as a private corporation, is a "person" within the meaning of 42 U.S.C. section 1983. *Fulton Market Cold Storage Co. V. Cullerton*, 582F.2d 1071, 1079 (7th Cir. 1978), cert. denied, 439 U.S. 1121, 99 S.Ct. 1033, 59 L.Ed.2d 82 (1979); *Advocates for the Arts v. Thomson*, 532 F.2d 792, 794 (1st Cir.), cert. denied, 429 U.S. 894, 97 S.Ct. 254, 50 L.Ed.2d 177 (1976).

23. The Order is based on FID's arbitrary and irrational determination that Alessi Trustee Corporation was unlawfully engaged in non-judicial foreclosure collection activities, a determination made without affording Third Party Plaintiffs notice and an opportunity to be heard. FID thereby harmed Third Party Plaintiffs' ability to carry on in their profession in violation of their constitutionally protected right to substantive and procedural due process.

24. As a direct and proximate result of FID's conduct alleged herein, Third Party Plaintiffs have suffered damages in an amount over $1,500,000 and subject to proof at trial.

25. Third Party Plaintiffs have had to, or will have to, employ attorneys, appraisers and other experts for the investigation and prosecution of this action and have incurred, and will incur, fees and expenses for their services in an amount that is not ascertainable at present. Third Party Plaintiffs will seek leave of Court to amend this Petition and Complaint when the true amount of such fees, costs and expenses is known to them, or according to proof at trial.

## SECOND CAUSE OF ACTION

**(On behalf of ALL Third Party Plaintiffs)**

**(As against ALL Third Party Defendants)**

**(Declaratory Relief)**

26. Third Party Plaintiffs incorporate by this reference all of the allegations contained in Paragraphs 1-25 herein as though set forth at length.

27. An actual controversy has arisen an now exists between Third Party Plaintiffs and the State of Nevada regarding the legality of the Order to Cease and Desist Activities issued on September 12, 2008. Namely, Plaintiff Ellis's Class Action Complaint relies on the Order as a basis for alleging that Alessi Trustee Corporation was engaged in unlawful collection practices. An additional controversy exists between Third Party Plaintiffs and Third Party Defendants as to whether the Order was issued in violation of Third Party Plaintiffs' right to due process of law.

28. Alessi Trustee Corporation desires a declaratory judgment that the Order was issued in violation of Third Party Plaintiffs right to due process of law, and that the Order is therefore invalid.

WHEREFORE, Third Party Plaintiffs pray for judgment against the State of Nevada and Stephen Kondrup as follows:

1. For damages resulting from the State of Nevada's and Stephen Kondrup's violation of Third Party Plaintiffs' rights under the Federal Constitution, including but not limited to damages for emotional distress for Third Party Plaintiff David Alessi;

2. For fees and costs for appraisers and other experts for the investigation and prosecution of this action.

3. For attorneys' fees as may be provided by law;

4. For costs of suit herein;

5. For punitive damages; and

6. For such other and further relief as the Court deems just and proper.

Dated: August 9, 2009

Respectfully submitted,

*/s/ Tom Bay/*

Thomas J. Bayard (CA SBN 226247)
Michael Fostakowsky (CA SBN 258649)
ALESSI & BAYARD
20955 Pathfinder Rd, Suite 100
Diamond Bar, California 91765
Phone: (909) 843-6590
Fax:    (877) 843-6530

Robert A. Koenig (NV SBN 3203)
ALESSI & KOENIG
9500 W. Flamingo, Suite 100
Las Vegas, Nevada 89147

Phone: (702) 222-4033
Fax:    (702) 254-9044

*Counsel for Defendants Alessi Trustee Co., Alessi & Koenig, and David Alessi*