UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MELINDA ELLIS, individually, and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>v.<br><br>ALESSI TRUSTEE CORPORATION; et al.,<br><br>           Defendants. | 3:09-cv-0428-LRH-RAM<br><br>ORDER |

Presently before the court is plaintiff Melinda Ellis' ("Ellis") motion to remand filed on September 2, 2009. Doc. #13[1]. Defendants filed an opposition on September 21, 2009. Doc. #20. Thereafter, Ellis filed a reply on September 29, 2009. Doc. #23.

**I.    Facts and Procedural History**

On May 21, 2008, Ellis filed a class action complaint against defendants Alessi Trustee Corporation ("ATC") and Anthony Alessi ("Alessi") in state court. Defendants were served in 2008.

On Jul 14, 2009, Ellis filed an amended complaint adding defendant Alessi & Koenig, LLC ("Koenig") as a defendant. Koenig was served on July 15, 2009. Thereafter, Koenig removed the

---

[1] Refers to the court's docket entry number.

action to federal court on the basis of federal question jurisdiction.² The remaining defendants joined in the removal.

Subsequently, Ellis filed the present motion to remand alleging that removal was improper because more than thirty days had passed since the first defendant had been served, and because the original defendants joined in removal more than thirty days after they had been served. *See* Doc. #13.

## II.   Discussion

**Petitioning Defendant**

A petitioning defendant must file a removal petition within thirty days after being served with a complaint. 28 U.S.C. § 1446(b). The time for each defendant begins to run when they are personally served with the complaint. *See Coleman v. Assurant, Inc.*, 463 F.Supp.2d 1164, 1166 (D. Nev. 2006). Here, Koenig was served on July 15, 2009, and filed removal on August 4, 2009, well within the thirty day time limit.

Ellis argues that the time began to run when the first defendant was served, thereby making Koenig's removal untimely. Doc. #13. However, the Ninth Circuit does not follow the "first-served" rule advocated by Ellis which requires removal to occur within thirty days after the first defendant has been served. *See United Steel v. Shell Oil Co.*, 549 F.3d 1204, 1208 (9th Cir. 2008); *see also, Coleman*, 463 F.Supp.2d at 1166 ("More recently, circuit and district courts have begun to favor the later-served defendant rule which allows a later served defendant [to have] 30 days from the date of service to remove a case to federal district court."). Accordingly, Koenig's removal was timely.

**Joining Defendants**

In instances of multiple defendants, all defendants must join in the removal within the thirty

---

² Ellis' amended complaint includes claims for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(g).

2

day period. *See United Computer Systems, Inc. v. AT&T Corporation*, 298 F.3d 756, 762 (9th Cir. 2002). Ellis argues that the time period for the original defendants to join removal was thirty days from the date they were served with the complaint. However, the more appropriate rule is the "first petitioning rule" in which all defendants must join within thirty days of the first petitioning defendant. *See e.g. United Steel*, 549 F.3d at 1208; *Ford v. New United Motors Mfg., Inc.*, 857 F.Supp. 707, 709-710 (N.D. Cal. 1994) (noting that the decision to remove a case to federal court does not rest solely with the first-served defendant). Here, defendants joined in Koenig's removal within the thirty day period. Accordingly, the original defendants' joinder was timely.

IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #13) is DENIED.

IT IS SO ORDERED.

DATED this 16th day of October, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE