UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| MELINDA ELLIS, | ) | |
| Plaintiff, | ) | 3:09-CV-0428-LRH-RAM |
| v. | ) | |
| ALESSI TRUSTEE CORPORATION; et al., | ) | ORDER |
| Defendants. | ) | |

Before the court is third-party defendants' motion to dismiss filed on December 21, 2009. Doc. #34.[1] Third-party plaintiffs filed an opposition on January 7, 2010. Doc. #36. Thereafter, third-party defendants filed a reply on January 14, 2010. Doc. #37.

**I.    Facts and Background**

In 2003, defendant/third-party plaintiff Alessi Trustee Corporation ("ATC") was formed as a separate and distinct entity from defendant/third-party plaintiff Alessi & Koenig, LLC ("Koenig"). ATC contacted then State of Nevada Department of Business and Industry's Financial Institutions Division ("FID") commissioner L. Scott Walshaw ("Walshaw") to inquire whether ATC required a license to perform non-judicial foreclosure work in Nevada. In a February 20, 2003 letter, Walshaw stated that under NRS § 649 *et seq.*, he believed that ATC did not need to obtain a

---

[1] Refers to the court's docket number.

1  license. Third-party defendant Stephen Kondrup ("Kondrup") concurred in the exempt status when
2  he became a deputy commissioner and, during his tenure, repeatedly stated that there was no
3  problem with ATC conducting non-judicial foreclosure proceedings because ATC was not a
4  community manager which required licensing. Thereafter, ATC began performing non-judicial
5  foreclosure work.
6        In 2005, NRS Section 649 was amended to remove various licensing exemptions. Amended
7  NRS 649.020(3)(a) provides that a community manager is anyone "engaged in the management of
8  a common-interest community if the community manager, or any employee, agent or affiliate of the
9  community manager, performs or offers to perform any act associated with the foreclosure of a
10 lien."
11       In light of the 2005 amendments, Kondrup and FID investigated ATC's collection
12 operations. On September 12, 2008, Kondrup and FID issued a cease and desist order against ATC
13 finding that they were a community manager subject to licensing. The order allowed for ATC to
14 contest the findings at a hearing. However, rather than dispute the order, ATC dissolved and
15 merged all functions into Koenig.
16       On July 15, 2009, underlying plaintiff Melinda Ellis ("Ellis") filed a class action complaint
17 against ATC and Koenig alleging that defendants, acting as a collection agency for a homeowner's
18 association, violated the Fair Debt Collection Practices Act.
19       On August 10, 2009, defendants filed a third-party complaint against third-party defendants
20 deputy commissioner Kondrup and FID alleging that the September 12, 2008 cease and desist order
21 directing ATC to cease and desist all collection operations was improper. Doc. #7. The third-party
22 complaint alleges two causes of action: (1) 42 U.S.C. §1983 due process violation; and (2)
23 declaratory relief that the cease and desist order was improper. *Id*. Thereafter, third-party
24 defendants filed the present motion to dismiss the third-party complaint. Doc. #34.
25 \\\
26

## II. Legal Standard

In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). However, a court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in a plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

There is a strong presumption against dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). However, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels, conclusions, and a formulaic recitation of the elements of the cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

## III. Discussion

### A. Section 1983 Claim

Third-party plaintiffs allege that FID and deputy commissioner Kondrup violated their procedural due process rights by ordering ATC to cease and desist all collections activity without prior notice and without proper investigation.

#### i. Financial Institutions Division

The Eleventh Amendment bars citizens from suing a state. U.S. Const. Amend. XI. This protection is extended to protect a state from federal suits brought by its own citizens. *See Riggle v.*

3

*State of California*, 577 F.2d 579, 581 (9th Cir. 1978). A state may only be sued in federal court when the state explicitly waives its Eleventh Amendment immunity. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Nevada has not waived its Eleventh Amendment immunity. NRS 41.031(3).

Additionally, immunity from suit extends to state instrumentalities and agencies. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Here, FID is a state agency, and, as such, is immune from suit.[2]

### ii. Deputy Commissioner Kondrup

Judges are entitled to absolute immunity "from civil liability for damages for their judicial acts." *Mullins v. U.S. Bankruptcy Court for Dist. of Nev.*, 828 F.2d 1385, 1388 (9th Cir. 1987). Judicial immunity extends to state agency officials when they perform quasi-judicial functions. *See Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999) ("absolute immunity extends to agency officials when they preside over hearings, initiate agency adjudication, or otherwise perform functions analogous to judges and prosecutors."); *see also, Demoran v. Witt*, 781 F.2d 155, 156 (9th Cir. 1985) ("courts have extended absolute judicial immunity from damage actions under 42 U.S.C. § 1983 not only to judges but also to officers whose functions bear a close association to the judicial process."). Furthermore, judicial immunity extends to an official's prosecutorial functions that bear a close relationship to the official's quasi-judicial power. *See Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir. 1999).

Here, Deputy commissioner Kondrup acted pursuant to his quasi-prosecutorial and judicial authority in investigating ATC after the 2005 amendments and in drafting and signing the September 12, 2008 cease and desist order. Kondrup's authority is derived by statute. Specifically, NRS Section 649.390 grants the commissioner and deputy commissioner of FID the power to conduct an investigation and issue a cease and desist order as a result of that investigation. Accordingly, Kondrup is immune from suit.

---

[2] Third-party plaintiffs recognize in their opposition that FID, as a state entity, is immune from suit.

### B. Declaratory Relief Claim

Third-party plaintiffs' claim for declaratory relief challenges the legal sufficiency of the September 12, 2008 cease and desist order. Pursuant to the order, ATC had a right to a hearing and to appeal the FID's decision within thirty days. Doc. #34, Exhibit 1. Further, pursuant to statute, ATC was entitled to judicial review of the order in state court rather than appeal to order to the FID. *See* NRS § 233B.130(1). However, ATC neither appealed the order nor sought redress through the state's administrative remedies. Rather, ATC chose to waive its right to appeal, dissolve itself as an entity, and merge all collections activity into Koenig. Thus, the court finds that ATC's failure to exhaust its administrative remedies and seek appeal of the order operates as a jurisdictional bar to the court's ability to consider the declaratory relief claim. *See e.g., Public Service Com'n of Nevada v. Eighth Judicial Dist. Court*, 818 P.2d 396, 399 (Nev. 1991).

In opposition, ATC now argues that appealing the decision was impractical because the effect of the order closed ATC's business operations and made the corporation defunct. However, a party aggrieved by an agency decision cannot circumvent the state's exhaustion requirement by refusing to appeal and then filing a suit for declaratory relief. *See Public Service Com'n of Nevada*, 818 P.2d at 399. Accordingly, the court cannot consider the declaratory relief claim in light of ATC's waiver of appeal and the claim shall be dismissed.

IT IS THEREFORE ORDERED that third-party defendants' motion to dismiss (Doc. #34) is GRANTED. Third-party plaintiffs' complaint (Doc. #7) is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED this 23rd day of April, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE