Thomas J. Bayard (CA SBN 226247)
ALESSI & BAYARD
556 N Diamond Bar Blvd, Suite 300
Diamond Bar, California 91765
Phone: (909) 861-8300
Fax:   (877) 877-6530
Attorney for Defendants and Third Party Plaintiffs

Robert A. Koenig (NV SBN 3203)
ALESSI & KOENIG
9500 W. Flamingo, Suite 205
Las Vegas, Nevada 89147
Phone: (702) 222-4033
Fax:   (702) 254-9044
Attorney for Defendants and Third Party Plaintiffs

UNITED STATES FEDERAL DISTRICT COURT
FOR THE DISTRICT OF NEVADA - NORTHERN DIVISION

| | |
|---|---|
| MELINDA ELLIS, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>ALESSI TRUSTEE CORPORATION; DAVID ANTHONY ALESSI; and ALESSI & KOENIG, LLC.; and DOES I through XX,<br><br><br><br>Defendant(s). | Case No. 3:09-cv-428<br><br>**1ˢᵗ AMENDED THIRD PARTY COMPLAINT**<br><br>1. Civil Action For Violation of Right (42 USC 1983)<br><br>2. Declaratory Relief |
| ARROWCREEK HOMEOWNERS ASSOCIATION; ASSOCIATED MANAGEMENT, INC.;ALESSI TRUSTEE CORPORATION; ALESSI & KOENIG, LLC,<br><br>Counterclaimants,<br><br>vs. | |

MELINDA ELLIS, and DOES I through XX,

    Counter-Defendant(s).

---

DAVID ANTHONY ALESSI, ALESSI & KOENIG, LLC, ALESSI TRUSTEE CORPORATION,

    Third Party Plaintiffs,

vs.

STEPHEN KONDRUP, Deputy Commissioner State of Nevada Financial Institutions Division, STATE OF NEVADA FINANCIAL INSTITUTIONS DIVISION, and ROES I through XX,

    Third Party Defendants.

## THIRD PARTY COMPLAINT

1. Third Party Plaintiff Alessi Trustee Corporation is, and at all times herein mentioned was, a limited liability company duly organized and existing under and by virtue of the laws of the State of Nevada.

2. Third Party Plaintiff Alessi & Koenig, LLC, is and at all time herein mentioned, a limited liability company duly organized and existing under and by virtue of the laws of the State of Nevada.

3. Third Party Plaintiff David Alessi is an individual residing in the County of Clark, State of Nevada.

4. Third Party Plaintiffs are informed and believe, and based thereon allege, that Third Party Defendant State of Nevada Department of Business and Industry Financial Institutions

2

Division (hereinafter "FID") is a state agency organized and existing by virtue of the laws of the State of Nevada, with the function of regulating financial institutions through the licensing, examination and enforcement of depository, lending, debt collection and money transmission activities. Third Party Plaintiffs are informed and believe and thereupon allege that Third Party Defendant Stephen Kondrup (hereinafter "Kondrup") is employed as Deputy Commissioner with the FID. At all times referenced herein Kondrup was acting under color of state authority in order to deprive Third Party Plaintiffs of their Constitutional rights.

5. Third Party Plaintiffs do not know the true names of respondents/defendants sued herein as DOES 1 through 20, inclusive, and therefore sue said respondents/Third Party Defendants by those fictitious names. Third Party Plaintiffs will amend this Third Party Complaint to allege their true names and capacities when the same have been ascertained. Third Party Plaintiffs are informed and believe, and based thereon allege, that each of these fictitiously named respondents/Third Party Defendants is in some manner responsible for the injury and damage to Third Party Plaintiffs alleged in this Third Party Complaint.

6. Third Party Plaintiffs are informed and believe, and based thereon allege, that these fictitiously named respondents were, at all times mentioned in this Third Party Complaint, the agents, servants, and employees of their co-respondents and were acting within their authority as such with the consent and permission of their co-respondents.

7. Alessi Trustee Corporation was formed in 2003. Alessi & Koenig, LLC is a law firm, and a separate legal entity from Alessi Trustee Corporation.

8. Shortly after the formation of Alessi Trustee Corporation, attorney Robert Koenig, contacted then Commissioner L. Scott Walshaw of FID to inquire whether Alessi Trustee Corporation

3

required a license to perform non-judicial foreclosure work in Nevada, or whether the so-named "attorney exemption" contained in Nevada Revised Statutes section 649 obviated the need for a license. In a letter dated February 20, 2003, Mr. Walshaw confirmed that "conducting non-judicial foreclosures [is not an activity] subject to licensing under NRS 649," and that Alessi Trustee Corporation did not need to obtain a license to conduct such activity, nor did the company need to conduct such activity through the law firm of Alessi & Koenig. **(A true and correct copy of this letter is attached hereto as Exhibit "A.")**

9. Beginning in 2003, FID maintained on its website a list of Collection Agencies which indicated each company's licensing status. For many years between 2003 and the present, the list indicated that Alessi Trustee Corporation was "exempt" from requiring a collections license. **(A true and correct copy of a printout from the FID website is attached hereto as Exhibit "B.")**

10. In April of 2008, Alessi Trustee Corporation had multiple conversations with Deputy Commissioner Kondrup of FID regarding the Alessi Trustee Corporation and Alessi & Koenig structure. During these conversations, Alessi Trustee Corporation informed Commissioner Kondrup that Amanda Lower has been a licensed collection manager since July 1, 2007, and is an integral part of Alessi Trustee Corporation's non-judicial foreclosure activities. Alessi Trustee Corporation specifically inquired as to whether FID would prefer for the company to conduct its collection activities pursuant to Amanda Lower's Collections Manager license, or, as an alternative, for the company to conduct collection activities through the law firm (i.e. through Alessi & Koenig). Deputy Commissioner Kondrup informed Alessi Trustee Corporation that he had spoken with the Attorney General's office

4

and that there was "no problem" with the structure of Alessi Trustee Corporation and Alessi & Koenig with respect to collection activities. This affirmation was consistent with the letter from FID letter of February 20, 2003, and the continuous posting on the FID website of Alessi Trustee Corporation's status as "exempt" from licensing requirements.

11. NRS 649.075(1) provides:

> Except as otherwise provided in this section, a person shall not conduct within this State a collection agency or engage within this State in the business of collecting claims for others, or of soliciting the right to collect or receive payment for another of any claim, or advertise, or solicit, either in print, by letter, in person or otherwise, the right to collect or receive payment for another of any claim, or seek to make collection or obtain payment of any claim on behalf of another without having first applied for and obtained a license from the Commissioner.

12. NRS 649.020 provides:

> NRS 649.020 "Collection agency" defined.
> 1. "Collection agency" means all persons engaging, directly or indirectly, and as a primary or secondary object, business or pursuit, in the collection of or in soliciting or obtaining in any manner the payment of a claim owed or due or asserted to be owed or due to another.
> 2. "Collection agency" does not include any of the following unless they are conducting collection agencies:
> (a) Individuals regularly employed on a regular wage or salary, in the capacity of credit men or in other similar capacity upon the staff of employees of any person not engaged in the business of a collection agency or making or attempting to make collections as an incident to the usual practices of their primary business or profession.
> (b) Banks.
> (c) Nonprofit cooperative associations.
> (d) Unit-owners' associations and the board members, officers, employees and units' owners of those associations when acting under the authority of and in accordance with chapter 116 or 116B of NRS and the governing documents of the

5

association, except for those community managers included within the term "collection agency" pursuant to subsection 3.

(e) Abstract companies doing an escrow business.

(f) Duly licensed real estate brokers, except for those real estate brokers who are community managers included within the term "collection agency" pursuant to subsection 3.

(g) Attorneys and counselors at law licensed to practice in this State, so long as they are retained by their clients to collect or to solicit or obtain payment of such clients' claims in the usual course of the practice of their profession.

3. "Collection agency":

(a) Includes a community manager while engaged in the management of a common-interest community or the management of an association of a condominium hotel if the community manager, or any employee, agent or affiliate of the community manager, performs or offers to perform any act associated with the foreclosure of a lien pursuant to NRS 116.31162 to 116.31168, inclusive, or 116B.635 to 116B.660, inclusive; and

(b) Does not include any other community manager while engaged in the management of a common-interest community or the management of an association of a condominium hotel.

4. As used in this section:

(a) "Community manager" has the meaning ascribed to it in NRS 116.023 or 116B.050.

(b) "Unit-owners' association" has the meaning ascribed to it in NRS 116.011 or 116B.030.

13. NRS 649.390 Provides:

NRS 649.390 Investigation of verified complaint concerning unlicensed person; order to cease and desist; administrative fines; suit to recover fine; cumulative penalties.

1. The Commissioner shall conduct an investigation if he receives a verified complaint from any person that sets forth reason to believe that an unlicensed person is engaging in an activity for which a license is required pursuant to this chapter.

> 2. If the Commissioner determines that an unlicensed person is engaging in an activity for which a license is required pursuant to this chapter, the Commissioner shall issue and serve on the person an order to cease and desist from engaging in the activity until such time as the person obtains a license from the Commissioner. [...]

14. On September 12, 2008, FID and Kondrup issued an Order to Cease and Desist Activities (hereinafter, the "Order.") The Order required Alessi Trustee Corporation to "Cease and Desist from operating and/or engaging in the business of 'collecting claims for others, or of soliciting the right to collect or receive payment for another of any claim, [...] or seek to make collection or obtain payment of any claim on behalf of another,' including but not limited to, cease and desist from performing or offering to perform 'any act associated with the foreclosure of a lien' within the State of Nevada unless and until such time Respondent becomes licensed by the Division pursuant to NRS Chapter 649." **(A true and correct copy of this order is attached hereto as Exhibit "C.")**

15. The Order contains multiple factual falsehoods. These falsehoods include the allegations that (1) "Alessi Trustee Corporation is not a business registered with the State of Nevada Secretary of State," (2) Alessi Trustee Corporation is a "community manager" as defined in NRS 116.023 (which section defines the term as "a person who provides for or otherwise engages in the management of a common-interest community or the management of an association of a condominium hotel"), and (3) Alessi Trustee Corporation does not have a licensed collection manager on staff.

16. In reality, Alessi Trustee Corporation (1) has been duly licensed as a Nevada corporation since December of 2002 **(A true and correct copy of this corporate documentation is**

7

**attached hereto as Exhibit "D."**), (2) does not manage any common-interest communities or condominium hotel associations, and (3) employs Amanda Lower, who has been a licensed collection manager since July 1, 2007, and who is an integral part of Alessi Trustee Corporation's non-judicial foreclosure activities Amanda Lower's collection manager license was signed by Deputy Commissioner Kondrup of FID on July 1, 2007 (**A true and correct copy of this license is attached hereto as Exhibit "E."**)

17. The Order falsely alleges that Alessi Trustee Corporation is a "community manager" as defined in NRS 116.023, and that this fact triggers the licensing requirement of NRS 649.075(a). Based on this false allegation, the Order concludes that Alessi Trustee Corporation's collection activities were unlawful for lack of a collection license.

18. Alessi Trustee Corporation was established in 2003 and carried on its collection activities in reliance on FID's prior determination that Alessi Trustee Corporation was exempt from NRS 649.075(a)'s licensing requirement. During its years of operation, Alessi Trustee Corporation gained a wealth of experience, garnered the good will of numerous clients, and made significant investments of capital in the business. Alessi Trustee Corporation's right to carry on its business was a vested right protected under the Due Process Clause of the 14th Amendment. See Dent v. West Wirginia, 129 U.S. 114 (1889)

19. In violation of Third Party Plaintiffs' procedural and substantive due process rights, Kondrup and FID issued the Order to Cease and Desist Activities without providing any prior notice or opportunity to be heard regarding the legal and factual determinations made therein. Furthermore, FID had for years informed Third Party Plaintiffs that Alessi Trustee Corporation was exempt from the licensing requirement of NRS 649, then did an abrupt

"about face" by issuing the Order of September 12, 2008, in which it made the exact opposite determination.

20. Through communications between Kondrup and Alessi Trustee Corporation, amongst other times, shortly after Alessi Trustee Corporation was formed in 2003 and during conversations in 2008, Kondrup became familiar with Alessi Trustee Corporation's business activities and knew that neither Alessi Trustee Corporation nor any of its employees managed common interest communities. Despite this knowledge, Kondrup intentionally fabricated evidence that Alessi Trustee Corporation engaged in the management of common interest communities, which evidence provided the basis for the Cease and Desist Order. Kondrup's actions constitute a deliberate flouting of the law which trammeled Third Party Plaintiffs' right to carry on in their business and a malicious attempt to use his authoritative position to harm Third Party Plaintiffs.

21. Furthermore, upon information and belief, Kondrup issued the Order, in part, for the improper purpose of impacting the progress of a pending lawsuit Alessi Trustee Corporation had initiated on March 9, 2008 in the Clark County District Court against, amongst other defendants, RMI Management, LLC (hereinafter, "RMI"). RMI provides management services for common interest communities as defined in NRS 116.061. RMI was also a competitor with Alessi Trustee Company in the field of collection for past due assessments for common interest communities, as RMI "bundles" said collection services with the community management services it provides. The lawsuit alleged that RMI's bundling of management and collection services, amongst other things, violated NAC 116.400(5)'s requirement that a community management company "ensure that the executive board

9

obtains, when practicable, at least three bids from reputable service providers who possess the proper licensing for any service used by the association." The lawsuit alleged that said violation creates for RMI an unfair and illegal competitive advantage over other management and collection companies.

22. During the course of that litigation, on August 25, 2010 (less than one month prior to the issuance of the Cease and Desist Order), counsel for RMI contacted Daniel Ebihara, Deputy Attorney General of the State of Nevada and acting attorney for the FID, for a "telephone conference [...] re claims about Alessi's licensing." Said telephone conference is referenced in the RMI's Motion for Attorney's Fees filed during the course of the litigation. (**A true and correct copy of the pertinent page of this motion is attached hereto as Exhibit "F."**)

23. Upon information and belief, Kondrup and FID issued the Order, in part, for the improper purpose harming Alessi Trustee Corporation's ability to prevail in that litigation. In fact, the Order was issued on September 12, 2008, six days prior to the hearing date for RMI's Motion to Dismiss, which the court granted on highly questionable grounds.

24. The Order caused significant and foreseeable financial loss and other harm to Third Party Plaintiffs. Predictably, the Order was circulated throughout Nevada's Homeowner Association industry, and was reviewed by all of Alessi Trustee Corporation's clients. Many clients reacted by immediately severing their business relationship with Alessi Trustee Corporation. Many other potential clients have been dissuaded from retaining Alessi Trustee Corporation, who otherwise would have retained the company. Many of the allegations asserted in this lawsuit are directly related to the Order.

25. In response to the Order, Third Party Plaintiffs decided that merging Alessi Trustee

Corporation with the law firm of Alessi & Koenig would best minimize the damage that the Order was causing to the business. Alessi & Koenig was able to take over Alessi Trustee Corporation's non-judicial foreclosure activities because Alessi & Koenig is a law firm, and is exempt from the licensing requirement of NRS 649. Third Party Plaintiffs merged the companies shortly after the Order was issued, then spent much effort explaining to clients that Alessi Trustee Corporation's prior collection activity was done in reliance on FID's prior determination that Alessi Trustee Corporation was exempt from the licensing requirement, and that there would not be any further licensing issues because future collection work would be conducted through the law office of Alessi & Koenig. Multiple clients were lost in spite of Third Party Plaintiffs' efforts. The Order has remained an issue with Alessi & Koenig's clients, and has required explanation to clients on an ongoing basis.

## CAUSE OF ACTION

### (On behalf of ALL Third Party Plaintiffs

### as against Third Party Defendant Stephen Kondrup)

### (Civil Action for Violation of Right)

26. Third Party Plaintiffs repeat and re-alleges paragraphs 1-25 as though fully set forth herein.

27. This is an action brought under 42 U.S.C. section 1983 against Third Party Defendant for violation of Third Party Plaintiffs' right to substantive and procedural due process.

28. Alessi Trustee Corporation, as a private corporation, is a "person" within the meaning of 42 U.S.C. section 1983. *Fulton Market Cold Storage Co. V. Cullerton*, 582F.2d 1071, 1079 (7th Cir. 1978), *cert. denied*, 439 U.S. 1121, 99 S.Ct. 1033, 59 L.Ed.2d 82 (1979); *Advocates for*

11

*the Arts v. Thomson*, 532 F.2d 792, 794 (1st Cir.), *cert. denied*, 429 U.S. 894, 97 S.Ct. 254, 50 L.Ed.2d 177 (1976).

29. NRS 649.390(1) provides: "The Commissioner shall conduct an investigation if he receives a verified complaint from any person that sets forth reason to believe that an unlicensed person is engaging in an activity for which a license is required pursuant to this chapter." Under *Buckley v. Fitzsimmons*, 509 U.S. 259, 269, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993), quasi-prosecutorial immunity does not attach to acts which are not undertaken "as an advocate for the State," but which are instead undertaken in "searching for clues and corroboration that might give [...] probable cause to recommend an arrest." Here, in response to a verified complaint made against Alessi Trustee Corporation and pursuant to NRS 649.390(1), Kondrup acted in a non-advocate role in conducting an investigation into Alessi Trustee Corporation's business activities to determine whether sufficient cause existed to issue a cease and desist order regarding unlicensed collections. During that investigation, under color of state law, Kondrup fabricated evidence concerning Alessi Trustee Corporation's business activities, including evidence that Alessi Trustee Corporation was engaged in the management of common interest communities. Kondrup subsequently issued a Cease and Desist Order based upon that fabricated evidence which commanded Alessi Trustee Corporation to immediately cease collection activities, which Order closed Alessi Trustee Corporation's business operations.

30. As a direct and proximate result of Kondrup's conduct alleged herein, Third Party Plaintiffs have suffered damages in an amount over $10,500,000 and subject to proof at trial.

31. Third Party Plaintiffs have had to, or will have to, employ attorneys, appraisers and other

12

experts for the investigation and prosecution of this action and have incurred, and will incur, fees and expenses for their services in an amount that is not ascertainable at present. Third Party Plaintiffs will seek leave of Court to amend this Petition and Complaint when the true amount of such fees, costs and expenses is known to them, or according to proof at trial.

**SECOND CAUSE OF ACTION**

**(On behalf of ALL Third Party Plaintiffs)**

**(As against the State of Nevada)**

**(Declaratory Relief)**

**(Facial and "As Applied" Challenges to NRS 649.490)**

32. Third Party Plaintiffs incorporate by this reference all of the allegations contained in Paragraphs 1-31 herein as though set forth at length.

33. An actual controversy has arisen and now exists between Third Party Plaintiffs and the State of Nevada regarding the constitutionality of NRS 649.390, pursuant to which FID issued the Order to Cease and Desist Activities issued on September 12, 2008. Namely, Plaintiff Ellis's Class Action Complaint relies on the Order as a basis for alleging that Alessi Trustee Corporation was engaged in unlawful collection practices. An additional controversy exists between Third Party Plaintiffs and Third Party Defendants as to whether the Order was issued in violation of Third Party Plaintiffs' right to due process of law.

34. Alessi Trustee Corporation desires a declaratory judgment that NRS 649.490 is facially unconstitutional under the 14th Amendment for requiring the Commissioner to issue a Cease and Desist Order which deprives the target of constitutionally protected liberty and property

13

interests without providing the target any prior notice or opportunity to be heard.

35. Alessi Trustee Corporation further desires a declaratory judgment that NRS 649.490 is unconstitutional "as applied" in these circumstances. Specifically, FID had informed Alessi Trustee Corporation for more than five years, both through oral communication and through listing Alessi Trustee Corporation as "exempt" on the FID website, that Alessi Trustee Corporation was exempt from the licensing requirement of NRS 649.075(1). During this time period, and in reliance on FID's representations, Third Party Plaintiffs developed vested property and liberty interests in carrying on in their profession, which included carrying out non-judicial foreclosures on behalf of common interest communities pursuant to NRS 116. As applied in these circumstances, NRS 649.490 violated Third Party Plaintiffs' procedural and substantive due process rights in that (a) the 14th Amendment requires notice and a hearing be provided *prior* to the issuance of the Order, since the subsequent administrative appeal the statute provides would come only after the Order materially damaged Third Party Plaintiffs' constitutionally protected interests, (b) the State had no legitimate interest in bringing Third Party Plaintiffs' business activities to an immediate halt given the number of years the State had blessed Third Party Plaintiffs' business activities by informing both the public and Alessi Trustee Corporation that Alessi Trustee Corporation was exempt from the licensing requirement, and (c) Kondrup fabricated the essential evidence on which the Order was based.

//
//
//

WHEREFORE, Third Party Plaintiffs pray for judgment against Kondrup as follows:

1. For damages resulting from Kondrup's violation of Third Party Plaintiffs' rights under the Federal Constitution, including but not limited to damages for emotional distress for Third Party Plaintiffs David Alessi;

2. For fees and costs for appraisers and other experts for the investigation and prosecution of this action.

3. For attorneys' fees as may be provided by law;

4. For costs of suit herein;

5. For punitive damages; and

6. For such other and further relief as the Court deems just and proper.

WHEREFORE, Third Party Plaintiffs pray for judgment against the State of Nevada as follows:

1. For declaratory relief;

2. For fees and costs for appraisers and other experts for the investigation and prosecution of this action.

3. For attorneys' fees as may be provided by law;

//
//
//
//
//

4. For costs of suit herein;

5. For such other and further relief as the Court deems just and proper.

Dated: June 23rd, 2011.                    Respectfully submitted,

*/s/ Ryan Kerbow*

Thomas J. Bayard (CA SBN 226247)
ALESSI & BAYARD
556 N Diamond Bar Blvd, Suite 300
Diamond Bar, California 91765
Phone: (909) 861-8300
Fax:    (877) 877-6530

Robert A. Koenig (NV SBN 3203)
ALESSI & KOENIG
9500 W. Flamingo, Suite 205
Las Vegas, Nevada 89147
Phone: (702) 222-4033
Fax:    (702) 254-9044

Attorneys for Defendants and
Third Party Plaintiffs