UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MELINDA ELLIS,

    Plaintiff,

v.

ALESSI TRUSTEE CORPORATION; et al.,

    Defendants.

3:09-CV-0428-LRH-RAM

ORDER

    Before the court is third-party defendants' motion to strike third-party plaintiff's first amended complaint. Doc. #73.[1] Third-party plaintiffs filed an opposition (Doc. #78) to which third-party defendants replied (Doc. #79).

**I.    Facts and Background**

    In 2003, defendant/third-party plaintiff Alessi Trustee Corporation ("ATC") was formed as a separate and distinct entity from defendant/third-party plaintiff Alessi & Koenig, LLC ("Koenig"). ATC contacted then State of Nevada Department of Business and Industry's Financial Institutions Division ("FID") commissioner L. Scott Walshaw ("Walshaw") to inquire whether ATC required a license to perform non-judicial foreclosure work in Nevada. In a February 20, 2003 letter, Walshaw stated that under NRS § 649 *et seq.*, he believed that ATC did not need to obtain a

---

[1] Refers to the court's docket number.

license. Third-party defendant Stephen Kondrup ("Kondrup") concurred in the exempt status when he became a deputy commissioner and, during his tenure, repeatedly stated that there was no problem with ATC conducting non-judicial foreclosure proceedings because ATC was not a community manager which required licensing. Thereafter, ATC began performing non-judicial foreclosure work.

In 2005, NRS Section 649 was amended to remove various licensing exemptions. Amended NRS 649.020(3)(a) provides that a community manager is anyone "engaged in the management of a common-interest community if the community manager, or any employee, agent or affiliate of the community manager, performs or offers to perform any act associated with the foreclosure of a lien." In light of the 2005 amendments, Kondrup and FID investigated ATC's collection operations. On September 12, 2008, Kondrup and FID issued a cease and desist order against ATC finding that they were a community manager subject to licensing.

On July 15, 2009, underlying plaintiff Melinda Ellis ("Ellis") filed a class action complaint against ATC and Koenig alleging that defendants, acting as a collection agency for a homeowner's association, violated the Fair Debt Collection Practices Act. On August 10, 2009, defendants filed a third-party complaint against third-party defendants Kondrup and FID alleging that the September 12, 2008 cease and desist order directing ATC to cease and desist all collection operations was improper. Doc. #7. In response, third-party defendants filed a motion to dismiss the third-party complaint (Doc. #34) which was granted by the court (Doc. #53).

More than a year later, on June 23, 2011, third-party plaintiffs filed an amended third-party complaint without leave of court. Doc. #72. Thereafter, third-party defendants filed the present motion to strike. Doc. #73.

///
///
///

2

## II. Discussion

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the court may strike a filing for "any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). In their motion, third-party defendants argue that the amended third-party complaint is an impertinent filing because it was filed without leave of court. *See* Doc. #73. The court agrees.

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading after a responsive pleading has been filed only with the opposing party's written consent or by leave of court. FED. R. CIV. P. 15(a)(2). Here, neither requirement was met. Further, no motion to amend was ever filed by third-party plaintiffs, nor was a copy of the proposed amended third-party complaint provided to the court for its review in accordance with LR 15-1. Accordingly, the court shall grant third-party defendants' motion and strike the amended third-party complaint.

IT IS THEREFORE ORDERED that third-party defendants' motion to strike (Doc. #73) is GRANTED. The clerk of court is directed to STRIKE third-party plaintiffs' amended complaint (Doc. #72).

IT IS FURTHER ORDERED that third-party defendants' motion to dismiss (Doc. #81) is DENIED as moot.

IT IS SO ORDERED.

DATED this 8th day of November, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE