UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MELINDA ELLIS,<br><br>       Plaintiff,<br><br>v.<br><br>ALESSI TRUSTEE CORPORATION; et al.,<br><br>       Defendants. | 3:09-CV-0428-LRH-RAM<br><br><u>ORDER</u> |

Before the court is defendants/counter-claimants Alessi Trustee Corporation ("ATC") and Alessi & Koenig, LLC's ("Koenig") motion for summary judgment. Doc. #91.[1] Plaintiff Melinda Ellis ("Ellis") filed an opposition (Doc. #112) to which defendants replied (Doc. #114).

**I.    Facts and Background**

In January 2000, plaintiff Ellis purchased real property in the Arrowcreek subdivision of Washoe County, Nevada. In December 2000, Ellis purchased another property in the same subdivision. Both properties were subject to recorded Covenants, Conditions, and Restrictions ("CC&Rs") which include the collection of homeowner's association dues for the care and maintenance of the subdivision.

In 2003, defendant Alessi Trustee Corporation ("ATC") was formed as a separate and

---

[1] Refers to the court's docket number.

distinct entity from defendant Alessi & Koenig, LLC ("Koenig"). ATC was formed to perform non-judicial foreclosure work in Nevada on behalf of homeowner's associations like Arrowcreek.

In early 2008, Ellis defaulted on her homeowner's association obligations for both properties. In response, ATC initiated non-judicial foreclosure proceedings on Ellis' properties on behalf of Arrowcreek.

On July 15, 2009, underlying plaintiff Melinda Ellis ("Ellis") filed a complaint against ATC and Koenig alleging that defendants, acting as a collection agency for a homeowner's association, violated the Fair Debt Collection Practices Act. Defendants counterclaimed for payment of the association dues. Doc. #6. Thereafter, defendants filed the present motion for summary judgment. Doc. #91.

## II.   Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party. *See id.* at 252.

### III.   Discussion

Defendants argue that the court should enter judgment in their favor because it is undisputed that Ellis defaulted on her homeowner's association obligations. *See* Doc. #91. Although it is undisputed that Ellis owes over $10,000 for the association dues between both properties, the court finds that there is a disputed issue of material fact as to whether ATC had authority to attempt to collect the association debt and initiate non-judicial foreclosure proceedings, which precludes summary judgment.

In September 2008, after ATC initiated non-judicial foreclosure proceedings against Ellis, the State of Nevada Department of Business and Industry's Financial Institutions Division ("FID") commissioner, Stephen Kondrup ("Kondrup"), issued a cease and desist letter to ATC finding that ATC was a community manager under NRS 649.020(3)(a), and thus, was subject to state licensing. Because ATC was not licensed as a debt collection agency, commissioner Kondrup mandated that ATC immediately stop all debt collection activities. Thus, viewing the evidence in the light most favorable to Ellis as the non-moving party, defendants were not authorized to collect the homeowner's association dues owed by Ellis or to initiate the non-judicial foreclosure proceedings

on Arrowcreek's behalf. Therefore, the court finds that there are disputed issues of material fact precluding summary judgment and shall deny defendants' motion accordingly.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment (Doc. #91) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for a settlement conference (Doc. #113) is GRANTED. This matter is REFERRED to the Honorable Robert A. McQuaid, Jr. for the purpose of conducting a settlement conference.

IT IS SO ORDERED.

DATED this 28th day of November, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE