UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MELINDA ELLIS,

    Plaintiff,

v.

ALESSI TRUSTEE CORPORATION; et al.,

    Defendants.

3:09-CV-0428-LRH-RAM

ORDER

Before the court is plaintiff Melinda Ellis' ("Ellis") motion for summary judgment. Doc. #118.[1] Defendants/counter-claimants Alessi Trustee Corporation ("ATC") and Alessi & Koenig, LLC's ("Koenig") (collectively "defendants") filed an opposition (Doc. #121) to which Ellis replied (Doc. #129).

Also before the court is Ellis' motion for sanctions. Doc. #120.

**I.    Facts and Background**

In January 2000, plaintiff Ellis purchased real property in the Arrow Creek subdivision of Washoe County, Nevada. In December 2000, Ellis purchased another property in the same subdivision. Both properties were subject to recorded Covenants, Conditions, and Restrictions ("CC&Rs") which include the collection of homeowner's association dues for the care and maintenance of the subdivision.

---

[1] Refers to the court's docket number.

In 2003, defendant Alessi Trustee Corporation ("ATC") was formed as a separate and distinct entity from defendant Alessi & Koenig, LLC ("Koenig"). ATC was formed to perform non-judicial foreclosure work in Nevada on behalf of homeowner's associations like Arrowcreek.

In early 2008, Ellis defaulted on her homeowner's association obligations for both properties. In response, ATC initiated non-judicial foreclosure proceedings on Ellis' properties on behalf of Arrow Creek.

On July 15, 2009, underlying plaintiff Melinda Ellis ("Ellis") filed a complaint against ATC and Koenig alleging three causes of action: (1) breach of fiduciary duty; (2) violation of the Fair Debt Collection Practices Act ("FDCPA"); and (3) civil racketeering. Defendants counterclaimed for payment of the association dues. Doc. #6. Thereafter, Ellis filed the present motion for summary judgment on her claims. Doc. #118.

## II.   Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

2

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party. *See id.* at 252.

**III.   Discussion**

   **A.  Breach of Fiduciary Duty**

A confidential or special relationship arises from the specific actions and particular situations of the parties. *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 882 (9th Cir. 2007). A confidential relationship exists "where one party gains the confidence of the other and purports to act or advise with the other's interests in mind" and is in such a superior position as to exert influence over the other party. *Id*. at 881-882. A special relationship requires a showing that (1) the situation would cause a reasonable person to impart special confidence in another, and (2) the trusted party reasonably should have known of that confidence. *Id*. Further, the special confidence that is placed in another must be more confidence and reliance than would be placed in an ordinary person or business carrying out the same activities. *Mackintosh v. Jack Mathews & Co.*, 855 P.2d 549, 550 (Nev. 1993).

Here, it is undisputed that defendants were hired by the Arrow Creek Home Owner's Association ("HOA") to initiate lien measures and non-judicial foreclosure activities against Ellis' properties. As such, the parties had an adversarial rather than a fiduciary relationship. Accordingly, the court shall deny Ellis' motion as to this issue.

### B.  Unfair Debt Collection Practices

The FDCPA targets "abusive, deceptive, and unfair debt collection practices," primarily with respect to consumer debt. 15 U.S.C. § 1692. A "debt" is defined as "any obligation . . . to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). Section 1692k of the FDCPA provides a private right of action against debt collectors who violate its provisions. For the purposes of the FDCPA, a "debt collector" is expansively defined as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts. . . . For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6). Most debt collectors are subject to the full array of FDCPA regulations, and those agents attempting collection on liens created by HOA assessment delinquencies are no exception. *See Calvert v. Allessi & Koenig, LLC*, 2:11-cv-0333-LRH-PAL, 2013 U.S. Dist. LEXIS 20017, *14-15 (Nev. 2013) (holding that debt collectors attempting to collect HOA delinquencies are subject to U.S.C. § 1692e).

Section 1692e(11) of the FDCPA provides that in both initial and subsequent communications to a debtor, the debt collector must disclose "that the communication is from a debt collector." The purposes behind the FDCPA require "a liberal construction of § 1692e(11) so as to protect the least sophisticated consumer." *Costa v. National Action Financial Services*, 634 F. Supp. 2d 1069, 1076 (E.D. Cal. 2007) (quotation marks and citation omitted). Courts have tended to enforce section 1692e strictly. *See, e.g., Lensch v. Armada Corp.*, 795 F. Supp. 2d 1180, 1189 (W.D. Wash. 2011); *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1081 n. 8 (E.D. Cal. 2008). *See also Edwards v. Niagara Credit Solutions, Inc.*, 586 F. Supp. 2d 1346, 1353 (N.D. Ga. 2008) ("[The debt collector] may not agree that its conduct was false, deceptive, or misleading. But its undisputed conduct is defined as such, and thus prohibited, under the statute."); *Drossin v. National*

*Action Fin. Services, Inc.*, 641 F. Supp. 2d 1314, 1319 (S.D. Fla. 2009) ("The provisions of the FDCPA are clear that in initial or *subsequent* communications, it must be disclosed that the communication is from a debt collector."). This includes subsection (11). *Lensch*, 795 F. Supp. 2d at 1189; Schwarm, 552 F. Supp. 2d at 1081.

Here, defendants' lien letters are undisputedly communications to collect on a debt. In their opposition, defendants point out that the lien letters disclose that ATC was acting on behalf of the Arrow Creek HOA for past due assessment payments. But these disclosures are not, individually or collectively, disclosures that ATC is a debt collector. *See* Doc. #129, Exhibit 15. Therefore, these lien letters violate section 1692e(11). Accordingly, the court shall grant Ellis' motion as to this issue.

### C.  Civil Racketeering

A claim for civil racketeering requires allegations identifying the time, place, and manner of each fraud plus the role of each defendant in the alleged scheme. *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989). Additionally, a plaintiff must allege two predicate acts of racketeering activity. *See* 18 U.S.C. § 1961(5).

Here, Ellis has failed to proffer evidence establishing defendants' conduct in carrying out the alleged scheme to defraud. Further, Ellis has failed to proffer any evidence identifying the two requisite predicate acts. Thus, Ellis has failed to meet her burden of informing the court of the basis for her motion, along with evidence showing the absence of any genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323. Accordingly, the court shall deny Ellis' motion as to this issue.

### D.  Motion for Sanctions

In her motion for sanctions, Ellis requests sanctions against the defendants pursuant to LR IA 4-1 on the basis that defendants have violated a court order. *See* Doc. #120.

LR IA 4-1 provides that "[t]he court may, after notice and opportunity to be heard, impose any and all appropriate sanctions on an attorney, or party appearing in pro se who, without just cause: (d) fails to comply with any order of this court." LR IA 4-1(d). Here, the order identified by

Ellis in her motion is an order issued by a state court in a separate action and not an order of this court. Thus, there is no basis for this court to issues sanctions against defendants for an alleged violation of an order not entered by this court. Accordingly, the court shall deny Ellis' motion for sanctions.

      IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment (Doc. #118) is GRANTED in-part and DENIED in-part in accordance with this order.

      IT IS FURTHER ORDERED that the clerk of court shall enter judgment in favor of plaintiff Melinda Ellis and against defendants Alessi Trustee Corporation and Alessi & Koenig, LLC on plaintiff's second cause of action for violation of the Fair Debt Collection Practices Act.

      IT IS FURTHER ORDERED that plaintiff's motion for sanctions (Doc. #120) is DENIED.

      IT IS SO ORDERED.

      DATED this 6th day of June, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE