Mark J. Bourassa (SBN 7999)
**THE BOURASSA LAW GROUP, LLC**
8668 Spring Mountain Road, Suite 101
Las Vegas, NV 89117
Telephone:	(702) 851-2180
Facsimile:	(702) 851-2189
Email:	mbourassa@bourassalawgroup.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MELINDA ELLIS, individually and on behalf of all other similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ALESSI TRUSTEE CORPORATION; DAVID ANTHONY ALESSI; and ALESSI & KOENIG, LLC.; and DOES I through XX,<br><br>　　　　　　Defendant(s). | CASE NO.  3:09-cv-00428-LRH-WGC<br><br>**PLAINTIFF'S BRIEF REGARDING DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT** |

Plaintiff MELINDA ELLIS ("Plaintiff"), by and through her attorneys, THE BOURASSA LAW GROUP, LLC, by Mark J. Bourassa, Esq. and Trent L. Richards, Esq., hereby submits the following Brief Regarding Damages Under the Fair Debt Collection Practices Act pursuant to the Court's Order Minute Order dated June 3, 2014.

**I.	Summary Of Facts.**

Plaintiff is the owner of two properties in Reno, Nevada, one located at 1200 Broken Feather Court, and the other located at 5835 Flowering Sage Trail.  In 2007 and early 2008, Plaintiff fell behind on her monthly assessment dues owed to Arrowcreek Homeowners

Association ("Arrowcreek") with respect to both properties due to financial problems. As a result, Plaintiff was contacted by Alessi Trustee Corporation ("ATC") (and later, their successor, Alessi & Koenig. LLC ("Alessi")), who sought to collect the allegedly outstanding amounts on Arrowcreek's behalf. *See* **Exhibit 1** at AC 002, 006, 0057, 0058, 0063, 0086 and 00117. However, the communications failed to disclose that ATC is a debt collector collecting a debt as required by the Fair Debt Collection Practices Act ("FDCPA"). *Id.* Moreover, ATC was not licensed as a debt collection agency under Nevada law. *See* **Exhibit 2**.

In June 2007, ATC recorded liens on Plaintiff's properties on behalf of Arrowhead.[1] Thereafter, on May 21, 2008, Plaintiff filed a complaint seeking damages against ATC and Alessi.[2] However, on November 24, 2008, Arrowcreek, through Alessi, again filed Notices of Delinquent Assessment (Lien) with respect to each of Plaintiff's properties. *See* **Exhibit 5**. The November 2008 liens remain on Plaintiff's properties.

On July 15, 2009, Plaintiff filed an amended complaint alleging three causes of action against ATC and Alessi relating to their unlawful collection activities: (1) breach of fiduciary duty; (2) violation of the FDCPA; and (3) civil racketeering. *See* **Exhibit 6**. In essence, Plaintiff contends that ATC and Alessi violated the FDCPA by failing to disclose in its lien letters that it is a debt collector. Plaintiff also contends that ATC and Alessi engaged in a scheme to collect "kickbacks" in the form of "audit fees" in violation of NRS 116.31185, which is a breach of fiduciary duty and constitutes racketeering activity in violation of NRS 207.360. *Id.* Plaintiff also contends that Defendants unlawfully applied her payments to their fees and charges rather than to assessments owed. *See* NAC 116A.345(7).

---

[1] These liens were released in December 2008.

[2] Plaintiff also initially sued Arrowcreek, however, the Court lacked granted Arrowcreek's Motion to Dismiss the claims against Arrowcreek on the grounds that the court lacked jurisdiction to hear the claims against Arrowcreek because Plaintiff had not submitted the claims to alternative dispute resolution pursuant to NRS 38.310. *See* **Exhibit 3**. Plaintiff has since arbitrated these claims pursuant to NRS 38.310. *See* **Exhibit 4**.

Plaintiff subsequently filed a motion for partial summary judgment on her claims. *See* Doc. #118.  On June 7, 2013, the Court granted Plaintiff's motion in part, holding that ATC and Alessi's lien letters constituted communications in connection with collection of a consumer debt, and because the communications did not contain the disclosures required by 15 U.S.C. section 1692e(11), Defendants violated the FDCPA. *See* Doc. #141.  The Court also entered judgment in favor of Plaintiff with respect to her FDCPA claim. *Id.*

**II.   Analysis.**

   **A.  Damages Under the FDCPA.**

Plaintiff seeks an award of damages under the FDCPA.  The FDCPA, 15 U.S.C. section 1692k provides, in pertinent part, that

> any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--
> (1) any actual damage sustained by such person as a result of such failure;
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000….

Section 1692k also provides for an award of attorney fees and costs to a prevailing plaintiff.  15 U.S.C. § 1692k(a)(3).  As it has already been determined that Alessi and ATC failed to comply with 15 U.S.C. § 1692e(11), the only thing remaining is to determine the amount of damages Plaintiff is owed as a result of this violation.

   **1.  Actual Damages.**

As this Court has ruled, ATC was operating as an unlicensed collection agency in sending out its non-compliant collection letters, and it was therefore not authorized to collect assessments on behalf of Arrowcreek *or* initiate the judicial foreclosure process.  Plaintiff has significant actual damages as a result of this unlawful collection activity; namely, Plaintiff has

been unable to sell her properties. In 2008, according to the Washoe County Assessor, the Flowering Sage property was worth approximately $351,000.00. *See* **Exhibit 7**. It has been on the market since 2007 but has not sold,[3] and is now worth only $104.630.00. *Id.* The Broken Feather property was worth approximately $813,313.00 in 2008 according to the Washoe County Assessor. *See* **Exhibit 8**. The Broken Feather property has been on and off the market since that time, and is now worth only $557,277.00. *Id.* Thus, Plaintiff has approximately $502,406.00 in lost profits.

### 2. Statutory Damages.

Plaintiff is also entitled to an award of statutory damages up to $1,000. 15 U.S.C. section 1692k provides that, in determining the amount of statutory damages to award, the court "shall consider, among other relevant factors…the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." Here, the facts demonstrate that Plaintiff should be awarded the maximum statutory damages.

Defendants' noncompliance was frequent and intentional, as Defendants sent Plaintiff at least seven letters to Plaintiff demanding payment of the alleged assessments. *See* **Exhibit 1** at AC 002, 006, 0057, 0058, 0063, 0086 and 00117. This is not the case where the required language was erroneously left off of a communication; ***none*** of these communications contain the disclosure required by 15 U.S.C. section 1692e(11). Moreover, as ATC was operating as an unlicensed collection agency in sending out these non-compliant letters, its actions were grossly misleading. *Id.*; **Exhibit 2**; Doc. No. 115. These factors mitigate in favor of a full statutory damage award.

### 3. Attorney Fees.

---

[3] Plaintiff was previously unable to sell her properties due to the now-released June 2007 liens.

Plaintiff has also incurred attorney fees and costs prosecuting her claims, both to The Bourassa Law Group, LLC and her previous counsel. Counsel will timely file a Motion for an award of these fees, as well as a bill of costs, at the conclusion of this matter.

### III.  Conclusion.

As set forth above, Plaintiff requests that the Court award her $503,406.00 as a result of Defendants' FDCPA violations, representing her actual damages and statutory damages. Plaintiff should also recover her reasonable attorney fees and costs.

Dated the 12th day of June 2014.

          **THE BOURASSA LAW GROUP, LLC**

          *s/s Mark J. Bourassa, Esq.*
          MARK J. BOURASSA, ESQ.
          Nevada Bar No. 7999
          TRENT L. RICHARDS, ESQ.
          Nevada Bar No. 11448
          8668 Spring Mountain Road, Suite 101
          Las Vegas, Nevada 89117
          Telephone: (702) 851-2180
          Facsimile: (702) 851-2189

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **PLAINTIFF'S BRIEF REGARDING DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT** was electronically filed this 12th day of June, 2014, and is available for viewing and downloading from the ECF System of the United States District Court for the District of Nevada.

The undersigned further certifies that a true and correct copy of the foregoing document was served by mailing a copy thereof, first class mail, postage prepaid, this 12th day of June 2014 as follows:

Robert A. Koenig, Esq.
Alessi & Koenig, LLC
9500 W Flamingo, Suite 100
Las Vegas NV 89147

Tom Bayard, Esq.
David Alessi, Esq.
Alessi & Bayard
556 N Diamond Bar Blvd,, Suite 300
Diamond Bar, CA  91765

                 *s/s Hilary Steward*
                 An employee of
                 The Bourassa Law Group, LLC