Mark J. Bourassa (SBN 7999)
**THE BOURASSA LAW GROUP, LLC**
8668 Spring Mountain Road, Suite 101
Las Vegas, NV 89117
Telephone:    (702) 851-2180
Facsimile:    (702) 851-2189
Email:         mbourassa@bourassalawgroup.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MELINDA ELLIS, individually and on behalf of all other similarly situated | CASE NO.  3:09-cv-00428-LRH-WGC |
| Plaintiff, | **PLAINTIFF'S REPLY IN SUPPORT OF BRIEF REGARDING DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT** |
| vs. | |
| ALESSI TRUSTEE CORPORATION; DAVID ANTHONY ALESSI; and ALESSI & KOENIG, LLC.; and DOES I through XX, | |
| Defendant(s). | |

Plaintiff MELINDA ELLIS ("Plaintiff"), by and through her attorneys, THE BOURASSA LAW GROUP, LLC, by Mark J. Bourassa, Esq. and Trent L. Richards, Esq., hereby submits the following Reply in Support of Brief Regarding Damages Under the Fair Debt Collection Practices Act pursuant to the Court's Order Minute Orders dated June 3, 2014 and June 25, 2014.

//

//

//

**II.     Analysis.**

**A.  Plaintiff Is Entitled To Actual Damages.**

In its November 28, 2011 Order denying Defendants' Motion for Summary Judgment (Doc. 115), this Court held as follows:

> In September 2008, after ATC initiated non-judicial foreclosure proceedings against Ellis, the State of Nevada Department of Business and Industry's Financial Institutions Division ("FID") commissioner, Stephen Kondrup ("Kondrup"), issued a cease and desist letter to ATC finding that ATC was a community manager under NRS 649.020(3)(a), and thus, was subject to state licensing. Because ATC was not licensed as a debt collection agency, commissioner Kondrup mandated that ATC immediately stop all debt collection activities. Thus, viewing the evidence in the light most favorable to Ellis as the non-moving party, defendants were not authorized to collect the homeowner's association dues owed by Ellis or to initiate the non-judicial foreclosure proceedings on Arrowcreek's behalf.

Thus, ATC sent out non-compliant collection letters, and sought to collect alleged unpaid assessments from Plaintiff even though it was not authorized to do so.  As a direct result of this unauthorized collection activity, Plaintiff has been unable to sell her properties as set forth in Plaintiff's Brief regarding damages.

**B.  Plaintiff is Entitled To Statutory Damages.**

As this Court has held, the policy behind the FDCPA is to encourage "'parties who have suffered no loss to bring civil actions for statutory violations.'" *Hernandez v. Guglielmo*, 977 F.Supp.2d 1054, 1055 (D. Nev. 2013) (*quoting Jacobson v. Healthcare Financial Services, Inc.*, 516 F.3d 85, 96 (2d Cir.2008)). "'Without a real sting, the defendants would be unlikely to be deterred from violating the Act, in light of the substantial profit to be made using aggressive and improper collection practices.'" *Id.* (*quoting U.S. v. National Financial Services, Inc.*, 98 F.3d 131, 141 (4th Cir.1996)).  Indeed, one of the purposes of statutory damages is to create an

incentive for plaintiffs to pursue FDCPA claims. *Id.* at 1055-56 (*citing Hicks v. Client Services, Inc.*, 257 F.R.D. 699, 701 (S.D.Fla.2009)).

Defendants attempt to minimize their violation of the FDCPA by claiming that some of the noncompliant letters were duplicates, sent to Plaintiff at different properties, and that others were "generated *at the request of Plaintiff.*" Whether the letters were duplicative or whether Plaintiff did or did not request the communication does not change the fact that, **on at least seven occasions**, Defendants sent Plaintiff noncompliant communications. Moreover, while Defendants insist that the failure to include the language required by section 1692e(11) was somehow unintentional, this contention ignores the inescapable fact that ATC was acting as an unlicensed collection agency when the letters were sent. The fact that the collection activity was *itself* unlawful magnifies the deceptiveness of the failure to include legally required disclosures in Defendants' communications with Plaintiff. Thus, an award of $1000 in statutory damages is appropriate.

**III.   Conclusion.**

For all the foregoing reasons, and for all the reasons set forth in Plaintiff's opening Brief, Plaintiff requests that the Court award her $503,406.00 as a result of Defendants' FDCPA violations, representing her actual damages and statutory damages. Plaintiff should also recover her reasonable attorney fees and costs, to be decided by motion at the conclusion of this

//

//

//

//

//

1  litigation.

2      Dated the 25th day of June 2014.

3                                  **THE BOURASSA LAW GROUP, LLC**

4

5                                  *s/s Mark J. Bourassa, Esq.*
                                 MARK J. BOURASSA, ESQ.

6                                   Nevada Bar No. 7999
                                 TRENT L. RICHARDS, ESQ.

7                                   Nevada Bar No. 11448
                                 8668 Spring Mountain Road, Suite 101

8                                   Las Vegas, Nevada 89117
                                 Telephone: (702) 851-2180

9                                   Facsimile: (702) 851-2189

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **PLAINTIFF'S BRIEF REGARDING DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT** was electronically filed this 12th day of June, 2014, and is available for viewing and downloading from the ECF System of the United States District Court for the District of Nevada.

The undersigned further certifies that a true and correct copy of the foregoing document was served by mailing a copy thereof, first class mail, postage prepaid, this 12th day of June 2014 as follows:

Robert A. Koenig, Esq.
Alessi & Koenig, LLC
9500 W Flamingo, Suite 100
Las Vegas NV 89147

Tom Bayard, Esq.
David Alessi, Esq.
Alessi & Bayard
556 N Diamond Bar Blvd,, Suite 300
Diamond Bar, CA  91765

*s/s Hilary Steward*
An employee of
The Bourassa Law Group, LLC