# EXHIBIT 1

# EXHIBIT 1

## DUTY OF JURY (COURT READS AND
## PROVIDES WRITTEN INSTRUCTIONS)

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**<u>Authority</u>**

Ninth Circuit Model Jury Instructions 1.1A.

## DUTY OF JURY (COURT READS INSTRUCTIONS ONLY)

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**<u>Authority</u>**

Ninth Circuit Model Jury Instructions 1.1B

## DUTY OF JURY (COURT READS AND PROVIDES
## WRITTEN INSTRUCTIONS AT END OF CASE)

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you as to the law of the case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

*or*

[A copy of these instructions will be sent with you to the jury room when you deliberate.]

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Authority**

Ninth Circuit Model Jury Instructions 1.1C

## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiff first claims that Defendants breached their fiduciary duties, and that Defendant's actions constitute racketeering in violation of Nevada Law. The Plaintiff has the burden of proving these claims and any damages therefrom. Plaintiff also contends that she is owed damages as a result of the Court's finding that Defendants violated the Fair Debt Collection Practices Act. You are asked to determine the amount of damages to be awarded to Plaintiff as a result of Defendants violation of the Fair Debt Collection Practices Act.

The defendants deny all claims generally.

## **Authority**

Ninth Circuit Model Jury Instructions 1.2

## BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Authority**

Ninth Circuit Model Jury Instructions 1.3

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits which are received into evidence; and

3.  any facts to which the lawyers have agreed.

## **Authority**

Ninth Circuit Model Jury Instructions 1.6.

# WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**<u>Authority</u>**

Ninth Circuit Model Jury Instructions 1.7

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**<u>Authority</u>**

Ninth Circuit Model Jury Instructions 1.9

## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## <u>Authority</u>

Ninth Circuit Model Jury Instructions 1.10

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;
(2) the witness's memory;
(3) the witness's manner while testifying;
(4) the witness's interest in the outcome of the case and any bias or prejudice;
(5) whether other evidence contradicted the witness's testimony;
(6) the reasonableness of the witness's testimony in light of all the evidence; and
(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Authority**

Ninth Circuit Model Jury Instructions 1.11

## CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, [and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.


### Authority

Ninth Circuit Model Jury Instructions 1.12

## NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**Authority**

Ninth Circuit Model Jury Instructions 1.13

## TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## **Authority**

Ninth Circuit Model Jury Instructions 1.14

## QUESTIONS TO WITNESSES BY JURORS

### INSTRUCTION

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

### PROCEDURES

In the event the court allows jurors to submit questions for witnesses the committee recommends that judges use the following procedures:

1.  At the conclusion of each witness's testimony, the court asks if jurors have written questions, which are brought to the judge;

2.  Outside the presence of the jury, counsel are given the opportunity to make objections to the question or to suggest modifications to the question, by passing the written question between counsel and the court during a side-bar conference or by excusing jurors to the jury room;

3.  The judge asks the question of the witness;

4.  Counsel are permitted to ask appropriate follow-up questions; and

5.  The written questions are made part of the record.

Each court is encouraged to develop a form for juror use. The form makes it easier for the court to retain the question for inclusion in the court record.

The form should include the case name and number. Most of the form's page should be set aside for the juror to use in writing the proposed question. A section should also be reserved for the court to use in noting the date and time when the question was proposed and noting whether the judge allowed the question to be asked, either as proposed or as revised. The form may also be used to provide jurors with additional information, or even just a reminder, about the procedures discussed in this instruction.


**Authority**

Ninth Circuit Model Jury Instructions 1.15

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**<u>Authority</u>**

Ninth Circuit Model Jury Instructions 1.18

## OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement.

An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

## **Authority**

Ninth Circuit Model Jury Instructions 1.19

## USE OF INTERROGATORIES OF A PARTY

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers [have been] [were] given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Authority**

Ninth Circuit Model Jury Instructions 2.10

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Authority**

Ninth Circuit Model Jury Instructions 3.1

## CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, [and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

## **Authority**

Ninth Circuit Model Jury Instructions 3.1A

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**Authority**

Ninth Circuit Model Jury Instructions 3.2

## RETURN OF VERDICT

A verdict form has been prepared for you. [*Any explanation of the verdict form may be given at this time.*] After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

## <u>Authority</u>

Ninth Circuit Model Jury Instructions 3.3

## DEADLOCKED JURY

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now retire and continue your deliberations.

**Authority**

Ninth Circuit Model Jury Instructions 3.5

## LIABILITY OF CORPORATIONS—SCOPE OF
## AUTHORITY NOT IN ISSUE

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**<u>Authority</u>**

Ninth Circuit Model Jury Instructions 4.2

## LIABILITY OF LIMITED LIABILITY COMPANY—SCOPE OF AUTHORITY NOT IN ISSUE

Under the law, a limited liability company is considered to be a person. It can only act through its employees, agents, managers, or members. Therefore, a limited liability company is responsible for the acts of its employees, agents, managers, and members performed within the scope of authority.


**<u>Authority</u>**

Ninth Circuit Model Jury Instructions 4.2 (modified).

## DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

The Court has already determined that Alessi & Koenig, LLC is liable to Plaintiff with respect to her claim under the Fair Debt Collection Practices Act ("FDCPA"). The Court determined as a matter of law that Alessi & Koenig violated the FDCPA when it sent plaintiff multiple lien letters that did not contain language required by the FDCPA disclosing that Alessi & Koenig is a debt collector. You must determine Plaintiff's damages with respect to this claim. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for the injury caused by the defendant. You should consider the following:

1. An award of statutory damages up to $1,000. Plaintiff is not required to prove statutory damages. The amount of an award of statutory damages should be based upon the frequency and persistence of the violation by the debt collector, the nature of the violation, and the extent to which the violation was intentional.

2. Any actual damages incurred by plaintiff as a result of Alessi & Koenig's noncompliance with the FDCPA. Plaintiff has the burden of proving actual damages by a preponderance of the evidence.

If you find for the plaintiff on plaintiff's claim of breach of fiduciary duty and/or racketeering, you must determine the plaintiff's damages. The plaintiff has the burden of proving any damages by a preponderance of the evidence. You should consider the following:

Any lost profits from plaintiff's inability to sell her properties from June 2007 to the present time as a result of defendants' conduct.

If you find for the plaintiff on plaintiff's claim of racketeering, and you find that plaintiff has proven damages with respect to this claim, you shall award her an amount equal to three times the amount of damages she has proven.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## __Authority__

Ninth Circuit Model Jury Instructions 5.1, 5.2 (modified); 15 U.S.C. § 1692k; N.R.S. 207.470.

## PUNITIVE DAMAGES

If you find that plaintiff is entitled to compensatory damages for actual harm caused by the defendants' breach of an obligation, then you may consider whether you should award punitive damages against that defendant. The question whether to award punitive damages against a particular defendant must be considered separately with respect to each defendant.

You may award punitive damages against a defendant only if plaintiff proves by clear and convincing evidence that the wrongful conduct upon which you base your finding of liability for compensatory damages was engaged in with fraud, oppression or malice on the part of the defendant. You cannot punish a defendant for conduct that is lawful, or which did not cause actual harm to the plaintiff.

For the purposes of your consideration of punitive damages only:

"Fraud" means an intentional misrepresentation, deception or concealment of a material fact known to a defendant with the intent to deprive the plaintiff of rights or property or to otherwise injure the plaintiff.

"Oppression" means despicable conduct that subjects the plaintiff to cruel and unjust hardship with a conscious disregard of the rights of the plaintiff.

"Malice" means conduct which is intended to injure the plaintiff or despicable conduct which is engaged in with a conscious disregard of the rights or safety of the plaintiff.

"Despicable conduct" means conduct that is so vile, base or contemptible that it would be looked down upon and despised by ordinary, decent people.

"Conscious disregard" means knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate failure to avoid these consequences.

The purposes of punitive damages are to punish a wrongdoer that acts with fraud, oppression and/or malice in harming a plaintiff and deter similar conduct in the future, not to make the plaintiff whole for her injuries. Consequently, a plaintiff is never entitled to punitive damages as a matter of right and whether to award punitive damages against a defendant is entirely within your discretion.

## Authority

N.J.I. 12PD.1 (modified); NRS 42.001; NRS 42.005(1); *Countrywide Home Loans v. Thitchener*, 124 Nev. Adv. Op. No. 64, 192 P.3d 243 (2008); *Evans v. Dean Witter Reynolds, Inc.*, 116 Nev. 598, 5 P.3d 1043 (2000); *Clark v. Lubritz*, 113 Nev. 1089, 944 P.2d 861 (1997); *see also, State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513 (2003); *White v. Ford Motor Co.*, 312 F.3d 998 (9th Cir. 2002); *College Hospital, Inc. v. Superior Court*, 8 Cal.4th 704, 882 P.2d 894, 907 (1994) ("despicable" conduct).

## Punitive Damages—Amount

There are no fixed standards for determining the amount of a punitive damage award; the amount, if any, is left to your sound discretion, to be exercised without passion or prejudice and in accordance with the following governing principles.

The amount of a punitive damage award is not to compensate the plaintiff for harm suffered but what is reasonably necessary (in light of the defendant's financial condition) and fairly deserved (in light of the blameworthiness and harmfulness inherent in the defendant's conduct) to punish and deter the defendant and others from engaging in conduct such as that warranting punitive damages in this case. Your award cannot be more than otherwise warranted by the evidence in this case merely because of the wealth of the defendant. Your award cannot either punish the defendant for conduct injuring others who are not parties to this litigation or financially annihilate or destroy the defendant in light of the defendant's financial condition.

In determining the amount of your punitive damage award, you should consider the following guideposts separately for each defendant:

1. The degree of reprehensibility of the defendant's conduct, in light of (a) the culpability and blameworthiness of the defendant's fraudulent, oppressive and/or malicious misconduct under the circumstances of this case; (b) whether the conduct injuring plaintiff that warrants punitive damages in this case was part of a pattern of similar conduct by the defendant; and (c) any mitigating conduct by the defendant, including any efforts to settle the dispute.

2. The ratio of your punitive damage award to the actual harm inflicted on the plaintiff by the conduct warranting punitive damages in this case, since the measure of punishment must be both reasonable and proportionate to the amount of harm to the plaintiff and to the compensatory damages recovered by the plaintiff in this case.

3. How your punitive damages award compares to other civil or criminal penalties that could be imposed for comparable misconduct, since punitive damages are to provide a means by which the community can express its outrage or distaste for the misconduct of a fraudulent, oppressive or malicious defendant and deter and warn others that such conduct will not be tolerated.

### Authority
N.J.I. 12PD.2 (modified); *Bongiovi v. Sullivan*, 122 Nev. 556, 138 P.3d 433 (2006); *Dillard Dep't. Stores, Inc. v. Beckwith*, 115 Nev. 372, 989 P.2d 882 (1999), cert. denied, 530 U.S. 1276 (2000); *Albert H. Wohlers & Co. v. Bartgis*, 114 Nev. 1249, 969 P.2d 949 (1999), cert. denied, 527 U.S. 1038 (1999); *Guar. Nat'l. Ins. Co. v. Potter*, 112 Nev. 199, 912 P.2d 267 (1996); *Ace Truck & Equip. Rentals, Inc. v. Kahn*, 103 Nev. 503, 746 P.2d 132 (1987); *see also, Phillip Morris USA v. Williams*, 549 U.S. 346 (2007); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Johnson v. Ford Motor Co.*, 35 Cal.4th 1191, 113 P.3d 82 ( 2005); *Simon v. San Paolo U.S. Holding Co., Inc.*, 35 Cal.4th 1159, 113 P.3d 63 ( 2005).

## FIDUCIARY RELATIONSHIP: ELEMENTS

A fiduciary relationship exists when one has the right to expect trust and competence in the integrity and fidelity of another.

**Authority**

N.J.I. 14CR.13; *Powers v. United Services Auto. Ass'n*, 115 Nev. 38, 979 P.2d 1286 (1999).

## FIDUCIARY RELATIONSHIP: BREACH

Plaintiff seeks to recover damages based upon a claim that defendants breached their fiduciary duties. A fiduciary relationship may arise by statute, contract, conduct, or confidential relationship. When a fiduciary relationship exists, whether a breach of that duty has occurred is a question of fact.

In order for you to find for the plaintiff you must find that:

1. A fiduciary relationship existed between the plaintiff and defendants, or any of them, at the time of the alleged misconduct;
2. Within the scope of this relationship the defendant had the duties to exercise care, fairness, and good faith in their dealings with the plaintiff;
3. The defendant(s) violated of one or more of these duties;
4. The plaintiff was damaged; and
5. The defendant(s) caused the plaintiff's damages.

## Authority

N.J.I. 15CT.4; *Bedore v. Familian*, 122 Nev. 5, 125 P.3d 1168 (2006); *Leavitt v. Leisure Sports, Incorporation*, 103 Nev. 81, 734 P.2d 1221 (1987); *American Sodium Co. v. Shelley*, 51 Nev. 344, 276 P. 11 (1929); MODEL JURY INSTRUCTIONS: BUSINESS TORTS LITIGATION § 7.2 (Ian H. Fisher, Bradley P. Nelson, eds., 4th ed. 2005).

## FIDUCIARY DUTIES: DUTY OF CARE

A fiduciary relationship gives rise to a duty of care. If you find that defendants, or any of them, and plaintiff had a fiduciary relationship, then the defendant had a duty to exercise due care in its dealings with the plaintiff. This duty required the defendant to perform its functions in good faith, in a manner reasonably believed to be in the best interest of [name of plaintiff], and with the care that an ordinarily prudent person, in a similar position and under similar circumstances, would reasonably be expected to exercise.

### Authority

N.J.I. 15CT.5; *Shoen v. SAC Holding Corp.*, 122 Nev. 621, 137 P.3d 1171 (2006); MODEL JURY INSTRUCTIONS: BUSINESS TORTS LITIGATION § 7.3.12.b (Ian H. Fisher, Bradley P. Nelson, eds., 4th ed. 2005).

## RACKETEERING

The plaintiff claims that defendants engaged in racketeering and that, as a result of such activity, the plaintiff was damaged.

To establish this claim, the plaintiff must prove:

1. The defendant engaged in at least two crimes related to racketeering that have the same or similar pattern, intents, results, accomplices, victims or methods of commission;
2. The defendant's crimes relating to racketeering caused the plaintiff damages;
3. The plaintiff's damages were a reasonably foreseeable result of defendant's crimes relating to racketeering; and
4. The plaintiff did not participate in the commission of the crimes relating to racketeering.

### Authority

N.R.S. 207.390; *Allum v. Valley Bank of Nevada*, 109 Nev. 280, 283, 849 P.2d 297, 299 (1993); *Hale v. Burkhardt*, 104 Nev. 632, 635-636, 764 P.2d 866, 868 (1988).

## RACKETEERING—"CRIME RELATED TO RACKETEERING" DEFINED

"Crime related to racketeering" means the commission of, attempt to commit or conspiracy to commit, certain crimes, including the crime of taking property from another under circumstances not amounting to robbery, or obtaining possession of money or property valued at $650 or more.

It is not necessary for the plaintiff to show that a defendant has been convicted of any crime.

**Authority**

N.R.S. 207.195; *Hale v. Burkhardt*, 104 Nev. 632, 635-636, 764 P.2d 866, 868 (1988).