Mark J. Bourassa (SBN 7999)
**THE BOURASSA LAW GROUP, LLC**
8668 Spring Mountain Road, Suite 101
Las Vegas, NV 89117
Telephone:     (702) 851-2180
Facsimile:      (702) 851-2189
Email:         mbourassa@bourassalawgroup.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MELINDA ELLIS, individually and on behalf of all other similarly situated, | ) CASE NO.  3:09-cv-00428-LRH-WGC |
| Plaintiff, | ) |
| vs. | ) |
| ALESSI TRUSTEE CORPORATION; DAVID ANTHONY ALESSI; and ALESSI & KOENIG, LLC.; and DOES I through XX, | ) **PLAINTIFF'S  TRIAL BRIEF** |
| Defendant(s). | ) |

Plaintiff, MELINDA ELLIS ("Plaintiff"), by and through her attorneys, Mark J. Bourassa, Esq. and Trent L. Richards, Esq. of THE BOURASSA LAW GROUP, LLC, hereby submits her Trial Brief as follows:

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION.

Plaintiff is the owner of two properties in Reno, Nevada, one located at 1200 Broken Feather Court, and the other located at 5835 Flowering Sage Trail.  In 2007 and early 2008, Plaintiff fell behind on her monthly assessment dues owed to Arrowcreek Homeowners Association ("Arrowcreek") with respect to both properties due to financial  problems.   As a

result, Plaintiff was contacted by Alessi Trustee Corporation ("ATC") (and later, their successor, Alessi & Koenig. LLC ("Alessi")), who sought to collect the alleged outstanding amounts on Arrowcreek's behalf. *See* **Exhibit 1** at AC 002, 006, 0057, 0058, 0063, 0086 and 00117. However, the communications failed to disclose that ATC is a debt collector collecting a debt as required by the Fair Debt Collection Practices Act ("FDCPA"). *Id.* Moreover, ATC was not licensed as a debt collection agency under Nevada law. *See* **Exhibit 2**.

In June 2007, ATC recorded liens on Plaintiff's properties on behalf of Arrowcreek.[1] Thereafter, on May 21, 2008, Plaintiff filed a complaint seeking damages against ATC and Alessi.[2] However, on November 24, 2008, Arrowcreek, through Alessi, again filed Notices of Delinquent Assessment (Lien) with respect to each of Plaintiff's properties. *See* **Exhibit 4**. The November 2008 liens remain on Plaintiff's properties.

On July 15, 2009, Plaintiff filed an amended complaint alleging three causes of action against ATC and Alessi relating to their unlawful collection activities: (1) breach of fiduciary duty; (2) violation of the FDCPA; and (3) civil racketeering. *See* **Exhibit 5**. In essence, Plaintiff contends that ATC and Alessi violated the FDCPA by failing to disclose in its lien letters that it is a debt collector. Plaintiff also contends that Defendants unlawfully applied her payments to their fees and charges rather than to assessments owed. *See* NAC 116A.345(7).

Plaintiff subsequently filed a motion for partial summary judgment on her claims. *See* Doc. #118. On June 7, 2013, the Court granted Plaintiff's motion in part, holding that ATC and Alessi's lien letters constituted communications in connection with collection of a consumer

---

[1] These liens were released in December 2008.
[2] Plaintiff also initially sued Arrowcreek, however, the Court granted Arrowcreek's Motion to Dismiss the claims against Arrowcreek on the grounds that the court lacked jurisdiction to hear the claims against Arrowcreek because Plaintiff had not submitted the claims to alternative dispute resolution pursuant to NRS 38.310. Plaintiff has since arbitrated these claims pursuant to NRS 38.310, and received a ruling in her favor. *See* **Exhibit 3**.

debt, and because the communications did not contain the disclosures required by 15 U.S.C. section 1692e(11), Defendants violated the FDCPA. *See* Doc. #141. The Court also entered judgment in favor of Plaintiff with respect to her FDCPA claim. *Id.* Plaintiff's claims for breach of fiduciary duty and racketeering remain for trial, as well as a determination of damages owed as a result of Defendants' violation of the FDCPA.

## II.   ARGUMENT.

### A. FIRST CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY.

In order to demonstrate liability for breach of fiduciary duty, Plaintiff must show the following:  1) A fiduciary relationship existed between the plaintiff and defendants, or any of them, at the time of the alleged misconduct; 2) Within the scope of this relationship the defendant had the duties to exercise care, fairness, and good faith in their dealings with the plaintiff; 3) The defendant(s) violated of one or more of these duties; 4) The plaintiff was damaged; and 5) The defendant(s) caused the plaintiff's damages. *See* N.J.I. 15CT.4; *Bedore v. Familian*, 122 Nev. 5, 125 P.3d 1168 (2006); *Leavitt v. Leisure Sports, Inc.*, 103 Nev. 81, 734 P.2d 1221 (1987); *American Sodium Co. v. Shelley*, 51 Nev. 344, 276 P. 11 (1929).

Here, ATC and Alessi were tasked with collecting payments from Plaintiff and applying them correctly to her Arrowcreek account. In connection with these actions, Defendants had the duty to exercise care, fairness, and good faith in their dealings with Plaintiff. However, instead of applying her payments to her Arrowcreek account, the evidence will demonstrate that ATC and Alessi took the majority (and in some cases, all) of Plaintiff's payments instead of applying them to her Arrowcreek account, rendering it impossible for Plaintiff to ever become current on her assessments. Moreover, as this Court has ruled, ATC was operating as an unlicensed

1   collection agency and it was not authorized to collect assessments on behalf of Arrowcreek or

2   initiate the judicial foreclosure process.

3       Plaintiff also has significant damages as a result of ATC and Alessi's conduct; namely,

4   Plaintiff has been unable to sell her properties.   In 2008, according to the Washoe County

5   Assessor, the Flowering Sage property was worth approximately $351,000.00.  *See* **Exhibit 6**.

6   It has been on the market since 2007 but has not sold,[3] and is now worth only $104.630.00.  *Id.*

7   The Broken Feather property was worth approximately $813,313.00 in 2008 according to the

8   Washoe County Assessor.  *See* **Exhibit 7**.  The Broken Feather property has been on and off the

9   market since that time, and is now worth only $557,277.00.  *Id.*    Thus, Plaintiff has

10  approximately $502,406.00 in lost profits as a result of Defendants' actions.

## B.  SECOND CAUSE OF ACTION – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT.

14      As stated above, the Court has already found Defendants liable to Plaintiff for violation

15  of the FDCPA.  Thus, the sole remaining issue for the jury is damages.

16      The FDCPA, 15 U.S.C. section 1692k provides, in pertinent part, that

> any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of–
> (1) any actual damage sustained by such person as a result of such failure;
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000....

22  Section 1692k also provides for an award of attorney fees and costs to a prevailing plaintiff.  15

23  U.S.C. § 1692k(a)(3).

24      As set forth above in detail, Plaintiff has approximately $502,406.00 in actual damages

25  based upon lost profits as a result of Defendants' actions.  Plaintiff is also entitled to an award

---

[3] Plaintiff was previously unable to sell her properties due to the now-released June 2007 liens.

of statutory damages up to $1,000.  15 U.S.C. section 1692k provides that, in determining the amount of statutory damages to award, the court "shall consider, among other relevant factors…the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."  Here, the facts demonstrate that Plaintiff should be awarded the maximum statutory damages for each of the properties.

Defendants' noncompliance was frequent and intentional, as Defendants sent Plaintiff at least seven letters to Plaintiff demanding payment of the alleged assessments.  *See* **Exhibit 1** at AC 002, 006, 0057, 0058, 0063, 0086 and 00117.  This is not the case where the required language was erroneously left off of a communication; ***none*** of these communications contain the disclosure required by 15 U.S.C. section 1692e(11).  Moreover, as ATC was operating as an unlicensed collection agency in sending out these non-compliant letters, its actions were grossly misleading.  *Id.*; **Exhibit 2**; Doc. No. 115.  These factors mitigate in favor of a full statutory damage award of $1000 per property in addition to her actual damages.[4]  Additionally, these factors support an award of Plaintiff's actual damages, including lost profits from the sale of the properties while the title to the properties were clouded.

## C. THIRD CAUSE OF ACTION – RACKETEERING.

To establish a claim for civil racketeering, Plaintiff must prove: 1) The defendant engaged in at least two crimes related to racketeering that have the same or similar pattern, intents, results, accomplices, victims or methods of commission; 2) The defendant's crimes relating to racketeering caused the plaintiff damages; 3) The plaintiff's damages were a reasonably foreseeable result of defendant's crimes relating to racketeering; and 4) The plaintiff

---

[4] Plaintiff has also incurred attorney fees and costs prosecuting her claims, both to The Bourassa Law Group, LLC and her previous counsel.  Counsel will timely file a Motion for an award of these fees, as well as a bill of costs, at the conclusion of this matter.

did not participate in the commission of the crimes relating to racketeering.  N.R.S. 207.390; *Allum v. Valley Bank of Nevada*, 109 Nev. 280, 283, 849 P.2d 297, 299 (1993); *Hale v. Burkhardt*, 104 Nev. 632, 635-636, 764 P.2d 866, 868 (1988).  NRS 207.360 states, in part:

> "Crime related to racketeering" defined. "Crime related to racketeering" means the commission of, attempt to commit or conspiracy to commit any of the following crimes:
>
> \*        \*        \*
>
> 26.  Obtaining possession of money or property valued at $650 or more.

Here, as the evidence will demonstrate, on more than two occasions, Defendants took Plaintiff's payments to Arrowcreek, in part or in whole, in amounts in excess of $650, by cashing Plaintiff's checks to Arrowcreek, and collecting part of the payments and failing to apply them to her Arrowcreek account.  In addition, ATC was not licensed to collect these payments on behalf of Arrowcreek.  As a result, Plaintiff suffered lost profits as described above.  It was reasonably foreseeable to Defendants that, if they took her payments rather than applying them to her Arrowcreek account, Plaintiff would not be able to become current with respect to her assessments, and in turn would not be able to sell her property due to liens for unpaid assessments recorded on her property by Defendants.  Thus, Defendants are liable to Plaintiff for civil racketeering.

\\\

\\\

\\\

\\\

\\\

\\\

\\\

## III.   CONCLUSION.

For all the foregoing reasons, the evidence admitted at trial will demonstrate that Defendants are liable to Plaintiff for breach of fiduciary duty and civil racketeering.  In addition, the evidence demonstrates that Plaintiff has suffered damages in the approximate amount of $502,406.00, plus $1000 per property in statutory damages for Defendants' violation of the FDCPA, plus attorney fees and costs to be determined by motion at the conclusion of the trial.

Dated the ___13th___ day of January 2015.

                                        THE BOURASSA LAW GROUP, LLC


                                        MARK J. BOURASSA, ESQ.
                                        Nevada Bar No. 7999
                                        TRENT L. RICHARDS, ESQ.
                                        Nevada Bar No. 11448
                                        8668 Spring Mountain Road, Suite 101
                                        Las Vegas, Nevada 89117
                                        Telephone: (702) 851-2180
                                        Facsimile: (702) 851-2189
                                        *Attorneys for Plaintiff*