Bradley Bace, Esq.
Nevada Bar No. 12684
Steven T. Loizzi, Jr., Esq.
Nevada Bar No. 10920
ALESSI & KOENIG, LLC
9500 W. Flamingo, Suite 205
Las Vegas, Nevada  89147
Phone: (702) 222-4033
Fax:     (702) 222-4043
brad@alessikoenig.com
steve@alessikoenig.com
Attorney for Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MELINDA ELLIS, individually and on behalf of all other similarly situated,<br><br>      Plaintiff,<br><br>  vs.<br><br>ALESSI TRUSTEE CORPORATION; DAVID ANTHONY ALESSI; and ALESSI & KOENIG, LLC.; and DOES I through XX,<br><br>      Defendant(s). | CASE NO.  3:09-cv-00428-LRH-WGC<br><br>**DEFENDANTS' TRIAL BRIEF** |

## I. BASIC FACTS OF THE CASE

Plaintiff is the owner of two properties located within the Arrow Creek Homeowner's Association. Plaintiff fell behind on her HOA assessments due to alleged financial difficulties. Defendants were retained by the Arrow Creek HOA to collect the delinquent assessments through the non-judicial foreclosure process as allowed for by NRS 116.3116 et. seq.

Plaintiff brings the instant suit asserting causes of action for (1) Civil Racketeering ; (2) Breach of Fiduciary Duty and (3) violations of the Fair Debt Collections Practices Act.

Essentially, Plaintiff contends that Defendants engaged in a kickback scheme in which unlawful "fees" were charged by Defendants to Plaintiff, constituting civil racketeering, and that Defendants failed to property forward or apply monies paid by her to Arrow Creek Homeowners Association, which was a breach of Defendants' fiduciary duties. Plaintiff further claims that Defendants failed to include required language in its correspondence in violation of the FDCPA.  Defendants deny these claims and assert that Plaintiff is responsible for all of the events leading up to this lawsuit due to her failure to pay her bills. Defendants further assert that all fees charged to Plaintiff were expressly allowed by law. Defendants also claim that any violations of the FDCPA are excused by the "bona fide error" defense. *See generally Reichert v. National Credit Systems, Inc.*, 531 F.3d 1002 (9th Cir 2007).

## II. CIVIL RACKETEERING

In order to prevail on her Civil Racketeering claim, Plaintiff must prove the following elements:

  (1) that the Defendants engaged in at least two crimes related to acts of racketeering;

  (2) the time, place and manner of each fraudulent act;

  (3) that Plaintiff suffered causally related damages.

*Moore v. Kayport Package Express, Inc.*, 885 F. 2d 531, 541 (9th Cir. 1989)

  Throughout the course of this case, Plaintiff has never been able to specifically identify any fraudulent activities conducted by Alessi & Koenig or the Alessi Trustee Corporation. This lack of proof will continue through trial. Plaintiff does not dispute that she was delinquent on her assessment obligation to the Arrow Creek Homeowner's Association. All of the collection activities engaged in by the Alessi Defendants were in full accordance with NRS 116 and the Arrow Creek CC&Rs. Plaintiff claims that her assessment payments were improperly allocated between the delinquency owed to the Association and the collection fees and costs incurred through Alesi & Koenig. Plaintiff is simply mistaken. Both NRS 116 and the CC&Rs, specifically provide that collection fees and costs are considered a form of assessments that a part of the Association's lien against delinquent homeowners. *See* Arrow Creek CC&Rs Article 3, Section 11 ; NRS 116.3116(1), 3102(n). Accordingly, it was proper for Alessi & Koenig to do a pro-rata split of Plaintiff's partial payments between her delinquency to the Association and the amount she owed for collection fees and costs.

## III. BREACH OF FIDUCIARY DUTY

  A fiduciary relationship is a special relationship that is based on a high degree of trust and confidence. *Giles v. Glen Motors Acceptance Corp*. 494 F.3d 865 882 (9th Cir. 2007). In this case, Alessi & Koenig is a law firm that was retained by the Arrow Creek HOA to collect monies owed by Plaintiff. The relationship between Alessi & Koenig and Melinda Ellis was

strictly adversarial in nature. It was never based on any type of special trust or confidence. This lack of a fiduciary relationship was already recognized by this Court in denying Plaintiff's Motion for Summary Judgment:

> Here, it is undisputed that defendants were hired by the Arrow Creek Home Owner's Association ("HOA") to initiate lien measures and non-judicial foreclosure activities against Ellis' properties. As such, the parties had an adversarial rather than a fiduciary relationship.

Order on Plaintiff's Motion for Summary Judgment, page 3, lines 23-26 (Docket #141)

Thus, the Plaintiff's claim for breach of fiduciary relationship has already been determined by this Court and Plaintiff should not be allowed to present any further evidence on this issue at trial.

## IV. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

The Court has already granted Plaintiff's Motion for Summary Judgment on the issue of whether the Defendants violated the FDCPA. More specifically, the Court found that Defendants violated the Fair Debt Collection Practices Act by failing to include express language in its correspondence with Plaintiff which identified Defendants as a debt collector as required by the FDCPA. Defendants assert that any such violation was a result of a bona fide and inadvertent error. Although Plaintiff claims that the Court already resolved the issue of bona fide error, this is not the case. Plaintiff's Summary Judgment only established that Plaintiff had carried her burden of establish a violation of the FDCPA. Defendant has the burden of establishing that the bona fide error provisions of the FDCPA apply. *See*, 15 U.S.C ( c); *Reichert*, 531 F.3d at 1006. David Alessi, founder of the Alessi & Koenig law firm will testify at trial that the firm has always had comprehensive procedures in place in order to comply with all of the requisite FDCPA provisions. These procedures included:

(1) a regular review of all documents for FDCPA compliance by a qualified attorney;

(2) Bi-annual staff training on compliance with the FDCPA;

(3) a random spot check of selected files to ensure FDCPA compliance.

These procedures were specifically designed to ensure that the notices sent to all homeowners included the necessary warning language. The fact that certain notices sent to Plaintiff may[1] have been missing this language is a result of legitimate and inadvertent error.

Even if Defendants are unable to carry their burden on the application of the bona fide error defense, Plaintiff will not be entitled to anything other then the minimum statutory damages. Rhetoric aside, Plaintiff does not have any competent and admissible evidence that she suffered any actual damages as a result of any of the alleged technical FDCPA violations. She certainly will not be able to establish that there was any causal connection between the alleged failure to include debt collector language and her claim for damages based on her inability to sell her property.

Dated this __19th__ day of January 2015.

**ALESSI & KOENIG, LLC**

  /s/ Steven T. Loizzi, Jr. Esq.
Bradley Bace, Esq. (12684)
Steven T. Loizzi, Jr., Esq. (10920)
ALESSI & KOENIG, LLC
9500 W. Flamingo, Suite 205
Las Vegas, Nevada  89147
Phone: (702) 222-4033
Fax:    (702) 222-4043
Attorney for Defendants

---

[1] At the time some of these letters were sent to Plaintiff, a separate insert containing the required FDCPA language was included in every envelope. It is unclear whether Plaintiff received any of these inserts. The Defendants intend to inquire of Plaintiff on this issue when she testifies.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of January, 2015, I caused service of a true and correct copy of the foregoing **DEFENDANTS' TRIAL BRIEF** to be made by the Court's electronic service system:

Mark Bourassa, Esq.
8668 Spring Mtn Rd., Ste. 101
Las Vegas, NV 89117
(702) 851-2180
Counsel for Plaintiff

                                            _/s/ Jona L. Lepoma_____
                                            An employee of Alessi & Koenig