UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| MELINDA ELLIS, | ) | CASE NO. 3:09-CV-428-LRH-WGC |
|  | ) |  |
| Plaintiff, | ) | MINUTES OF COURT |
|  | ) |  |
| vs. | ) | DATE: Thursday, January 22, 2015 |
|  | ) |  |
| ALESSI TRUSTEE CORPORATION, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

PRESENT: THE HONORABLE LARRY R. HICKS, U.S. DISTRICT JUDGE

Deputy Clerk:   Dionna Negrete   Reporter: Donna Davidson
Counsel for Plaintiff: Mark J. Bourassa and Trent Richards
Counsel for Defendant: Thomas James Bayard and Steven Loizzi

MINUTES OF JURY TRIAL: (Day 3)

8:33 a.m. Court convenes. Counsel and the jury are present.

David Alessi resumes the witness stand and continues testimony on direct examination by Mr. Bourassa.

Plaintiff's exhibit 69 is offered and Mr. Bourassa requests that the Court take judicial notice of the document; no objection; Plaintiff's exhibit 69 is admitted and the Court takes judicial notice of the document.

Plaintiff's exhibit 68 is offered and Mr. Bourassa requests that the Court take judicial notice of the document; no objection; Plaintiff's exhibit 68 is admitted and the Court takes judicial notice of the document.

Plaintiff's exhibit 72 is offered and Mr. Bourassa requests that the Court take judicial notice of the document; no objection; Plaintiff's exhibit 72 is admitted and the Court takes judicial notice of the document.

Cross examination by Mr. Bayard.

10:15 a.m. The jury is admonished and excused. Court stands at recess.

10:40 a.m. Court reconvenes. The jury and counsel are present.

Ellis v. Alessi, et al.
3:09-cv-428-LRH-WGC
Jury Trial Day 3
January 22, 2015
Page 2
_____/

David Alessi resumes the witness stand and continues testimony on cross examination by Mr. Bayard. The Court informs counsel that juror No. 2 submitted a question, and requests that counsel ask the witness the question for clarification.

Plaintiff's exhibit 3 page 2 is offered; no objection; Plaintiff's exhibit 3 page 2 is admitted.
Plaintiff's exhibit 22 is offered; no objection; Plaintiff's exhibit 22 is admitted.

11:55 a.m. The jury is admonished and excused. Court stands at recess.

1:23 p.m. Court reconvenes. The jury and counsel are present.

David Alessi resumes the witness stand and continues testimony on direct examination by Mr. Bayard.

Defendant's exhibit 511 is marked and offered; objection; Mr. Bourassa requests a sidebar.

2:10 – 2:14 p.m. Sidebar.

Defendant's exhibit 511 is admitted. Counsel is instructed to provide an amended copy as discussed on the record.

Re-direct examination by Mr. Bourassa.

Plaintiff's exhibit 20, page 3 only is offered; no objection; Plaintiff's exhibit 20 page 3 is admitted.
Plaintiff's exhibit 28 is offered; no objection; Plaintiff's exhibit 28 is admitted.
Plaintiff's exhibit 30 is offered; no objection; Plaintiff's exhibit 30 is admitted.
Plaintiff's exhibit 31 is offered; no objection; Plaintiff's exhibit 31 is admitted.
Plaintiff's exhibit 33 is offered; no objection; Plaintiff's exhibit 33 is admitted.
Plaintiff's exhibit 61 is re-offered; no objection; Plaintiff's exhibit 61 is admitted.

Defendant's exhibit 511 is offered; counsel confer regarding the document; counsel indicate to the court they will use portions of this document only and will provide the clerk with a supplemental copy at the break; Defendant's exhibit 511 is admitted, and the new copy shall be marked 511-S, and is admitted accordingly as stated on the record; the Court takes judicial notice of the documents.

Defendant's exhibit 512 is offered; no objection; Defendant's exhibit 512 is admitted; the Court takes judicial notice of the document.

Ellis v. Alessi, et al.
3:09-cv-428-LRH-WGC
Jury Trial Day 3
January 22, 2015
Page 3
_____/

Plaintiff's exhibit 74 is offered; no objection; Plaintiff's exhibit 74 is admitted; the Court takes judicial notice of the document.

2:58 p.m. The jury is admonished and excused. Court stands at recess.

3:21 p.m. Court reconvenes. The jury and counsel are present.

David Alessi resumes the witness stand. The Court states for the record that at the break juror No. 3 submitted two questions to the court clerk. The Court and counsel have reviewed those questions, and counsel stipulates that the Court ask the witness the questions posed. The Court asks additional follow up questions.

Re-direct examination continues by Mr. Bourassa.

Plaintiff's exhibit 23 is offered; no objection; Plaintiff's exhibit 23 is admitted.

Re-cross examination by Mr. Bayard.

Defendant's exhibit 513, page 1 is offered; no objection; Defendant's exhibit 513, page 1 is admitted.

Defendant's exhibit 513, page 2 is offered; no objection; Defendant's exhibit 513, page 2 is admitted.

Plaintiff's rest subject to reservations put on the record at sidebar.

Jeanne Tarantino is called on behalf of the defendant, is sworn and testifies on direct examination by Mr. Bayard.

3:58 – 4:01 p.m. Sidebar.

Direct examination continues of Jeanne Tarantino by Mr. Bayard.

Defendant's exhibit 507 is offered; objection; Mr. Bayard will remove the CC&R's and mark the document next in order as a separate document.

Defendant's exhibit 514 is marked and offered; no objection; Defendant's exhibit 514 is admitted.

Ellis v. Alessi, et al.
3:09-cv-428-LRH-WGC
Jury Trial Day 3
January 22, 2015
Page 4
_____/

Defendant's exhibit 515 is marked and offered; no objection; Defendant's exhibit 515 is admitted.

Cross examination by Mr. Bourassa.

4:58 – 5:04 off the record.

The Court asks the witness a question.

Cross examination continues by Mr. Bourassa. Witness is excused.

Defendants rest.

The Court addresses the jury regarding the remaining schedule of the trial.

IT IS ORDERED that trial is continued to Friday, January 23, 2015, at 11:00 a.m.

5:19 p.m. The jury is admonished and excused. Court stands at recess.

5:30 p.m. Court reconvenes outside the presence of the jury. Counsel is present.

Mr. Loizzi presents argument in support of defendant's Rule 50 Motion. Mr. Bourassa responds on behalf of the Plaintiff.

IT IS ORDERED that Judgment is GRANTED in favor of the defense on the Fiduciary Duty Claim. The Court places his findings on the record.

Ruling is reserved as to the Racketeering claim. The Court outlines the procedure of settling the jury instructions for counsel.

Mr. Bourassa moves to amend the complaint, and for a directed verdict as to the FDCPA claim. The Court grants leave for argument regarding the FDCPA claim as discussed.

Mr. Bourassa further notifies the Court and counsel of contact with a juror in the hallway today. Mr. Bayard responds. The Court is satisfied and no further action shall be taken.

Ellis v. Alessi, et al.
3:09-cv-428-LRH-WGC
Jury Trial Day 3
January 22, 2015
Page 5
_____/

Mr. Bayard withdraws the motion to amend the complaint based on the Court's previous comments.

IT IS ORDERED that counsel shall be present to settle the jury instructions at 9:00 a.m.

6:10 p.m. Court adjourns.


                        LANCE S. WILSON, CLERK

                By:    <u>Dionna Negrete</u>
                        Deputy Clerk