UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

| | | |
|---|---|---|
| MELINDA ELLIS, | ) | CASE NO. 3:09-cv-428-LRH-WGC |
| | ) | |
| Plaintiff, | ) | FINAL JURY |
| | ) | INSTRUCTIONS |
| vs. | ) | |
| | ) | |
| ALESSI TRUSTEE CORPORATION; et al.) | | |
| | ) | |
| Defendant(s). | ) | |



____ ✓ FILED          ____ RECEIVED
____ ENTERED          ____ SERVED ON
                    COUNSEL/PARTIES OF RECORD

JAN 2 6 2014

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                          DISTRICT OF NEVADA

8                                 * * *

9    MELINDA ELLIS,                    )
                                        )
10            Plaintiff,                )        3:09-CV-0428-LRH-WGC
                                        )
11   v.                                 )
                                        )
12   ALESSI TRUSTEE CORPORATION and     )        <u>JURY INSTRUCTIONS</u>
     ALESSI & KOENIG, LLC,              )
13                                      )
             Defendants.                )
14   _____)

15          Members of the jury, now that you have heard all the evidence, it is my duty to instruct you

16   on the law which applies in this case. Copies of these instructions will be sent with you to the jury

17   room when you deliberate.

18          It is your duty to find the facts from all the evidence in the case. To those facts you will

19   apply the law as I give it to you. You must follow the law as I give it to you whether you agree with

20   it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or

21   sympathy. That means that you must decide the case solely on the evidence before you. You will

22   recall that you took an oath promising to do so at the beginning of the case. In following my

23   instructions, you must follow all of them and not single out some and ignore others; they are all

24   equally important. And you must not read into these instructions, or into anything I may have said

25   or done, any suggestion as to what verdict you should return -- that is a matter entirely up to you.

26   JURY INSTRUCTION NO. ___1___

CLAIMS AND DEFENSES

I will give you a brief summary of the positions of the parties on the claims which the Court has ruled are before the jury:

Plaintiff contends that she is owed damages as a result of the Court's finding that Defendants violated the Fair Debt Collection Practices Act.  You are asked to determine the amount of damages to be awarded to Plaintiff as a result of Defendants' violation(s) of the Fair Debt Collection Practices Act.

Plaintiff also claims that Defendants' actions constitute racketeering in violation of Nevada Law.  Plaintiff has the burden of proving these claims and any damages therefrom.

The defendants deny all claims generally.

JURY INSTRUCTION NO. __2__

BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a "preponderance of the evidence," it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

JURY INSTRUCTION NO. 3

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

JURY INSTRUCTION NO. 4

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.   In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

JURY INSTRUCTION NO. _5_

DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

JURY INSTRUCTION NO. _6_

CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

JURY INSTRUCTION NO. 7

1

JUDICIAL NOTICE

2

3      The court has decided to accept statutes and regulations referred to by Plaintiff and

4   Defendants into evidence. You must accept that these representations of the law are accurate.

5   However, these laws should not be read in a way that conflicts with statements of law that are

6   included in these instructions.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   JURY INSTRUCTION NO. 

RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I have ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

JURY INSTRUCTION NO. _____9_____

LIABILITY OF CORPORATIONS

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

JURY INSTRUCTION NO. _*10*_

<u>LIABILITY OF LIMITED LIABILITY COMPANY</u>

Under the law, a limited liability company is considered to be a person. It can only act through its employees, agents, managers, or members. Therefore, a limited liability company is responsible for the acts of its employees, agents, managers, and members performed within the scope of authority.

JURY INSTRUCTION NO. *11*

## TWO OR MORE PARTIES – DIFFERENT LEGAL RIGHTS

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

JURY INSTRUCTION NO. _12_

<u>DAMAGES AND BURDEN OF PROOF UNDER THE FDCPA</u>

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

The Court has already determined that the Defendants are liable to Plaintiff with respect to her claim under the Fair Debt Collection Practices Act ("FDCPA"). The Court determined as a matter of law that the Defendants violated the FDCPA when they sent Plaintiff lien letters that did not contain language required by the FDCPA disclosing that the Defendants were debt collectors. You must determine Plaintiff's damages with respect to this claim. Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for the injury caused by the Defendants as a result of Defendants' violation of the FDCPA. You should consider the following:

1. An award of statutory damages up to $1,000. Plaintiff is not required to prove statutory damages. The amount of an award of statutory damages should be based upon the frequency and persistence of violations by the debt collector of the FDCPA, the nature of the violation(s), and the extent to which the violation(s) were intentional.

2. Any actual damages incurred by Plaintiff as a result of Defendants' violation(s) of the FDCPA found by the Court or additional violations found by the Jury. Plaintiff also has the burden of proving actual damages by a preponderance of the evidence.

3. Plaintiff has the burden of proving any additional violations of the FDCPA and any damages arising therefrom by a preponderance of the evidence.

JURY INSTRUCTION NO. _13_

DAMAGES - CIVIL RACKETEERING

     If you find for Plaintiff on Plaintiff's claim of civil racketeering, you must determine the Plaintiff's damages. Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury caused by the Defendant(s) as a result of any civil racketeering.

     If you find for the Plaintiff on Plaintiff's claim of racketeering, and you find that Plaintiff has proven damages with respect to this claim, you shall award her an amount equal to three times the amount of damages she has proven.

     It is for you to determine what damages, if any, have been proved by a preponderance of the evidence.

     Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

JURY INSTRUCTION NO. _14_

## BONAFIDE ERROR DEFENSE – FAIR DEBT COLLECTIONS PRACTICES ACT

The defendants claim that, if there was any violation of the Fair Debt Collections Practices Act other than the violation that has been found by the Court, it was a bona fide error.  If you find a separate and additional violation of the Act to have occurred, you will be asked to determine if the violation resulted from a bona fide error. The FDCPA provides:

> "A debt collector may not be liable in any action brought under the Fair Debt Collections Practices Act if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error."

You shall find in favor of the defendant on any violations of the FDCPA other than those violations that have been found by the Court if you determine the defendant has proven by a preponderance of the evidence all of the following:

a.  The violation was unintentional;

b.  The violation resulted from a bona fide error; and

c.  The violation happened even though the defendant had reasonable procedures in place to prevent the error from happening.

JURY INSTRUCTION NO. _15_

<u>RACKETEERING</u>

The plaintiff claims that defendants engaged in racketeering and that, as a result of such activity, the plaintiff was damaged.

To establish this claim, the plaintiff must prove:

1. The defendant engaged in at least two crimes related to racketeering that have the same or similar pattern, intents, results, accomplices, victims or methods of commission;

2. The defendant's crimes relating to racketeering caused the plaintiff damages;

3. The plaintiff's damages were a reasonably foreseeable result of defendant's crimes relating to racketeering; and

4. The plaintiff did not participate in the commission of the crimes relating to racketeering.

JURY INSTRUCTION NO.  16

1    RACKETEERING - "CRIMES RELATED TO RACKETEERING" DEFINED

2

3        "Crimes related to racketeering" means the commission of, attempt to commit or conspiracy

4    to commit, certain crimes, including the crime of taking property from another under circumstances

5    not amounting to robbery, or obtaining possession of money or property valued at $650 or more by

6    means of false pretenses.

7        In order to prove the commission of the crime of obtaining money by false pretenses each of

8    the following elements must be proved:

9        1.) That a person made or caused to be made to another person, by word, conduct or

10   writing,

11           a) a representation that was not true, or

12           b) a concealment of a material fact that was calculated to mislead the other.

13       2.) That such person represented or concealed with the intent to defraud,

14       3.) That the false representation or concealment was believed and relied upon by another

15   and was a material cause of inducing the other person to part with his money or property, even if

16   the false representation was not the sole cause, and

17       4.) That the fraud was accomplished in that the other person parted with his money or

18   property.

19       It is not necessary for the plaintiff to show that a defendant has been convicted of any crime.

20

21

22

23

24

25

26   JURY INSTRUCTION NO. _17_

1

INTENT TO DEFRAUD

2

3       An intent to defraud is an intent to deceive another person for the purpose of inducing the

4   person to part with property or to alter the person's position to his or her injury or risk, and to

5   accomplish that purpose by some false statement, false representation of fact, wrongful

6   concealment or suppression of truth, or by any other artifice or act calculated to deceive.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   JURY INSTRUCTION NO. *18*

1    PUNITIVE DAMAGES

2

3        If you find that Plaintiff is entitled to compensatory damages for actual harm caused by the

4    defendants' breach of an obligation constituting racketeering, then you may consider whether you

5    should award punitive damages against that defendant. The question whether to award punitive

6    damages against a particular defendant must be considered separately with respect to each

7    defendant.

8        You may award punitive damages against a defendant only if Plaintiff proves by clear and

9    convincing evidence that the wrongful conduct upon which you base your finding of liability for

10   compensatory damages arising from racketeering was engaged in with fraud, oppression or malice

11   on the part of the defendant. You cannot punish a defendant for conduct that is lawful, or which did

12   not cause actual harm to the plaintiff.

13

14       For the purposes of your consideration of punitive damages only:

15   •    "Fraud" means an intentional misrepresentation, deception or concealment of a material

16        fact known to a defendant with the intent to deprive the plaintiff of rights or property or

17        to otherwise injure the plaintiff.

18   •    "Oppression" means despicable conduct that subjects the plaintiff to cruel and unjust

19        hardship with a conscious disregard of the rights of the plaintiff.

20   •    "Malice" means conduct which is intended to injure the plaintiff or despicable conduct

21        which is engaged in with a conscious disregard of the rights or safety of the plaintiff.

22   •    "Despicable conduct" means conduct that is so vile, base or contemptible that it would

23        be looked down upon and despised by ordinary, decent people.

24   •    "Conscious disregard" means knowledge of the probable harmful consequences of a

25        wrongful act and a willful and deliberate failure to avoid these consequences.

26   ///

1    The purposes of punitive damages are to punish a wrongdoer that acts with fraud,

2  oppression and/or malice in harming a plaintiff and deter similar conduct in the future, not to make

3  the plaintiff whole for her injuries. Consequently, a plaintiff is never entitled to punitive damages

4  as a matter of right and whether to award punitive damages against a defendant is entirely within

5  your discretion.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  JURY INSTRUCTION NO. *19*

1

<u>BURDEN OF PROOF - CLEAR AND CONVINCING EVIDENCE</u>

2

3        When a party has the burden of proving any claim by clear and convincing evidence, it

4   means you must be persuaded by the evidence that the claim is highly probable. This is a higher

5   standard of proof than proof by a preponderance of the evidence.

6        You should base your decision on all of the evidence, regardless of which party presented it.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   JURY INSTRUCTION NO. **20**

## PUNITIVE DAMAGES - AMOUNT

There are no fixed standards for determining the amount of a punitive damage award; the amount, if any, is left to your sound discretion, to be exercised without passion or prejudice and in accordance with the following governing principles.

The amount of a punitive damage award is not to compensate the plaintiff for harm suffered but what is reasonably necessary (in light of the defendant's financial condition) and fairly deserved (in light of the blameworthiness and harmfulness inherent in the defendant's conduct) to punish and deter the defendant and others from engaging in conduct such as that warranting punitive damages in this case. Your award cannot be more than otherwise warranted by the evidence in this case merely because of the wealth of the defendant. Your award cannot either punish the defendant for conduct injuring others who are not parties to this litigation or financially annihilate or destroy the defendant in light of the defendant's financial condition.

In determining the amount of your punitive damage award, you should consider the following guideposts separately for each defendant:

1.   The degree of reprehensibility of the defendant's conduct, in light of (a) the culpability and blameworthiness of the defendant's fraudulent, oppressive and/or malicious misconduct under the circumstances of this case; (b) whether the conduct injuring plaintiff that warrants punitive damages in this case was part of a pattern of similar conduct by the defendant; and (c) any mitigating conduct by the defendant, including any efforts to settle the dispute.

2.   The ratio of your punitive damage award to the actual harm inflicted on the plaintiff by the conduct warranting punitive damages in this case, since the measure of punishment must be both reasonable and proportionate to the amount of harm to the plaintiff and to the compensatory damages recovered by the plaintiff in this case.

///

3. How your punitive damages award compares to other civil or criminal penalties that could be imposed for comparable misconduct, since punitive damages are to provide a means by which the community can express its outrage or distaste for the misconduct of a fraudulent, oppressive or malicious defendant and deter and warn others that such conduct will not be tolerated.

JURY INSTRUCTION NO. **21**

1    USE OF NOTES

2

3        Some of you have taken notes during the trial. Whether or not you took notes, you should

4    rely on your own memory of what was said.  Notes are only to assist your memory.  You should not

5    be overly influenced by your notes.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   JURY INSTRUCTION NO. **22**

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

JURY INSTRUCTION NO. **23**

1    When you retire, you should elect one member of the jury as your foreperson. That person

2  will preside over the deliberations and speak for you here in court.

3    You will then discuss the case with your fellow jurors to reach agreement if you can do so.

4  Your verdict must be unanimous.

5    Each of you must decide the case for yourself, but you should do so only after you have

6  considered all the evidence, discussed it fully with the other jurors, and listened to the views of

7  your fellow jurors.

8    Do not be afraid to change your opinion if the discussion persuades you that you should.

9  But do not come to a decision simply because other jurors think it is right.

10    It is important that you attempt to reach a unanimous verdict but, of course, only if each of

11  you can do so after having made your own conscientious decision. Do not change an honest belief

12  about the weight and effect of the evidence simply to reach a verdict.

13    Your verdict must be based solely on the evidence and on the law as I have given it to you

14  in these instructions. However, nothing that I have said or done is intended to suggest what your

15  verdict should be - that is entirely for you to decide.

16    The arguments and statements of the attorneys are not evidence. If you remember the facts

17  differently from the way the attorneys have stated them, you should base your decision on what you

18  remember.

19    After you have reached unanimous agreement on a verdict, your foreperson will complete

20  the verdict form that has been given to you, sign and date it and advise the marshal outside your

21  door that you are ready to return to the courtroom.

22  GIVEN IN OPEN COURT this 23rd day of January, 2015.

23

24

25                                LARRY R. HICKS
                                 UNITED STATES DISTRICT JUDGE
26  JURY INSTRUCTION NO. 24