MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
TRENT L. RICHARDS, ESQ.
Nevada Bar No. 11448
**THE BOURASSA LAW GROUP, LLC**
8668 Spring Mountain Rd., Suite 101
Las Vegas, Nevada 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
Email: mbourassa@bourassalawgroup.com
trichards@bourassalawgroup.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MELINDA ELLIS, individually and On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALESSI TRUSTEE CORPORATION; DAVID ANTHONY ALESSI; and ALESSI & KOENIG, LLC; and DOES I through XX,<br><br>Defendant. | Case No.: 3:09-cv-00428-LRH-WGC<br><br><br>**MOTION FOR ATTORNEY FEES, COSTS, AND PRE- AND POST-JUDGMENT INTEREST** |

COMES NOW PLAINTIFF MELINDA ELLIS ("Plaintiff") by and through her counsel of record, Mark J. Bourassa, Esq. and Trent L. Richards, Esq. of The Bourassa Law Group, LLC, and hereby moves this Court for an Order awarding attorney fees and costs, as well as pre- and post-judgment interest.

Plaintiff's Motion is made pursuant to Fed. R. Civ. Proc. 54, LR 54-16, and 28 U.S.C. § 1961, and is based upon the pleadings and records on file herein, the following Memorandum of Points and Authorities, and such evidence and argument as may be presented at the hearing on

//

//

- 1 -

1   this motion, if any.

2

3   DATED this 25th day of February, 2015.     **THE BOURASSA LAW GROUP, LLC**

4

5                                               /s/ Mark J. Bourassa

6                                               _____
                                                MARK J. BOURASSA, ESQ.
                                                Nevada Bar No. 7999
7                                               TRENT L. RICHARDS, ESQ.
                                                Nevada Bar No. 11448
8                                               8668 Spring Mountain Road Suite 101
                                                Las Vegas, Nevada 89117
9                                               Tel: (702) 851-2180
                                                *Fax: (702) 851-2189*
10                                              *Attorneys for Plaintiff*

11

12

13   **I.      INTRODUCTION AND STATEMENT OF FACTS.**

14          This matter arises from Defendants Alessi Trustee Corporation's and its successor,

15   Alessi & Koenig, LLC's, attempts to collect allegedly past-due homeowners association

16   assessments from Plaintiff Melinda Ellis on behalf of its client, ArrowCreek Homeowners

17   Association, in connection with properties owned by Plaintiff located at 1200 Broken Feather

18   Court, Reno, Nevada and 5835 Flowering Sage Trail, Reno, Nevada (the Properties").

19
        Plaintiff, through her original counsel, the Law Office of Curtis B. Coulter, P.C.
20
     ("Coulter"), filed this action in Washoe County District Court in May of 2008.  *See* Doc. No. 1.
21
     In her operative Amended Complaint, filed in July of 2009, Plaintiff alleged three claims against
22
     Defendants: for Breach of Fiduciary Duty, violations of the Fair Debt Collection Practices Act
23
     ("FDCPA"), and Racketeering pursuant to NRS 207.350 et seq.  Defendants removed this action
24
     to this Court in August of 2009 based upon the federal claims alleged in Plaintiff's Amended
25
     Complaint.  *Id.*
26
        The Court granted Coulter's motion to withdraw from representing Plaintiff in this
27

28

                                            - 2 -

matter in May of 2012.  *See* Doc. No. 104.  Plaintiff represented herself *pro se* from August of 2012 through February of 2013.  During this time, Plaintiff responded to Defendants' Motion for Summary Judgment, and filed her own Motion for Summary Judgment.  *See* Doc. Nos. 112, 118.  On February 27, 2013, Plaintiff's current counsel, The Bourassa Law Group, LLC ("BLG") entered its appearance on Plaintiff's behalf.  *See* Doc. No. 124.  Thereafter, on June 7, 2013, the Court granted Plaintiff partial summary judgment with respect to her claim under 15 U.S.C. § 1692e(11).  *See* Doc. No. 141.

In January 2015, Plaintiff's remaining claims were tried before a jury.  On January 26, 2015, the jury ruled in favor of Plaintiff with respect to both her remaining FDCPA claims and her racketeering claim, and awarded damages totaling $516,000.00.  Doc. No. 196.

Plaintiff now moves this Court for an award of her reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a) and NRS 207.470(1), as well as an award of pre- and post-judgment interest pursuant to 28 U.S.C. § 1961.

II.   **ARGUMENT.**

    A. **Plaintiff Is Entitled To an Award of Her Reasonable Attorney Fees And Costs.**

The FDCPA, 15 U.S.C. § 1692k(a), provides in pertinent part:

> [A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of --
>
>                                        * * *
>
>  (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

"Given the structure of [§1692k], attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general." *Graziano v. Harrison*, 950 F. 2d 107, 113 (3rd Cir. 1991) (reiterating that

- 3 -

several courts have required an award of attorney's fees even where violations were so minimal that statutory damages were not warranted); *see also French v. Corporate Receivables, Inc.*, 489 F.3d 402 (1st Cir. 2007) (finding that an award of attorney's fees to successful plaintiffs under the FDCPA is obligatory).  "The reason for mandatory fees is that congress chose a 'private attorney general' approach to assume enforcement of the FDCPA."  *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *see also Tolentino v. Friedman*, 46 F.3d 645, 651-652 (7th Cir. 1995).

Likewise, Nevada's civil racketeering statute, NRS 207.470(1), provides for an award of reasonable attorney fees and costs to a successful plaintiff.  ("Any person who is injured in his or her business or property by reason of any violation of NRS 207.400 . . . may also recover attorney's fees in the trial and appellate courts and costs of investigation and litigation reasonably incurred."); *see also Allstate Ins. Co. v. Nassiri*, No. 2:08-CV-369 JCM GWF, 2014 WL 1153503, at *3 (D. Nev. Mar. 14, 2014) (awarding $1,418,769.37 in fees and costs under NRS 207.470(1)).

Here, Plaintiff seeks $125,435.00 in fees incurred by BLG and $22,656.04 in costs incurred by Coulter and BLG in prosecuting Plaintiff's claims.  *See* Affidavit of Mark J. Bourassa, and Affidavit of Curtis Coulter, attached hereto as Exhibits 1 and 2.  As will be more fully explained below, this amount is reasonable and should be awarded to Plaintiff and her counsel.

**B. The Fees Requested Are Reasonable When Analyzed Pursuant to the Factors set forth in District of Nevada LR 54-16.**

**1.  The Results Obtained and the Amount Involved.**

This factor is addressed in paragraph 7 of the Affidavit of Mark J. Bourassa. *See* Exhibit 1.

BLG has obtained a recovery $516,000.00 for Plaintiff in connection with her FDCPA

- 4 -

1 and racketeering claims. This result is exceptional, and would not have been obtained but for

2 the development and presentation of this case by BLG through motions and trial. Having put

3 forth extensive work with an exceptional result, Plaintiff's counsel's fees are reasonable.

### 2. The Time and Labor Involved.

This factor is addressed in the Affidavit of Mark J. Bourassa in paragraph 10. *See*

Exhibit 1.

This case has been ongoing since May of 2008. *See* Doc. No. 1. Since being retained in

this matter on February 2013, BLG has expended 325.60 hours of attorney time, and 91.80

hours of paralegal time in prosecuting this action. This includes time spent by several of BLG's

attorneys and paralegals.[1]

The fees sought in this case are based upon the hours actually spent by Plaintiff's

counsel in this matter, and are directly attributed to Defendants' litigation strategy in this case.

Defendants' liability to Plaintiff with respect to her claim for violation of 15 U.S.C. § 1692e(11)

was established in July of 2013. Thus, Defendants have known (or should have known) that

they would be liable to Plaintiff for, at a minimum, her reasonable attorney fees and costs in

connection with determining the amount of that liability. *See* 15 U.S.C. § 1692k(a).

Nevertheless, Defendants persisted in litigating this matter for another 18 months, and bringing

---

[1] While Plaintiff seeks fees on behalf of one attorney who is licensed in states other than Nevada, this is entirely proper. This attorney, Hillary Ross, rendered limited legal support in the form of brief writing and legal research from the Firm's Denver office under the direct supervision of Mr. Bourassa. Ms. Ross did not sign pleadings or appear before the court, had minimal, non-exclusive contact with Plaintiff, and all work performed by her was reviewed by Mr. Bourassa, an attorney licensed to practice in Nevada. *See* Exhibit 1 at ¶ 12; *see also, e.g., Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 825 (9th Cir. 2009)(allowing out of state attorney to recover fees where he did not sign pleadings, appear before the court, had non-exclusive contact with the clients, and a licensed attorney remained responsible for his work); *Aiello v. Windham Profs., Inc.*, 2010 WL 4942755 at *3 (D. Ariz. Nov. 24, 2010) ("[I]t does not appear that outside counsel engaged in the unlawful practice of law, as they did not physically appear before the district court or sign pleadings. Rather, they had minimal, nonexclusive contact with Plaintiff, and the Arizona-licensed attorney remained responsible to Plaintiff. Therefore, Plaintiff can collect fees incurred by these lawyers.").

this matter to trial.

It is also important to note that the fees sought actually present a rather substantial discount to Defendants. Coulter performed a significant amount of work on this matter for nearly four years, including drafting the initial and amended complaints, responding to motions to dismiss, and handling the entire discovery process including the filing of discovery-related motions. Plaintiff is not, however, seeking to recover the fees incurred by Coulter as a result of his work on this case—only Coulter's costs. Moreover, Plaintiff represented herself for a period of approximately six months, which included the drafting of and response to cross motions for summary judgment. As Plaintiff is not able to recover attorney fees for these efforts she made in this case, the fees sought by Plaintiff are extremely reasonable under the circumstances.

### 3. The Novelty and Difficulty of the Questions Involved.

This factor is addressed in the Affidavit of Mark J. Bourassa in paragraph 8. *See* Exhibit 1.

The claims in this case presented complex issues relating to the intersection between the foreclosure process and the collection process regulated by the FDCPA, as well as novel issues relating to the legality of Defendants' liens on Plaintiff's properties for the costs of collection and attorney fees. Moreover, litigating these claims involved review of several thousand pages of documents, several motions, including cross motions for summary judgment, as well as a 5-day jury trial. Given the amount of work performed by BLG, Plaintiff's requested fees are reasonable.

### 4. The Skill Requisite to Perform The Legal Service Properly.

This factor is addressed in the Affidavit of Mark J. Bourassa in paragraph 17, as well as section 3, above. *See* Exhibit 1.

//

- 6 -

### 5. The Preclusion of Other Employment by the Attorney due to Acceptance of the Case.

This factor is addressed in the Affidavit of Mark J. Bourassa in paragraph 18. *See* Exhibit 1.

While BLG was not precluded from taking other matters throughout the more than two years it represented Plaintiff, it is important to note that BLG is not a large law firm. There are only six attorneys (including one attorney located in Colorado). The trial in this matter took all the time and focus of two of those attorneys, Mark Bourassa and Trent Richards, for five days. In addition, a third attorney, Hillary Ross, devoted a substantial amount of time to preparation for trial and providing trial support in the form of brief writing and research. This significantly impacted the firm's ability to devote time and attention to other matters during the trial in this matter.

### 6. The Customary Fee.

This factor is addressed in the Affidavit of Mark J. Bourassa in paragraph 4. *See* Exhibit 1.

Attorney fees in FDCPA cases are to be based upon the actual fees incurred by plaintiff's counsel. "In order to encourage able counsel to undertake FDCPA cases, as congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases." *Tolentino*, 46 F.3d at 652; *see also Semar v. Platte Valley Fed. Sav. & Loan Ass'n*, 791 F.2d 699, 706 (9th Cir.1986). This is due to the fact that enforcement of a plaintiff's rights under the FDCPA through the courts is prohibitively expensive.

It is well established that district courts are to begin their calculation of an award of attorney fees by multiplying the number of hours the prevailing party's attorney reasonably spent by a reasonable hourly rate. *Camacho*, 523 F.3d at 978. There exists a strong presumption

- 7 -

that this lodestar amount represents an adequate and proper fee award. *Hensley v. Eckhart*, 461 U.S. 424, 533 (1983).

Here, the fees sought by Plaintiff are based upon the actual time spent by her counsel in this matter, and are presumptively reasonable.

### 7. Whether the Fee is Fixed or Contingent.

This factor is addressed in the Affidavit of Mark J. Bourassa in paragraph 4. *See* Exhibit 1.

BLG and Plaintiff entered into a modified hourly/contingent fee contract which, in pertinent part, allows BLG to recover its fees incurred on an hourly basis at $350 per hour for attorney work and $125 per hour for paralegal work. BLG also agreed to defer all billing in this matter until the matter concluded, and agreed to seek its fees from Defendant pursuant to statute.

### 8. The Time Limitations Imposed by the Client or the Circumstances.

This factor is addressed in the Affidavit of Mark J. Bourassa in paragraph 6. *See* Exhibit 1.

### 9. The Experience, Reputation, and Ability of the Attorneys.

This factor is addressed in the Affidavit of Mark J. Bourassa in paragraphs 11-14. *See* Exhibit 1. As detailed therein, BLG counsel is experienced in litigation on behalf of consumers, including FDCPA claims and construction defect claims on behalf of both individuals and on a class basis.

### 10. The Undesirability of the Case, if any.

This factor is addressed in the Affidavit of Mark J. Bourassa in paragraphs 2, 3, and 6. *See* Exhibit 1.

Plaintiff's case was not particularly undesirable given that FDCPA and racketeering claims have fee shifting provisions. However, Plaintiff's prior counsel did withdraw from

- 8 -

representing her in this matter, and Plaintiff was thereafter *pro se* for approximately six months. When BLG began representing Plaintiff, discovery had already closed, and BLG had to immediately file a reply in support of Plaintiff's pro se summary judgment motion.

### 11. The Nature and Length of the Professional Relationship With the Client.

This factor is addressed in the Affidavit of Mark J. Bourassa in paragraph 4. *See* Exhibit 1.

BLG has represented Plaintiff since February of 2013. BLG represents Plaintiff in two other related matters in addition to this case.

### 12. Awards in Similar Cases.

This factor is addressed in the Affidavit of Mark J. Bourassa in paragraph 17. *See* Exhibit 1.

The rates requested by BLG—$350 per hour for attorneys, and $125 per hour for paralegals—are reasonable, and have been approved by this Court previously. *See Calvert v. Alessi & Koenig, LLC*, 2013 WL 3833053 at *2 (D. Nev. 2013) (awarding Plaintiff's counsel fees in an FDCPA case at $350 per hour for attorneys and $125 per hour for paralegals). Most recently, in July of 2014, this Court approved an award of attorney fees to Plaintiff's counsel at the same rates requested here in *Schmidt v. Red Rock Financial Services, LLC*, District of Nevada Case No. 2:12-cv-01773-JCM-PAL. Indeed, courts have found an attorney fee award of $400 per hour reasonable in a FDCPA case. *See, e.g., Shelago v. Marshall & Ziolkowski Enter. LLC*, 2009 WL 1097534 (D. Ariz. 2009); *see also St. Bernard v. State Collection Service, Inc.* 782 F.Supp.2d 823, 827 (D. Ariz. 2010) ($350 per hour rate is reasonable for FDCPA claims).

//

//

- 9 -

**C.    It Is Defendants' Burden To Establish Any Reduction In Attorney's Fees.**

It has generally been recognized in the fee-shifting statutes such as those at issue here that "a party advocating the reduction of the lodestar amount bears the burden of establishing that a reduction is justified." *United States Football League v. National Football League,* 887 F.2d 408, 413 (2d Cir. 1989), cert. denied, 493 U.S 1071 (1990) (awarding $5,500.00 in fees on $3 recovery) cited in *Grant v. Martinez,* 973 U.S 96, 101 (2d Cir. 1992). The burden of proof is on the opponent to present specific evidence that a lower amount is appropriate. *See, e.g,* D. Nev. LR 54-16(e); *see also United States Football League,* 887 F.2d at 413; *Gates v. Deukmejian,* 987 F.2d 1392, 1397-98 (9th Cir. 1992) (fee opponent must submit evidence); and *Brinker v. Giuffrida,* 798 F.2d 661, 668 (3d Cir. 1986) ("[T]here is ordinarily no reason for a court to disregard uncontested affidavits of a fee applicant."). Accordingly, unless Defendants are able to meet this burden, this Court should accept Plaintiff's lodestar and award the attorney fees and costs sought.

**C.    Plaintiff Requests Reimbursement For Costs Expended.**

Plaintiff also seeks $22,656.04 in litigation costs incurred by Plaintiff as set forth in detail in Plaintiff's Bill of Costs on file in this matter. Plaintiff's Bill of Costs is attached hereto as **Exhibit 3**, and is being submitted separately.

**D.    Plaintiff Is Entitled To An Award Of Pre- and Post-Judgment Interest.**

28 U.S.C. § 1961 provides for an award of post-judgment interest on civil judgments "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of judgment." 28 U.S.C. § 1961(1). In addition, "[t]he Court may award prejudgment interest as part of the relief." *F.T.C. v. Grant Connect, LLC,* 827 F. Supp. 2d 1199, 1234 (D. Nev. 2011) *aff'd in part, vacated in part,* 763 F.3d 1094 (9th Cir. 2014). "Under federal law the rate of

prejudgment interest is the Treasury Bill rate as defined in 28 U.S.C. § 1961 unless the district court finds on substantial evidence that a different prejudgment interest rate is appropriate." *U.S. v. Gordon*, 393 F.3d 1044, 1058 n. 12 (9th Cir. 2004); *see also Blanton v. Anzalone*, 813 F.2d 1574, 1576 (9th Cir. 1987) (awarding prejudgment interest pursuant to 28 U.S.C. § 1962).

Courts have awarded prejudgment interest in connection with FDCPA and consumer fraud claims. See Grant Connect, LLC, 827 F. Supp. 2d at 1199 (awarding prejudgment interest for violation of the FTC Act); *see also Fagan v. Lawrence Nathan Associates, Inc.*, 957 F. Supp. 2d 784, 806 (E.D. La. 2013) (awarding prejudgment interest on award under FDCPA pursuant to 28 U.S.C. § 1961); *Sterling v. Am. Credit & Collections, LLC*, No. 11-CV-03113-DME-BNB, 2012 WL 3553757, at *5 (D. Colo. Aug. 16, 2012) (awarding pre-judgment interest as to award under FDCPA "in light of the statute's consumer protection purpose, and to effect the 'full compensation' of Plaintiff for the legal injury caused…."); *Jones v. Lockhart, Morris & Montgomery, Inc.*, No. 1:11-CV-373, 2012 WL 1580759, at *6 (E.D. Tex. Feb. 3, 2012) *report and recommendation adopted*, No. 1:11-CV-373, 2012 WL 1580636 (E.D. Tex. May 4, 2012) (awarding pre-judgment interest at the rate set forth in 28 U.S.C. § 1961).

Therefore, Plaintiff requests that the Court award her pre-judgment interest from July 14, 2009 (the date that Alessi Trustee Corporation and Alessi & Koenig were made Defendants in this matter) as well as post-judgment interest at the rates proscribed in 28 U.S.C. § 19161(1).

**III.    Conclusion.**

For all the foregoing reasons, Plaintiff requests that this Honorable Court award Plaintiff $125,435.00 in fees, representing 325.60 attorney hours at $350 per hour, and 91.80 paralegal hours at $125 per hour, as well as $22,656.04 in costs, representing $15,535.46 in costs incurred by BLG and $7,120.58 in costs incurred by Coulter. Plaintiff also requests an award of pre- and post-judgment interest.

Plaintiff therefore requests a final judgment be entered in her favor and against Defendants, and each of them, as follows:

1.      The principal amount of Five Hundred Sixteen Thousand Dollars ($516,000.00);

2.      Reasonable attorney fees in the amount of One Hundred Twenty-Five Thousand Four Hundred Thirty-Five Dollars ($125,435.00); and

3.      Costs incurred herein in the amount of Twenty-Two Thousand Six Hundred Fifty-Six Dollars and Four Cents ($22,656.04),

for a total judgment of **Six Hundred Sixty-Four Thousand Ninety-One Dollars and Four Cents ($664,091.04).**

Plaintiff also requests that the Court award pre-judgment interest from July 14, 2009 to the date of the final judgment in this matter, as well as post-judgment interest from the date of judgment until such judgment is satisfied at the rate set forth in 28 U.S.C. § 1961(1), compounded annually.

DATED this 25th day of February, 2015.

**THE BOURASSA LAW GROUP, LLC**

/s/ Mark J. Bourassa

MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
TRENT L. RICHARDS, ESQ.
Nevada Bar No. 11448
*Attorneys for Plaintiff*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **MOTION FOR ATTORNEY FEES, COSTS, AND PRE- AND POST-JUDGMENT INTEREST** was electronically filed this 25th day of February, 2015, and is available for viewing and downloading from the ECF System of the United States District Court for the District of Nevada.

The undersigned further certifies that a true and correct copy of the foregoing document was served by mailing a copy thereof, first class mail, postage prepaid, this 25th day of February 2015 as follows:

Robert A. Koenig, Esq.
Alessi & Koenig, LLC
9500 W Flamingo, Suite 100
Las Vegas NV 89147

Tom Bayard, Esq.
David Alessi, Esq.
Alessi & Bayard
556 N Diamond Bar Blvd,, Suite 300
Diamond Bar, CA  91765

_s/s Hilary Steward_
An employee of
The Bourassa Law Group, LLC

- 13 -