UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MELINDA ELLIS, | ) |
|     Plaintiff, | ) 3:09-CV-0428-LRH-WGC |
| v. | ) |
| ALESSI TRUSTEE CORPORATION; *et al.*, | ) ORDER |
|     Defendants. | ) |

Before the court is defendants Alessi Trustee Corporation ("ATC") and Alessi & Koenig, LLC's ("A&K") renewed motion for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure. Doc. #205.[1] Plaintiff Melinda Ellis ("Ellis") filed an opposition to the motion. Doc. #208.

**I.   Facts and Procedural History**

In January 2000, plaintiff Ellis purchased real property in the Arrow Creek subdivision of Washoe County, Nevada. In December 2000, Ellis purchased another property in the same subdivision. Both properties were subject to recorded Covenants, Conditions, and Restrictions ("CC&Rs") which include the collection of homeowner's association ("HOA") dues for the care and maintenance of the subdivision.

///

---

[1] Refers to the court's docket number.

In early 2008, Ellis defaulted on her HOA obligations for both properties. In response, Arrow Creek retained defendant A&K, along with its separately formed collection services company defendant ATC to collect on Ellis' delinquent assessments. ATC and A&K contacted Ellis to collect then began non-judicial foreclosure proceedings against her in an attempt to collect the delinquent assessments. During this process, defendants sent Ellis collection notices and recorded liens against the properties in ever increasing amounts as defendants added their own costs and fees to the collection amounts.

On July 15, 2009, Ellis filed a complaint against ATC and A&K alleging three causes of action: (1) breach of fiduciary duty; (2) violation of the Fair Debt Collection Practices Act ("FDCPA"); and (3) civil racketeering. Doc. #1, Exhibit A.

A jury trial was held on Ellis' claims from January 20, 2015, through January 26, 2015. Upon the close of Ellis' case in chief, defendants moved for judgment as a matter of law on Ellis' claims. The court granted the motion as to Ellis' breach of fiduciary duty claim but denied the motion as to the civil racketeering and FDCPA claims. On January 26, 2015, the jury returned a verdict in favor of Ellis on her remaining claims. Thereafter, defendants filed the present renewed motion for judgment as a matter of law. Doc. #205.

**II.   Legal Standard**

Under Rule 50(b), after the court enters judgment, a party may file a renewed motion for judgment as a matter of law. Rule 50 provides that judgment as a matter of law is appropriate if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." FED. R. CIV. P. 50(a)(1). Under Rule 50, the court reviews whether "substantial evidence" supports the jury verdict. *See Hagen v. City of Eugene*, 736 F.3d 1251, 1256 (9th Cir. 2013). A verdict is not supported by substantial evidence "when the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, which is contrary to the jury's verdict." *Id*. In other words, Rule 50 "allows the trial court to remove cases or issues from the jury's consideration when the facts are sufficiently clear that the law requires a particular

result." *Weisgram v. Marley Co.*, 528 U.S. 440, 448 (2000).

**III.    Discussion**

In its renewed motion for judgment as a matter of law, defendants challenge the jury's verdict as to the civil racketeering claim and the jury's award of punitive damages. *See* Doc. #205. Specifically, ATC and A&K contend that there is insufficient evidence to support the jury's finding that either defendant engaged in civil racketeering. Further, defendants contend that there is insufficient evidence to support the jury's award of punitive damages. Each separate challenge is addressed below.

**1.    Civil Racketeering**

In order to prevail on a claim for civil racketeering, a plaintiff must prove: (1) that the defendant(s) engaged in at least two crimes related to acts of racketeering; (2) the time, place and manner of each act; and (3) damages. *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989).

In her complaint, Ellis brought her civil racketeering claim under Nevada law pursuant to NRS 207.350 *et seq*. NRS 207.360 lists all predicate acts which support a civil racketeering claim under Nevada law. These predicate acts include "obtaining possession of money or property valued at $650 or more . . . by false pretenses." NRS 207.360(26). False pretenses is defined as an intent to defraud through a written false representation which causes reliance on that representation by the victim.

In their motion, defendants argue that there was no evidence presented at trial that either ATC or A&K engaged in any false written representation in order to obtain money from Ellis and therefore, the jury's verdict of civil racketeering is unsupported by the evidence. *See* Doc. #205. The court disagrees.

The court has reviewed the evidence and testimony submitted at trial and finds that there is sufficient evidence to support the jury verdict on civil racketeering as to both defendants. For example, with respect to ATC, Ellis introduced evidence at trial that ATC demanded ever

3

increasing amounts for her allegedly unpaid assessments that far surpassed the amount at which her delinquent assessments were growing. In particular, Ellis introduced evidence that in June of 2007, ATC recorded a lien against one of her properties for $1,962.58. Yet, only one month later, ATC recorded a new notice of default and election to sell on that same property in the amount of $3,000.63, far more than the $150 increase for a single month of unpaid assessments. Ellis testified that ATC never explained this increase and simply demanded that the new amount was now payable and due. Similarly, Ellis testified that ATC's demand had ballooned to $8,948.33 - more than three times the amount she actually owed for the delinquent HOA dues - by April 16, 2008, less than a year later. Further, Ellis testified that despite setting up and accepting a payment plan to prevent losing her house, ATC set a trustee's sale before the first payment was even due. The court finds that this evidence was sufficient evidence for the jury to determine that defendant ATC was acting under false pretenses in trying to get Ellis to pay for costs and attorney's fees incurred by ATC that were never explained or authorized in any of the collection notices or liens.

Ellis presented similar evidence as to defendant A&K. For example, Ellis proffered evidence that A&K recorded two liens against one of her properties in November 2008. One was for $7,021.28 on November 18, 2008 and the other was for $10,491.07 on November 20, 2008, only two days later. Ellis testified that as before, there was no explanation for the drastic increase of $3,000 in only two days time. Thus, Ellis introduced substantial evidence that, just like defendant ATC, A&K inflated the amounts due from Ellis in an attempt to obtain money in an amount greater than $650 from her. Taking all of the evidence together, the court finds that the evidence was sufficient to support the jury verdict.

**2. Punitive Damages**

In order to support an award of punitive damages, a plaintiff must establish by clear and convincing evidence that defendant(s) acted with oppression, fraud, or malice. NRS 42.005. Here, defendants argue that there is no evidence to support the jury's finding in this case that either defendant acted with oppression, fraud, or malice. Rather, defendants argue that any conduct was

1  simply the result of mistake and therefore the jury's verdict awarding punitive damages is not
2  supported by the evidence and should be thrown out.
3       The court disagrees. Initially, the court notes that at no time did defendants move for
4  judgment as a matter of law with respect to Ellis' punitive damages claim. As such, defendants are
5  precluded from challenging the punitive damages award as a matter of law. *See E.E.O.C. v. Go*
6  *Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) ("Because it is a renewed motion, a proper
7  post-verdict Rule 50(b) motion is limited to the grounds asserted in the pre-deliberation Rule 50(a)
8  motion. Thus, a party cannot properly 'raise arguments in its post-trial motion for judgment as a
9  matter of law under Rule 50(b) that it did not raise in its preverdict Rule 50(a) motion.'").
10      Additionally, as addressed above, Ellis introduced substantial evidence demonstrating that
11 defendants acted with both fraud and malice in their attempts to collect monies above the amount
12 owed on Ellis' delinquent HOA assessments. Therefore, the court shall deny defendants' motion.

14      IT IS THEREFORE ORDERED that defendant's renewed motion for judgment as a matter
15 of law (Doc. #205) is DENIED.
16      IT IS SO ORDERED.
17      DATED this 13th day of June, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE