UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MELINDA ELLIS, ) | |
| ) | |
| Plaintiff, ) | 3:09-CV-0428-LRH-WGC |
| ) | |
| v. ) | |
| ) | ORDER |
| ALESSI TRUSTEE CORPORATION; ) | |
| DAVID ANTHONY ALESSI; and ALESSI & ) | |
| KOENIG, LLC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the court is plaintiff Melinda Ellis' ("Ellis") motion for attorney's fees, costs, and pre-and post-judgment interest. Doc. #207.[1] Defendants Alessi Trustee Corporation ("ATC") and Alessi & Koenig, LLC. ("A&K") have filed an opposition (Doc. #212) to which Ellis replied (Doc. #213).

**I.   Facts and Procedural History**

In January 2000, plaintiff Ellis purchased real property in the Arrowcreek subdivision of Washoe County, Nevada. In December 2000, Ellis purchased another property in the same subdivision. Both properties were subject to recorded Covenants, Conditions, and Restrictions ("CC&Rs") which include the collection of homeowner's association ("HOA") dues for the care and maintenance of the subdivision.

---

[1] Refers to the court's docket number.

In early 2008, Ellis defaulted on her HOA obligations for both properties. In response, Arrowcreek retained defendant A&K, along with its separately formed collection services company defendant ATC, to collect on Ellis' delinquent assessments. ATC and A&K then contacted Ellis and began non-judicial foreclosure proceedings against her in an attempt to collect the delinquent assessments. During this process, defendants sent Ellis collection notices and recorded liens against the properties in ever increasing amounts as defendants added their own costs and fees to the delinquent amounts.

On July 15, 2009, Ellis filed a complaint against ATC and A&K alleging three causes of action: (1) breach of fiduciary duty; (2) violation of the Fair Debt Collection Practices Act ("FDCPA"); and (3) civil racketeering. Doc. #1, Exhibit A. A jury trial was held on Ellis' claims from January 20, 2015, through January 26, 2015. On January 26, 2015, the jury returned a verdict in favor of Ellis on her remaining claims. Doc. #196. Thereafter, Ellis filed the present motion for attorney's fees. Doc. #207.

**II.   Discussion**

In her motion, Ellis seeks an award of attorney's fees in the amount of $125,435.00 pursuant to 15 U.S.C. § 1692k(a). *See* Doc. #207. Ellis also seeks an award of costs in the amount of $22,656.04 split between Ellis' current counsel in the amount of $15,535.46 and Ellis' former counsel in the amount of $7,120.58. *Id*. Finally, Ellis is seeking an award of pre-and post-judgment interest. *Id*. The court shall address each request below.

**A.  Attorney's Fees**

Under the FDCPA, any debt collector found liable for violating the act is responsible for the plaintiff's costs and reasonable attorney's fees as determined by the court. 15 U.S.C. § 1692k(a). An award of attorney's fees under Section 1692k(a) is mandatory. *See e.g., Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citations and quotation marks omitted).

Here, Ellis requests $125,435 in fees. The total fee award is based on 325.60 hours of attorney time billed at $350 per hour and 91.80 hours of paralegal time billed at $125 per hour. The

court finds that the billable rates requested along with the total time worked are reasonable for the work produced in this matter and the fact that the action ultimately went to a jury. Further, the court notes that comparable awards have been awarded in other FDCPA cases in this district. *See e.g., Calvert v. Alessi & Koenig, LLC*, 2013 WL 3833053, at *2 (D. Nev. 2013) (awarding plaintiff's counsel fees in an FCDPA case at a reasonable $350 per hour for attorney work and $125 per hour for paralegal work). Finally, Ellis has complied with the requirements of Local Rule 54-16 by providing the court with a "reasonable itemization and description of the work performed." Therefore, the court shall grant Ellis' motion for an award of attorney's fees in the amount of $125,435.00.

**B. Costs**

In her motion, Ellis also seeks an award of costs in the amount of $22,656.04. *See* Doc. #207. Generally, Rule 54 of the Federal Rules of Civil Procedure governs the awarding of costs to a prevailing party. *See* Fed. R. Civ. P. 54. Further, costs are also awarded to a prevailing party under the FDCPA. *See* 15 U.S.C. § 1692k(a). In this district, a prevailing party seeking an award of costs must serve and submit a bill of costs to the clerk. *See* LR 54-1.

Here, Ellis has submitted a bill of costs for the requested amount and provided the requisite documentation of her costs. *See* Doc. #206. Further, defendants have not filed any objection to the requested costs. Therefore, the court shall grant Ellis' motion and award her costs in the amount of $22,656.04.

**C. Pre-and Post-judgment Interest**

28 U.S.C. § 1961 provides for an award of post-judgment interest on all civil judgments. Similarly, under this statute, a court may also award pre-judgment interest. *See F.T.C. v. Grant Connect, LLC*, 827 F. Supp. 2d 1199, 1234 (D. Nev. 2011). The purpose of an award of pre-judgment interest is to fully compensate the plaintiff for an injury and is especially appropriate in actions under consumer protection statutes, like the FDCPA. *See Sterling v. Am. Credit & Collections, LLC*, 2012 WL 3553757, at *5 (D. Colo. 2012).

Here, the court finds that an award of both pre-and post-judgment interest is appropriate in this action and consistent with similar awards in FDCPA cases. *See Sterling*, 2012 WL 3553757, at *5; *see also, Jones v. Lockhart, Morris & Montgomery, Inc.*, 2012 WL 1580759, at *6 (E.D. Tex. 2012). Therefore, the court shall award pre-judgment interest at the Treasury Bill rate as defined in 28 U.S.C. § 1961 from July 14, 2009 - the date that defendants were served in this matter - and post-judgment interest at the rate identified in 28 U.S.C. § 1961 from the date of judgment.

IT IS THEREFORE ORDERED that plaintiff's motion for attorney's fees, costs, and pre- and post-judgment interest (Doc. #207) is GRANTED in accordance with this order. The clerk of court shall enter an award of attorney's fees in the amount of $125,435.00 and an award of costs in the amount of $22,656.04 in favor of plaintiff Melinda Ellis and against defendants Alessi Trustee Corporation and Alessi & Koenig, LLC jointly and severally.

IT IS FURTHER ORDERED that the clerk of court shall enter an award of pre-judgment interest in the amount identified in 28 U.S.C. § 1961 in favor of plaintiff Melinda Ellis and against defendants Alessi Trustee Corporation and Alessi & Koenig, LLC jointly and severally from July 14, 2009 to the date of final judgment in this matter.

IT IS FURTHER ORDERED that the clerk of court shall enter an award of post-judgment interest in the amount identified in 28 U.S.C. § 1961 in favor of plaintiff Melinda Ellis and against defendants Alessi Trustee Corporation and Alessi & Koenig, LLC jointly and severally from the date of judgment until such judgment is satisfied.

IT IS SO ORDERED.

DATED this 25th day of June, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE