UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MELINDA ELLIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALESSI TRUSTEE CORPORATION; DAVID ANOTHONY ALESSI; ALESSI & KOENIG, LLC; and DOES I through XX,<br><br>Defendants. | 3:09-cv-0428-LRH-WGC<br><br><br>ORDER |

Before the court is plaintiff Melinda Ellis' ("Ellis") motion for an order to show cause for failure to comply with the court's order. ECF No. 236. Defendants Alessi Trustee Corporation ("ATC"), David Anthony Alessi ("Alessi"), and Alessi & Koenig LLC ("A&K") (collectively "Defendants"), filed an affidavit from Alessi in opposition to the motion for order to show cause (ECF No. 237), but did not file an actual opposition containing any points and authorities. Thereafter, Ellis filed a notice of non-opposition. ECF No. 239.

**I.     Facts and Procedural History**

In January 2000, Ellis purchased real property in the Arrow Creek subdivision of Washoe County, Nevada. In December 2000, Ellis purchased another property in the same subdivision. Both properties were subject to recorded Covenants, Conditions, and Restrictions ("CC&Rs") which include the collection of homeowner's association ("HOA") dues for the care and maintenance of the subdivision.

1    In early 2008, Ellis defaulted on her HOA obligations for both properties. In response, Arrow Creek retained defendant A&K, along with its separately formed collection services company defendant ATC to collect on Ellis' delinquent assessments. ATC and A&K contacted Ellis to collect on the HOA dues and then began non-judicial foreclosure proceedings against her in an attempt to collect the delinquent assessments. During this process, defendants sent Ellis collection notices and recorded liens against the properties in ever increasing amounts as defendants added their own costs and fees to the collection amounts.

On July 15, 2009, Ellis filed a complaint against defendants alleging three causes of action: (1) breach of fiduciary duty; (2) violation of the Fair Debt Collection Practices Act ("FDCPA"); and (3) civil racketeering. ECF No. 1, Exhibit A.

A jury trial was held on Ellis' claims from January 20, 2015, through January 26, 2015. Upon the close of Ellis' case in chief, defendants moved for judgment as a matter of law on Ellis' claims. The court granted the motion as to Ellis' breach of fiduciary duty claim but denied the motion as to the civil racketeering and FDCPA claims. On January 26, 2015, the jury returned a verdict in favor of Ellis on her remaining claims, and awarded her approximately $233,000.00 in damages.

Following the verdict, the parties reached an agreement regarding a stay of the judgment pending defendants' appeal. ECF No. 23. The parties' stipulation included terms stating that A&K would make certain monthly payments to Ellis pending defendants' appeal and Ellis would be granted a first priority security interest in certain parcels of real property owned by defendants. *Id.* The parties' stipulation was approved by the court on December 16, 2015. ECF No. 235. Since the stipulation, A&K has only made two monthly payments to Ellis, has not granted a first priority security interest in any property, and has indicated that it will not be granting any security interest to Ellis. Thereafter, Ellis filed the present motion for order to show cause. ECF No. 236.

///

///

**II.     Discussion**

Pursuant to Title 18, United States Code, Section 401, a court may hold any party in civil contempt who fails to comply with or violates a court order. 18 U.S.C. § 401(3). A party violates a court order when "it fails to take all the reasonable steps within [its] power to insure compliance." *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987). A party seeking an order of contempt has the burden to show, by clear and convincing evidence, that the opposing party violated a specific and definite order of the court. *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). A party moving for an order to show cause for contempt of a court order must establish that defendant willfully violated a court order and that the violation was not based on a good faith or reasonable interpretation of the order. *See United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010).

Here, Ellis seeks an order to show cause because defendant A&K is not complying with the court's order on the parties' stipulation to stay judgment pending appeal. In opposition, defendants state in their affidavit that their agreement to grant a first priority security interest in the form of a deed of trust was an "agreement to agree" rather than an agreement itself. This court disagrees. The parties clearly made an agreement which was signed by both parties, filed before this court, and then executed into an order by this court. ECF No. 233; ECF No. 235. This agreement included an obligation to make monthly payments to Ellis and the granting of a first priority security interest in certain real property. While defendants have made some payments and kept in contact with Ellis, they have not made all payments required. Furthermore, they have not granted a first priority security interest to Ellis, and have indicated to Ellis that they will not be doing so.  Accordingly, the court finds good cause exists for an order to show cause why defendants should not be held in contempt of court for violation of the court's order.

///

///

IT IS THEREFORE ORDERED that plaintiff's motion for order to show cause (ECF No. 236) is GRANTED.

IT IS FURTHER ORDERED that defendants shall have fourteen (14) days from entry of this order to show cause as to why they are not complying with the court's December 16, 2015 order.

IT IS SO ORDERED.

DATED this 26th day of July, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE