UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MELINDA ELLIS,

    Plaintiff,

v.

ALESSI TRUSTEE CORPORATION;
DAVID ANTHONY ALESSI; and ALESSI
& KOENIG LLC,

    Defendants.

Case No. 3:09-cv-00428-LRH-WGC

ORDER

This is an order in response to plaintiff Melinda Ellis's ("Ellis") February 26, 2016 motion for an order to show cause related to defendant Alessi & Koenig, LLC's ("A&K") failure to abide by a stipulated stay of judgment. ECF No. 236.

I. **Facts and Procedural History**

This action has an extensive litigation history. In brief, Ellis purchased real property within the Arrowcreek subdivision in Washoe County, Nevada. Arrowcreek is governed by a homeowner's association ("HOA") which charges dues to all residents that live within the subdivision. Ellis became delinquent and defaulted on her HOA dues. Defendants Alessi Trustee Corporation ("ATC")[1] and A&K,[2] acting as the various participants in collecting delinquent HOA dues on behalf of the HOA, sent multiple letters to Ellis regarding the debt.

---

[1] Defendant ATC is a company located in Las Vegas, Nevada, and primarily operates as an adjustment and collection services business which works with Homeowner's Associations to collect on delinquent HOA dues.

[2] Defendant A&K is a law firm in the State of Nevada which acted as attorneys for the Homeowner's Associations when delinquency notices were sent out.

1

Ellis did not pay her back HOA dues. Eventually, a notice of default was recorded on her property along with a notice of trustee's sale.

On July 15, 2009, after the notice of trustee's sale, Ellis filed a complaint against defendants ATC, A&K, and David A. Alessi ("Alessi")[3] alleging three causes of action: (1) breach of fiduciary duty; (2) unfair debt collection practices in violation of 15 U.S.C. § 1692; and (3) racketeering. ECF No. 1, Ex. 1. Individual defendant Alessi filed a motion to dismiss (ECF No. 8) which was granted by the court after a stipulation between the parties (ECF No. 52).

A jury trial was held on Ellis's claims against defendant ATC and A&K in early January 2015. Ultimately, at the close of trial, the jury returned a verdict in favor of Ellis and awarded her $233,000.00 in damages against both ATC and A&K jointly. ECF No. 196. The court then granted Ellis's motion for attorney's fees and costs and awarded her approximately $145,000 in fees and costs. ECF No. 215. Judgment against ATC and A&K was entered in the amount of $381,091.04 plus post-judgment interest. ECF No. 218.

Following the jury verdict and judgment, the parties reached a stipulated agreement regarding a stay of the judgment. ECF No. 230. Under the parties' stipulation (1) Ellis would refrain from enforcing the judgment; (2) defendant A&K would execute a promissory note in the amount of $383,990.07 in favor of Ellis; (3) defendant A&K would grant Ellis a first priority security interest in the form of a deed of trust against real property identified as 9512 West Flamingo Road, Suite 100, Suite 101, and Suites 102-103; and (4) defendant A&K would make monthly payments to Ellis until the promissory note was repaid. *Id*. The parties' stipulation was approved by the court on December 16, 2015. ECF No. 235.

Since the stipulation, A&K has only made three payments to Ellis, has not granted a first priority security interest in the identified real property, and has indicated on multiple occasions to Ellis's counsel that it would not be granting any security interest as required under the stipulation. In response to A&K's continued conduct, Ellis filed a motion for an order to show cause in February 2016 (ECF No. 236), which was granted by the court (ECF No. 245).

---

[3] Individual defendant Alessi is the owner of ATC and the managing and founding partner of A&K.

In that order, A&K was ordered to show cause within fourteen (14) days as to why A&K was not complying with the parties' stipulation. *Id*. A&K did not respond to that order. Instead, on December 13, 2016, A&K filed for bankruptcy.

On August 22, 2017, Ellis filed a motion for a status check as no further action had been taken by either defendant ATC or A&K, and defendant A&K was still involved in bankruptcy proceedings. ECF No. 248. The court granted Ellis's motion and ordered defendants to respond within ten (10) days why they should not be held in contempt of court for violation of the court's orders. ECF No. 50. On September 25, 2017, dismissed defendant Alessi filed a response to the court's order (ECF No. 252) to which Ellis responded (ECF No. 255). Neither defendant ATC nor A&K filed any response to the court's order.

## II. Discussion

The issue before the court is how to proceed on Ellis's motion for an order to show cause which was granted by the court. It is undisputed that ATC and A&K have not responded to any of the court's orders over the last two years, even those prior to A&K's initiation of bankruptcy proceedings. If is further undisputed that A&K did not comply with the terms of the stipulated stay of judgment. Based on the record before the court and the clear indication that there was either fraud on behalf of defendants in drafting the stipulated stay of judgment or a mutual mistake by the parties as to the most basic components of the stipulated stay, the court finds that the most appropriate course of action is to vacate the stipulated stay (ECF No. 235) and allow Ellis to proceed in enforcing the judgment against both ATC and A&K.

From the record before the court it appears that defendants, including dismissed defendant Alessi as the manager/managing partner of A&K and ATC, negotiated the stipulated stay negligently, at a minimum, if not fraudulently. It is clear that defendants failed to secure the consent of the property owner of the identified properties, Profondo, LLC ("Profondo"), a Nevada limited liability company, to use the properties as security for the promissory note as defendants had claimed when initially negotiating the stipulation. In fact, Alessi now concedes that the properties which were intended to be pledged as security were not actually owned by any of the defendants at the time of the stipulation.

It also appears to the court that the stipulated stay was negotiated and drafted in such a manner as to make it impossible for A&K to comply with the agreement. In his response, Alessi claims that A&K reasonably believed that Profondo would be willing to pledge the properties to secure the A&K note, but that ultimately A&K was informed after the stipulation that Debra Pike, the manager of Profondo, was unwilling to consent to the pledge and refused to transfer the properties through no fault of A&K or the other defendants. However, this concession is disingenuous as Alessi was the manager and registered agent of Profondo for many years during the relevant time period. Further, for the filing year March 2015 through March 2016, the relevant time period of the parties' stipulation, Alessi signed Profondo's Nevada Secretary of State filing as Owner. Further, it has come to the court's attention that Debra Pike may also be related to Alessi. Thus, it appears that Alessi himself at least had control of the properties and the ability to pledge them as security on behalf of A&K had the stay been negotiated in good faith. Instead, Alessi and defendants negotiated and drafted the stay for the sole purpose of frustrating Ellis's ability to collect on the judgment.

Moreover, the evidence in this action establishes that Ellis entered into the stipulated stay of her enforcement of the judgment with the expressed expectation that the first deed of trust on the identified properties could be recorded and that A&K, through Alessi, had full power to comply with the negotiated stay of judgment. Therefore, based on the above record and the other evidence and documents submitted to the court, the court finds good cause exists to vacate the stipulated stay approved by the court (ECF No. 235) and lift the stay of judgment entered in this case.

IT IS THEREFORE ORDERED that the approved stipulation to stay judgment (ECF No. 235) is VACATED in accordance with this order, and the stay of judgment is LIFTED.

IT IS SO ORDERED.

DATED this 7th day of September, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE